United States District Court
Southern District of Texas
FILED

**MAY 0 5 2000**

Michael N. Milby
Clerk of Court

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RAUL RIVAS | { | |
| | { | CIVIL ACTION NO. B-00-060 |
| V. | { | |
| | { | |
| JOE LaBEAU; RUBEN DIAZ; | { | **A JURY IS DEMANDED** |
| AND THE CITY OF HARLINGEN | { | |

### DEFENDANTS' MOTION TO DISMISS UNDER FRCP 12(b)(6)

Charlie J. Cilfone (Atty-in-Charge)
Roger W. Hughes
ADAMS & GRAHAM, L.L.P.
P. O. Drawer 1429
Harlingen, TX 78551-1429
956/428-7495; FAX: 956/428-2954
RHughes@adamsgraham.com

Attorneys for Defendants, JOE LaBEAU;
RUBEN DIAZ; AND THE CITY OF
HARLINGEN

# TABLE OF CONTENTS

Page

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

I.    Statement of Nature and Stage of the Proceedings . . . . . . . . . . . . . . 1

II.   Statement of the Issues . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

III.  Plaintiff's Allegations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

IV.   Complaint Fails to Claims Under 42 U.S.C., § 1983 . . . . . . . . . . . . . . 4

      A.    Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

      B.    Plaintiff Is Limited To Fourth Amendment . . . . . . . . . . . . . . . . 4

      C.    Plaintiff Has No 5th Amendment Claims . . . . . . . . . . . . . . . . . 5

      D.    Plaintiff Has Failed to Plead Equal Protection Claim . . . . . . . . . . 5

      E.    Due Process Clause Does Not Support Malicious Prosecution Claim . 7

      F.    No Allegation That Prosecution
            Violated First Amendment Rights . . . . . . . . . . . . . . . . . . . . . 8

      G.    Plaintiff Failed to Allege a "Seizure"
            That Would Support A Fourth Amendment Claim . . . . . . . . . . . . 8

V.    Plaintiff's Petition Fails to State
      Facts Raising Claims Under 42 U.S.C., §§ 1985 and 1986 . . . . . . . . . . 9

      A.    Plaintiff Fails to Allege
            Actionable Conspiracy Under § 1985 . . . . . . . . . . . . . . . . . . . 9

      B.    Derivative Claim Under § 1986 Must Be Dismissed . . . . . . . . . . . 11

CitsPDF - www.fasoo.com

VI.   State Law Claims Must Be Dismissed . . . . . . . . . . . . . . . . . . . . . . . .   12

    A.   Sovereign Immunity bars claims against Defendant City . . . . . . . . .   12

    B.   Dismissal of Claims Against City Require
       Dismissal of Claims Against Individual Officers . . . . . . . . . . . . . .   13

    C.   Dismissal of State Law Claims Under 28 U.S.C., § 1367(c) . . . . . .   14

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   15

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   16

# INDEX OF AUTHORITIES

<u>Cites:</u>                                                                                          <u>Page</u>

*Albright v. Oliver*, 510 U.S. 266 (1994)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 7, 8

*Angel v. City of Fairfield*, 793 F.2d 737 (5th Cir. 1986)  . . . . . . . . . . . . . . . . . 6, 7

*Baker v. Putnal*, 75 F.3d 190 (5th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Benningfield v. City of Houston*, 157 F.3d 369
    (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1457 (1999)  . . . . . . . . . . . . . . . 9-11

*Blackburn v. City of Marshall*, 42 F.3d 925 (5th Cir. 1995) . . . . . . . . . . . . . . . 8

*Brand v. Savage*, 920 S.W.2d 672
    (Tex.App.-Houston [1st Dist.] 1995, no writ) . . . . . . . . . . . . . . . . . . . . . . 12

*Bray v. Alexandria Women's Health Clinic*,
    506 U.S. 263 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Britton v. Maloney*, 196 F.3d 24 (1st Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . 8, 9

*Callis v. Sellars*, 931 F.Supp. 504 (S.D.Tex. 1996) . . . . . . . . . . . . . . . . . . . . 13

*Callis v. Sellars*, 953 F.Supp. 793 (S.D.Tex. 1996) . . . . . . . . . . . . . . . . . . . . 12

*City of Hempstead v. Kmiec*, 902 S.W.2d 118
    (Tex.App.-Houston [1st Dist.] 1995, no writ) . . . . . . . . . . . . . . . . . . . . . . 12

*City of Lancaster v. Chambers*, 883 S.W.2d 650 (Tex. 1994) . . . . . . . . . . . . . . 12

*Colson v. Grohman*, 174 F.3d 498 (5th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . 8

*Dallas County MHMR v. Bossley*, 968 S.W.2d 339
    (Tex. 1998), *cert. denied*, 119 S.Ct. 541 (1998) . . . . . . . . . . . . . . . . . . . . 13

*Davis v. Township of Hillside*, 190 F.3d 167
    (3rd Cir. 1999), *cert. denied*, 120 S.Ct. 982 (1999) . . . . . . . . . . . . . . . . . 10

*Eugene v. Alief I.S.D.*, 65 F.3d 1299
(5th Cir. 1995), *cert. denied*, 517 U.S. 1191 (1996) . . . . . . . . . . . . . . . . 5, 8

*Evans v. Ball*, 168 F.3d 856 (5th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

*Galloway v. Louisiana*, 817 F.2d 1154 (5th Cir. 1987) . . . . . . . . . . . . . . . . . . 11

*Graham v. Connor*, 490 U.S. 386 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Green v. State Bar of Texas*, 27 F.3d 1083 (5th Cir. 1994) . . . . . . . . . . . . . . . . 11

*Guidry v. Bank of LaPlace*, 954 F.2d 278 (5th Cir. 1992) . . . . . . . . . . . . . . . . . 4

*Hennigh v. City of Shawnee*,
155 F.3d 1249 (10th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Hick v. Bexar County*, 973 F.Supp. 653
(W.D.Tex. 1997), *aff'd*, 137 F.3d 1352 (5th Cir. 1998) . . . . . . . . . . . . . . . 10

*Holland v. City of Houston*, 41 F.Supp.2d 678 (S.D.Tex. 1999) . . . . . . . . . . . 12, 13

*Hynson v. City of Chester Legal Dept.*,
864 F.2d 1026 (3rd Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Judge v. City of Lowell*,
160 F.3d 67 (1st Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

*Matherne v. Carpenter*, 54 F.Supp.2d 684 (E.D.La. 1999) . . . . . . . . . . . . . . . . 8, 9

*Mays v. TSI Staffing, Inc.*, 56 F.Supp.2d 738 (E.D.Tex. 1999) . . . . . . . . . . . . . . 11

*McClelland v. Gronvaldt*, 155 F.3d 507 (5th Cir. 1998) . . . . . . . . . . . . . . . . . 14

*McGregor v. La. State Univ.*, 3 F.3d 850 (5th Cir. 1993) . . . . . . . . . . . . . . . . 10

*Meadowbriar Home for Children, Inc. v. Gunn*,
81 F.3d 521 (5th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Medrano v. City of Pearsal*, 989 S.W.2d 141
(Tex.App.-San Antonio 1999, no pet.) . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Moor v. County of Alameda*, 411 U.S. 693 (1973) . . . . . . . . . . . . . . . . . . . . . . . 11

*Morin v. Caire*, 777 F.3d 116 (5th Cir., 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Newberry v. East Texas State Univ.*,
   161 F.3d 276 (5th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Pedraza v. Meyer*,
   919 F.2d 317 (5th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

*Personnel Administrator v. Feeney*, 442 U.S. 256 (1979) . . . . . . . . . . . . . . . . . . 6

*Posr v. Court Officer Shield #207*, 180 F.3d 409 (2nd Cir. 1999) . . . . . . . . . . . . 10

*Riggs v. City of Pearland*, 177 FRD 395 (S.D.Tex. 1997) . . . . . . . . . . . . . . . . . 10

*Samaad v. City of Dallas*,
   940 F.2d 925 (5th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5-7

*Thompson v. City of Starkville*,
   901 F.2d 456 (5th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Trerice v. Pedersen*, 769 F.2d 1398 (9th Cir. 1985) . . . . . . . . . . . . . . . . . . . . . 11

*Word of Faith Outreach Cent. Church, Inc. v. Sawyer*,
   90 F.3d 118 (5th Cir. 1996),
   *cert. denied*, 520 U.S. 1117 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Statutes:

      28 U.S.C., § 1367(c)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
      42 U.S.C., § 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3, 4
      42 U.S.C., § 1985 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 9-11
      42 U.S.C., § 1985(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
      42 U.S.C., § 1985(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10
      42 U.S.C., § 1985(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
      42 U.S.C., § 1986 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 11
      42 U.S.C., § 1988 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 11

<u>Texas Civil Practices & Remedies Code:</u>

§ 101.001 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
§ 101.057(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 12, 13
§ 101.106 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 13


<u>Texas Code of Criminal Procedure:</u>

Art. 23.03(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
Art. 23.04 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9


<u>Texas Penal Code:</u>

Art. 32.32 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
Art. 32.32(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
Rule 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 4, 5, 7


<u>United States Constitution:</u>

1st Amendment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 5, 8
4th Amendment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 8
5th Amendment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 5
14th Amendment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
14th Amendment, "Equal Protection" Clause . . . . . . . . . . . . . . . . . 2, 5, 10
14th Amendment, Due Process Clause . . . . . . . . . . . . . . . . . . . . . . 2, 7

3

United States District Court
Southern District of Texas
FILED

MAY 0 5 2000

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

RAUL RIVAS                          {
                                    {          CIVIL ACTION NO. B-00-060
V.                                  {
                                    {
JOE LaBEAU; RUBEN DIAZ;             {          **A JURY IS DEMANDED**
AND THE CITY OF HARLINGEN           {


### DEFENDANTS' MOTION TO DISMISS UNDER FRCP 12(b)(6)


TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Defendants CITY OF HARLINGEN, TEXAS; JOE LaBEAU,

RUBEN DIAZ, and file this their **DEFENDANTS' MOTION TO DISMISS UNDER**

**FRCP 12(b)(6)** and would show the Court as follows:

### I.  Statement of Nature and Stage of the Proceedings

Plaintiff Rivas sues for malicious prosecution under 42 U.S.C., § 1983.  Plaintiff

alleges that Defendants caused his prosecution for a misdemeanor, which criminal case

resulted in an acquittal.

Defendants move to dismiss the federal claims under Fed.R.Civ.Pr. 12(b)(6).  A

companion motion has been filed by Defendants LaBeau and Diaz based on qualified

immunity.

### II.  Statement of the Issues

1.      Whether Plaintiff's claims of malicious prosecution state claims under:

a)      the 5th Amend., U.S. Const.;

b)      the Due Process Clause, 14th Amend., U.S. Const.;

c)      the Equal Protection Clause, 14th Amend., U.S. Const.;

or

d)      the 1st Amend., U.S. Const.

2.      Whether Rivas' malicious prosecution claim states any claim of unreasonable seizure of his person in violation of the 4th Amend., U.S. Const.

3.      Whether Rivas' claim that city employees maliciously caused his prosecution states a violation of 42 U.S.C. §§ 1985 and 1986 because:

a)      Rivas fails to allege facts showing conspiracy;

b)      the individual "conspirators" all work for the same entity and cannot conspire with themselves; or

c)      there are no facts showing a denial of equal protection.

4.      Whether the state tort claims against the City are barred by sovereign immunity, which immunity is preserved by Tex. Civ. Prac. & Rem. Code, § 101.057(2). If so, whether such a dismissal of the claims against the City would then require a dismissal of the state law claims against the individual Defendants under Tex. Civ. Prac. & Rem. Code, § 101.106.

5.      Whether the state law claims should be dismissed with leave to refile in state court under 28 U.S.C., § 1367(c)(3).

2

III.  Plaintiff's Allegations

Plaintiff's Original Petition, ¶ 8, claims Defendants caused a criminal prosecution against him, commencing on July 14, 1998.  The Petition, ¶ 14, alleges Defendants accused him to the District Attorney of making a false statement to obtain property or credit, in violation of Tex. Penal Code, Art. 32.32.  The Petition, ¶ 10, alleges that his prosecution terminated in an acquittal on March 31, 1999.

The Petition, ¶ 12, alleges that Defendants acted without probable cause.  Para. 12 alleges that Defendants had no evidence that Rivas was guilty of the offense.    The Petition, ¶¶ 18-19, allege that Defendants failed to disclose exculpatory information.  The Petition, ¶ 28, alleges in a conclusory fashion that Defendants conspired to deny him "due process and other civil rights."

The Petition, ¶¶ 20 and 30, allege these facts show violations of the First, Fourth, and Fourteenth Amendments, U.S. Const.  The Petition, ¶ 31, alleges denial of "Due Process" and a denial of "Equal Protection."  The Petition, ¶ 30, alleges Plaintiff is entitled to relief under 42 U.S.C., §§ 1983, 1985, 1986, and 1988.

Plaintiff also alleges these same facts amount to malicious prosecution, abuse of process, and negligence under State tort law.

Plaintiff does not allege any facts showing conspiracy, i.e., which Defendants reached an agreement with other parties, the purpose of the agreement, or the overt acts which furthered the conspiracy.  Plaintiff makes no allegation that he engaged in any speech activities (e.g., public criticism of officials, petitioned government, etc.) or

3

Defendants acted in retaliation for such protected speech activities. Finally, although Plaintiff claims he was denied Equal Protection of the law, he does not allege what class of persons was treated differently, that he is a member of any suspect class, or that membership in any class was the motive for Defendants' actions.

IV.  Complaint Fails to Claims Under 42 U.S.C., § 1983

A.   Standard of Review

Under Rule 12(b)(6), the court must accept the allegations as true and must view them in the light most favorable to Plaintiff, drawing all reasonable inferences in his favor. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). Dismissal under Rule 12(b)(6) is correct when it appears that no relief can be granted under any set of facts that could be proven consistent with the allegations. *Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 529 (5th Cir. 1996). However, the Complaint must state facts, not conclusions, to survive a Rule 12(b)(6) challenge. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).

B.   Plaintiff Is Limited To Fourth Amendment

Plaintiff's claim is simply that Defendants LaBeau and Diaz caused the Cameron County District Attorney to prosecute him for a crime they knew he did not commit, e.g., malicious prosecution.

42 U.S.C., § 1983 is not itself a source of substantive rights. *Graham v. Connor*, 490 U.S. 386, 393 (1989). The first inquiry is to isolate the precise provision of the federal Constitution that is allegedly infringed. *Graham*, 490 U.S. at 394.

4

The discussion below shows why Plaintiff's malicious prosecution claim does not state a claim under the First Amendment, the Fifth Amendment, or the Fourteenth Amendment "Equal Protection" Clause. In *Albright v. Oliver*, 510 U.S. 266, 273 (1994), the Supreme Court held there is no Fourteenth Amendment "Due Process" right to be free from malicious prosecution. However, the court left open whether a malicious prosecution might lie under the Fourth Amendment protection from unreasonable seizure. 510 U.S. at 275. After *Albright*, the Fifth Circuit has held that the Fourth Amendment claim will lie for intentional, malicious prosecution, provided the other prerequisites of a Fourth Amendment claim are met. *Eugene v. Alief I.S.D.*, 65 F.3d 1299, 1303 (5th Cir. 1995), *cert. denied*, 517 U.S. 1191 (1996).

C.    Plaintiff Has No 5th Amendment Claims

Although Plaintiff's Petition, ¶¶ 20 and 30, alleges violations of the Fifth Amendment, U.S. Constitution, that provision does not apply.  The Fifth Amendment applies only to the Federal Government, not to the states or local cities. *Morin v. Caire*, 777 F.3d 116, 120 (5th Cir., 1996).

D.    Plaintiff Has Failed to Plead Equal Protection Claim

Rivas wholly fails to allege any element of a claim under the Equal Protection Clause, 14th Amendment.

The central focus of an Equal Protection claim is that state officials have treated similarly situated groups differently because of membership in a protected class, e.g., race, sex, etc. *Samaad v. City of Dallas*, 940 F.2d 925, 941 (5th Cir. 1991).  To survive Rule

12(b)(6) the petition must do more than state legal or constitutional conclusions that the conduct violates Equal Protection. *Angel v. City of Fairfield*, 793 F.2d 737, 739 (5th Cir. 1986). An Equal Protection claim must be plead with specificity in order to eliminate "shot-gun pleading" of such claims. *Hynson v. City of Chester Legal Dept.*, 864 F.2d 1026, 1031, n.13 (3rd Cir. 1988).

First, Rivas must allege membership in one of two similarly situated groups that the State has treated differently. *Samaad*, 940 F.2d at 941; *Judge v. City of Lowell*, 160 F.3d 67, 75 (1st Cir. 1998). The complaint fails unless it alleges the existence of similarly situated groups that are actually treated differently. *Samaad*, 940 F.2d at 941. A failure to plead there are similar persons who are actually treated differently requires dismissal. *See, e.g., Samaad*, 940 F.2d at 942 (Equal Protection claim failed when plaintiffs failed to claim there was a non-minority neighborhood that was treated differently); *Pedraza v. Meyer*, 919 F.2d 317, 318 n.1 (5th Cir. 1990) (drug addicted prisoner failed to state Equal Protection claim for denial of adequate medical services when he failed to allege similar prisoners received different care).

Second, the complaint must allege that the reason for the difference in treatment of similarly situated groups is on the basis of sex, race, etc. *Samaad*, 940 F.2d at 941; *Judge*, 160 F.3d at 75; *Thompson v. City of Starkville*, 901 F.2d 456, 168 (5th Cir. 1990); *Hennigh v. City of Shawnee*, 155 F.3d 1249, 1257 (10th Cir. 1998).

Third, the discrimination on the basis of race or sex must be intentional; *Personnel Administrator v. Feeney*, 442 U.S. 256, 279 (1979). The complaint must allege in fact

specific allegations that the state officials acted "because of" sex or race, not "in spite of" this factor. *Judge*, 160 F.3d at 75.

Three Fifth Circuit decisions show that this failure is fatal to an Equal Protection claim. *Samaad*, 940 F.2d at 940-42; *Angel*, 793 F.2d at 740; *Pedraza*, 919 F.2d at 318. In *Samaad*, the City leased a park next to a minority neighborhood for a large auto race; the neighborhood sued, claiming that the race's location violated Equal Protection. 940 F.2d at 940. The Fifth Circuit held the complaint failed to state an Equal Protection claim because it did not allege that there was a similarly situated non-minority neighborhood next to a park suitable for the race. *Id*. at 941. A hypothetical claim that defendants would have treated another group differently had it existed would be insufficient. *Id*.

In *Angel*, an unsuccessful candidate for mayor alleged a vote dilution claim because defendants failed to exclude non-residents from voting in city elections. 793 F.2d at 740. This Court upheld a Rule 12(b)(6) dismissal because plaintiff did not claim that defendant's actions treated him differently from other eligible resident voters. *Id*.

*See also, Pedraza*, 919 F.2d at 318, n.1 (finding frivolous an Equal Protection claim that a prison discriminated between healthy and drug addicted prisoners in providing medical care).

E.    Due Process Clause Does Not Support Malicious Prosecution Claim

In *Albright*, the plurality concluded that the 14th Amendment's Due Process Clause does not cover a claim that Plaintiff was the subject of baseless criminal charges. 510 U.S. at 273-74. Justices Scalia and Ginsberg agreed that Due Process did not protect

against malicious prosecution. *Id.* at 275, 276. Thus, the Due Process Clause is not implicated by Rivas' malicious prosecution claim.

F.     No Allegation That Prosecution
       Violated First Amendment Rights

Rivas does not allege he engaged in any speech activity protected by the 1st Amend., or that Defendants acted in retaliation for any speech activity. Therefore, the Court should dismiss that claim. *Blackburn v. City of Marshall*, 42 F.3d 925, 934-35 (5th Cir. 1995). Simply leveling allegedly false criminal charges against Rivas does not give rise to a First Amendment claim. *Colson v. Grohman*, 174 F.3d 498, 513 (5th Cir. 1999); *Matherne v. Carpenter*, 54 F.Supp.2d 684, 688 (E.D.La. 1999).

G.     Plaintiff Failed to Allege a "Seizure"
       That Would Support A Fourth Amendment Claim

In *Albright*, the Supreme Court left open whether a claim of malicious prosecution would sound under the Fourth Amendment. 510 U.S. at 275. The Fifth Circuit has concluded malicious prosecution will lie under the Fourth Amendment. *Eugene*, 65 F.3d at 1303.

However, the Fourth Amendment refers only to unreasonable "searches and seizures." Therefore, Plaintiff must allege the *prosecution* caused a deprivation of liberty consistent with a "seizure." *Evans v. Ball*, 168 F.3d 856, 861 (5th Cir. 1999); *Britton v. Maloney*, 196 F.3d 24, 29 (1st Cir. 1999).

Plaintiff's complaint wholly fails to allege any deprivation resulting from the prosecution. This is critical because the crime with which he was charged is only a

misdemeanor.  Tex. Penal Code, Art. 32.32(c).  Therefore, the County Court might only have issued a summons.  Tex. Code Crim. Proc., Art. 23.03(c), 23.04.  A summons is a "seizure" of the person only if accompanied by additional restrictions, e.g., pretrial restrictions on travel or reporting.  *Evans*, 168 F.3d at 861.  Merely appearing in response to a summons is not a "seizure."  *Britton*, 196 F.3d at 29-30; *Matherne*, 54 F.Supp.2d at 861.

V. Plaintiff's Petition Fails to State
Facts Raising Claims Under 42 U.S.C., §§ 1985 and 1986

A.    Plaintiff Fails to Allege
      Actionable Conspiracy Under § 1985

The only portions of § 1985 conceivably implicated by Plaintiff's pleadings would be a conspiracy to deny Equal Protection of the law under § 1985(2) and § 1985(3).[1/] A claim of conspiracy under § 1985(3) requires allegations that:

1.    there was conspiracy of two or more persons;

2.    the purpose of the conspiracy was to deprive a person of Equal Protection or equal immunities under the law;

3.    an overt act in furtherance of the conspiracy; and

4.    injury to the person or property of the plaintiff.

---

[1/]  There is no conceivable violation of § 1985(1) because that requires a claim Defendants acted to obstruct *federal* officers in the enforcement of the law.  *Benningfield v. City of Houston*, 157 F.3d 369, 378 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1457 (1999).  Sec. 1985(1) does not apply to protecting state officers in the performance of their duties.  *Id.*

9

CMPDF - www.fasta.com

*Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 268-270 (1993); *Word of Faith Outreach Cent. Church, Inc. v. Sawyer*, 90 F.3d 118, 124 (5th Cir. 1996), *cert. denied*, 520 U.S. 1117 (1997).   Sec. 1985 creates no substantive rights, but only provides a remedy for violations of constitutional or statutory rights. *McGregor v. La. State Univ.*, 3 F.3d 850, 867 (5th Cir. 1993).

The object of a conspiracy must be to deprive Rivas of equal protection of the law; the impairment of the federally guaranteed right must be the conscious objective of the conspiracy. *Bray*, 506 U.S. at 274-275.   Crucial to the claim is that the conspiracy must be motivated by racial or other class-based invidious discrimination. *Bray*, 506 U.S. at 268-269; *Sawyer*, 90 F.3d at 124.   The same requirements also apply to claims under § 1985(2). *Davis v. Township of Hillside*, 190 F.3d 167, 171 (3rd Cir. 1999), *cert. denied*, 120 S.Ct. 982 (1999).   Therefore, Plaintiff must allege facts showing that the alleged conspiracy was motivated by class-based *animus*. *Benningfield*, 157 F.3d at 379.

Where the allegations failed to show that the individual actors were motivated by class-based racial *animus*, dismissal is appropriate. *Benningfield*, 157 F.3d at 379.   There mere assertion of "racial motivation" is insufficient to survive a motion to dismiss. *Posr v. Court Officer Shield #207*, 180 F.3d 409, 419 (2nd Cir. 1999).   Likewise, the failure to allege a 14th Amend. Equal Protection claim is fatal.

Moreover, a cursory allegation of conspiracy is insufficient. *Riggs v. City of Pearland*, 177 FRD 395, 409 (S.D.Tex. 1997); *Hick v. Bexar County*, 973 F.Supp. 653, 676 (W.D.Tex. 1997), *aff'd*, 137 F.3d 1352 (5th Cir. 1998).   If Rivas fails to allege facts

10

showing an agreement among two or more parties to commit a deprivation of Rivas' right to Equal Protection under the laws, a dismissal is appropriate. *Green v. State Bar of Texas*, 27 F.3d 1083, 1089 (5th Cir. 1994); *Mays v. TSI Staffing, Inc.*, 56 F.Supp.2d 738, 739-40 (E.D.Tex. 1999).

Finally, Rivas alleges only the City and its employees conspired. Under § 1985, a corporate entity and its employees constitute a single legal entity, which is incapable of conspiring with itself. *Benningfield*, 157 F.3d at 378. Because a corporation cannot conspire with itself or its employees, the conspiracy allegation must be dismissed. *Benningfield, Id.* at 378; *Green*, 27 F.3d at 1089.

B.    Derivative Claim Under § 1986 Must Be Dismissed

42 U.S.C., § 1986 imposes liability upon any person who, having knowledge of a conspiracy prohibited by § 1985, neglects or fails to prevent the commission of a violation of § 1985. Because a claim under § 1986 is depends on the existence of a valid conspiracy claim under § 1985, it must fail absent a valid § 1985 claim. *Newberry v. East Texas State Univ.*, 161 F.3d 276, 281 (5th Cir. 1998); *Trerice v. Pedersen*, 769 F.2d 1398, 1403 (9th Cir. 1985). *See also, Galloway v. Louisiana*, 817 F.2d 1154, 1159 (5th Cir. 1987).

C.    42 U.S.C., § 1988 Provides No Separate Claim for Relief

Rivas' claims under 42 U.S.C., § 1988 add nothing. Sec. 1988 creates no independent right of action; it is only the remedy section for §§ 1985-1986. *Moor v. County of Alameda*, 411 U.S. 693 (1973); *Galloway*, 817 F.2d at 1159, n. 2.

11

## VI. State Law Claims Must Be Dismissed

A.     Sovereign Immunity bars claims against Defendant City

Sovereign immunity bars all state common law claims against the City of Harlingen unless immunity is waived by the Texas Tort Claims Act, Tex. Civ. Prac. & Rem. Code, § 101.001, *et seq. City of Lancaster v. Chambers*, 883 S.W.2d 650, 658 (Tex. 1994).

Sec. 101.057(2)[2/] provides there is no waiver of sovereign immunity for intentional torts. Therefore, there is no waiver of sovereign immunity under Chap. 101 for claims of malicious prosecution or abuse of process. *City of Hempstead v. Kmiec*, 902 S.W.2d 118, 122 (Tex.App.-Houston [1st Dist.] 1995, no writ); *Brand v. Savage*, 920 S.W.2d 672, 674 (Tex.App.-Houston [1st Dist.] 1995, no writ).

The Original Petition, ¶ 32, pleads that the alleged acts constitute "negligence." Rivas cannot avoid the effect of § 101.057(2) by labeling or recasting an intentional tort as "negligence;" there must be specific allegations of independent negligent acts, apart from acts that are clearly intentional torts. *Medrano v. City of Pearsal*, 989 S.W.2d 141, 144 (Tex.App.-San Antonio 1999, no pet.); *Callis v. Sellars*, 953 F.Supp. 793, 800-801 (S.D.Tex. 1996); *Holland v. City of Houston*, 41 F.Supp.2d 678, 713 (S.D.Tex. 1999).

---

[2/] § 101.057(2) states:

"This chapter does not apply to a claim:

. . .

(2) arising out of assault, battery, false imprisonment, or any other intentional tort, including a tort involving disciplinary action by school authorities."

Because Rivas alleges only intentional and deliberate acts, he cannot avoid the affect of § 101.057(2) by alleging the same acts also constitute negligence.

Second, the Texas Tort Claims Act waives sovereign immunity only for (1) acts arising out of the use or condition of tangible, real or personal property, or (2) the operation of a motor vehicle. Clearly, the latter is not involved. Plaintiff does not allege the malicious prosecution arose out of the City's use of tangible property. Unless Plaintiff can allege that City employees used tangible property to effect his prosecution, the Court should dismiss. *Callis v. Sellars*, 931 F.Supp. 504, 522 (S.D.Tex. 1996).

B.   Dismissal of Claims Against City Require
     Dismissal of Claims Against Individual Officers

Tex. Civ. Prac. & Rem. Code, § 101.106 provides that a judgment in an action against the City has any suit over the same subject matter against its employees.[3/] Sec. 101.106 is triggered by any judgment, even a judgment in favor of the City. *Dallas County MHMR v. Bossley*, 968 S.W.2d 339, 343-44 (Tex. 1998), *cert. denied*, 119 S.Ct. 541 (1998). Therefore, if the Court grants a dismissal of the state law claims against the City, it should likewise dismiss the state law claims against LaBeau and Diaz. *Holland*, 41 F.Supp.2d at 717-18.

---

[3/] § 101.106 provides:

"A judgment in an action or a settlement of a claim under this chapter bars any action involving the same subject matter by the claimant against the employee of the governmental unit whose act or omission gave rise to the claim."

13

C.    Dismissal of State Law Claims Under 28 U.S.C., § 1367(c)

Ordinarily, this Court could exercise supplemental jurisdiction over the state law claims under 28 USC § 1367(a).  However, if the Court dismisses the federal claim, the Court should decline supplemental jurisdiction under § 1367(c)(3) and dismiss the state law claims without prejudice to refiling them in state court. *McClelland v. Gronvaldt,* 155 F.3d 507, 508 (5th Cir. 1998).

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendants CITY OF HARLINGEN,

TEXAS; JOE LaBEAU, RUBEN DIAZ pray the above and foregoing be taken under

submission and upon hearing same, the Court grant the relief requested, dismiss all or part

of the claims alleged, or grant any other such further relief to which they may show

themselves entitled.

Respectfully Submitted,

ADAMS & GRAHAM, L.L.P.
P. O. Drawer 1429
Harlingen, TX 78551-1429
956/428-7495; FAX: 956/428-2954
RHughes@adamsgraham.com

By: _____

CHARLIE J. CILFONE
State Bar No. 04251200
Federal ID No. 11416
ROGER W. HUGHES
State Bar No. 10229500
Federal ID No. 5950

Attorneys for Defendants, JOE LaBEAU;
RUBEN DIAZ; AND THE CITY OF
HARLINGEN

15

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing document was forwarded on this the ___ day of May, 2000, to the following counsel of record and interested parties:

Attorney of Record for Plaintiff, RAUL RIVAS:

Mr. Richard E. Zayas                                    CM RRR Z 144 797 241
ZAYAS & ZAMORA, P.C.
3100 East 14th Street
Brownsville, TX 78521

<br>

_____
ROGER W. HUGHES