IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 0 5 2000

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| RAUL RIVAS | { | |
| | { | CIVIL ACTION NO. B-00-060 |
| V. | { | |
| | { | |
| JOE LaBEAU; RUBEN DIAZ; | { | A JURY IS DEMANDED |
| AND THE CITY OF HARLINGEN | { | |

## INDIVIDUAL DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT UNDER FRCP 12(b)(6) BASED ON QUALIFIED IMMUNITY

Charlie J. Cilfone (Atty-in-Charge)
Roger W. Hughes
ADAMS & GRAHAM, L.L.P.
P. O. Drawer 1429
Harlingen, TX 78551-1429
956/428-7495; FAX: 956/428-2954
RHughes@adamsgraham.com

Attorneys for Defendants,
JOE LaBEAU; RUBEN DIAZ;
and THE CITY OF HARLINGEN

# TABLE OF CONTENTS

                                                                                             Page

TABLE OF CONTENTS .......................................... ii

INDEX OF AUTHORITIES ....................................... iv

I.      Statement of the Nature and Stage of These Proceedings ......... 1

II.     Statement of the Issues ................................... 1

III.    Plaintiff's Allegations .................................... 3

       A.    Standard of Review ................................ 4

       B.    Defendants LaBeau and Diaz Entitled to Qualified
            Immunity Unless Clearly Established Law Would Have
            Informed Them Their Alleged Actions Were Unconstitutional ..... 5

       C.    Plaintiff Fails to Allege Facts Defeating Qualified Immunity ..... 7

            1.    Plaintiff Has Not Alleged Violation
                   of a Constitutional or Federal Right .................. 7

            2.    No Clearly Established Right in July, 1998 ............. 9

            3.    Defendants' Conduct Was Objectively Reasonable ........ 10

V.      Supplementation ........................................ 10

VI.    State Claims ........................................... 11

CONCLUSION ............................................... 11

CERTIFICATE OF SERVICE .................................... 13

# INDEX OF AUTHORITIES

**Cites:**  **Page**

*Albright v. Oliver*, 510 U.S. 266 (1994) .................................................. 9

*Alton v. Hopgood*, 994 F.Supp. 827 (S.D.Tex. 1998)
   *aff'd* 168 F.3d 197 (5th Cir. 1999) ...................................... 6

*Anderson v. Creighton*, 483 U.S. 635 (1987) ............................................ 5

*Baker v. Putnal*, 75 F.3d 190 (5th Cir. 1996) ........................................... 4

*Benningfield v. City of Houston*, 157 F.3d 369 (5th Cir. 1998) .................. 6

*Bisbee v. Bey*, 39 F.3d 1096
   (10th Cir. 1994), *cert. denied*, 515 U.S. 1142 1995) .................... 5

*Brady v. Ft. Bend County*, 58 F.3d 173 (5th Cir. 1995) ............................ 6

*Brandon v. Lotter*, 157 F.3d 537 (8th Cir. 1998) ..................................... 5

*Britton v. Maloney*, 196 F.3d 24 (1st Cir. 1999) ..................................... 8

*Campbell v. City of San Antonio*,
   43 F.3d 973 (5th Cir. 1995) ............................................. 6

*Coleman v. Houston ISD*, 113 F.3d 528 (5th Cir. 1997) ............................ 5

*Dunn v. Denk*, 79 F.3d 401 (5th Cir. 1996) (en banc) ............................... 5

*Eugene v. Alief ISD*, 65 F.3d 1299
   (5th Cir. 1995), *cert. denied*, 517 U.S. 1191 (1996) .................. 7

*Evans v. Ball*, 168 F.3d 856 (5th Cir. 1999) ...................................... 7, 9

*Guidry v. Bank of LaPlace*, 954 F.2d 278 (5th Cir. 1992) ........................ 4

*Gutierrez v. City of San Antonio*,
   139 F.3d 441 (5th Cir. 1998) ........................................... 6

*Hogan v. Houston ISD*, 51 F.3d 48 (5th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Kaiser v. Garrett*, 67 F.3d 1166 (5th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Kerr v. Lyfrod*, 171 F.3d 330 (5th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Lassiter v. Alabama A & M Univ. Bd. of Trustees*,
    28 F.3d 1146 (5th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Matherne v. Larpenter*, 54 F.Supp.2d 684 (E.D.La. 1999) . . . . . . . . . . . . . . . . . . . . . 8

*McClelland v. Gronvaldt*, 155 F.3d 507 (5th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . 11

*Meadowbriar Home for Children, Inc. v. Gunn*,
    81 F.3d 521 (5th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Nesmith v. Taylor*, 715 F.2d 194 (5th Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Petta v. Rivera*, 143 F.3d 895 (5th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

*Schultea v. Wood*, 47 F.3d 1427 (5th Cir. 1995) (en banc) . . . . . . . . . . . . . . . . . . 4, 5

*Siegert v. Gilley*, 500 U.S. 226 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

*Southard v. Texas Bd. of Criminal Justice*,
    114 F.3d 539 (5th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Statutes:

    28 U.S.C., § 1367(c)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 11
    28 USC § 1367(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
    42 U.S.C., § 1986 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3, 5, 8
    42 U.S.C., § 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3-5, 7
    42 U.S.C., § 1985 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1-3, 5, 8
    42 U.S.C., § 1988 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

## Federal Rules of Civil Procedure:

    Rule 7 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
    Rule 7 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *
    Rule 7(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
    Rule 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 4, 12

## Texas Penal Code:

    Art. 32.32 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
    Art. 32.32(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

## U.S. Constitution:

    1st Amendment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 7, 10
    4th Amendment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 7-9
    5th Amendment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 7
    14th Amendment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 7
    14th Amendment, Due Process Clause . . . . . . . . . . . . . . . . . . . . . . . 2
    14th Amendment, Equal Protection Clause . . . . . . . . . . . . . . . . . . 2, 7

4

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 0 5 2000

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| RAUL RIVAS | { | |
| | { | CIVIL ACTION NO. B-00-060 |
| V. | { | |
| | { | |
| JOE LaBEAU; RUBEN DIAZ; | { | **A JURY IS DEMANDED** |
| AND THE CITY OF HARLINGEN | { | |

### INDIVIDUAL DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT UNDER FRCP 12(b)(6) BASED ON QUALIFIED IMMUNITY

COME NOW, Defendants, JOE LaBEAU and RUBEN DIAZ, and file this their **INDIVIDUAL DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT UNDER FRCP 12(b)(6) BASED ON QUALIFIED IMMUNITY** and would show the Court as follows:

I. <u>Statement of the Nature and Stage of These Proceedings</u>

Plaintiff Rivas has sued for malicious prosecution under the 42 U.S.C., §§ 1983, 1985, and 1986. Defendants LaBeau and Diaz move to dismiss under Rule 12(b)(6) the claims against them individually based on qualified immunity; they ask the Court to order Plaintiff reply to their defense of qualified immunity, pursuant to Fed.R.Civ.Pr. 7(a). All Defendants have filed a companion Motion to Dismiss on the merits of the Petition.

1

## II. Statement of the Issues

1. Whether Rivas' conclusory allegations that all "Defendants" caused his prosecution in bad faith and without probable cause, state facts that defeat qualified immunity.

2. Whether Rivas' conclusory allegations that all "Defendants" caused his prosecution in bad faith and without probable cause, state facts that LaBeau or Diaz:

    a. violated federal rights provided by the U.S. Const., 1st Amend., 5th Amend., or the Due Process Clause, 14th Amend.;

    b. violated the Equal Protection Clause, 14th Amend., U.S. Const.;

    c. made an unreasonable seizure in violation of the U.S. Const., 4th Amend.; or

    d. conspired to deprive Plaintiff of equal protection of the law in violation of 42 U.S.C., § 1985.

3. Whether the law was clearly established in July 1998 that any alleged restriction on Rivas' liberty resulting from his misdemeanor prosecution was a "seizure" under the U.S. Const., 4th Amend.

4. Whether any of the alleged acts or omissions of LaBeau and/or Diaz were reasonable.

5. Whether the state law claims against the individual Defendants should be dismissed under 28 U.S.C., § 1367(c)(3).

2

## III. Plaintiff's Allegations

Plaintiff's Original Petition, ¶ 8, claims Defendants caused a criminal prosecution against him, commencing on July 14, 1998. The Petition, ¶ 14, alleges Defendants accused him to the District Attorney of making a false statement to obtain property or credit, in violation of Tex. Penal Code, Art. 32.32. The Petition, ¶ 10, alleges that his prosecution terminated in an acquittal on March 31, 1999.

The Petition, ¶ 12, alleges that Defendants acted without probable cause. Para. 12 alleges that Defendants had no evidence that Rivas was guilty of the offense. The Petition, ¶¶ 18-19, allege that Defendants failed to disclose exculpatory information. The Petition, ¶ 28, alleges in a conclusory fashion that Defendants conspired to deny him "due process and other civil rights."

The Petition, ¶¶ 20 and 30, allege these facts show violations of the First, Fourth, and Fourteenth Amendments, U.S. Const. The Petition, ¶ 31, alleges denial of "Due Process" and a denial of "Equal Protection." The Petition, ¶ 30, alleges Plaintiff is entitled to relief under 42 U.S.C., §§ 1983, 1985, 1986, and 1988.

Plaintiff also alleges these same facts amount to malicious prosecution, abuse of process, and negligence under State tort law.

Plaintiff does not allege any facts showing conspiracy, i.e., which Defendants reached an agreement with other parties, the purpose of the agreement, or the overt acts which furthered the conspiracy. Plaintiff makes no allegation that he engaged in any speech activities (e.g., public criticism of officials, petitioned government, etc.) or

3

Defendants acted in retaliation for such protected speech activities. Finally, although Plaintiff claims he was denied Equal Protection of the law, he does not allege what class of persons was treated differently, that he is a member of any suspect class, or that membership in any class was the motive for Defendants' actions.

### IV. Defendants LaBeau and Diaz Are Entitled to Qualified Immunity Against § 1983 Claims Raised by Complaint

A.     Standard of Review

Under Rule 12(b)(6), the Court must accept the allegations as true and must review them in the light most favorable to the Plaintiff, drawing all reasonable inferences in favor of the pleader. *Baker v. Putnal*, 75 F.3d 190 (5th Cir. 1996). Dismissal under Rule 12(b)(6) is correct when it appears that no relief can be granted under any set of facts that can be proven consistent with the allegations. *Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 529 (5th Cir. 1996). However, the complaint must state facts, not conclusions, to survive a Rule 12(b)(6) challenge. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).

Plaintiff has a heightened burden to plead specific facts defeating Defendants LaBeau and Diaz's qualified immunity from § 1983 claims. *Schultea v. Wood*, 47 F.3d 1427, 1430 (5th Cir. 1995) (en banc). The complaint must state facts defeating qualified immunity, not mere legal conclusions. *Schultea*, 47 F.3d at 1433. Alternatively, the court may order Plaintiff to file a reply or supplement under Fed.R.Civ.Pr. 7 that states specific

4

facts that defeat the qualified immunity defense raised by Defendants' answer. *Schultea*, 47 F.3d at 1434.

> B. Defendants LaBeau and Diaz Entitled to Qualified Immunity Unless Clearly Established Law Would Have <u>Informed Them Their Alleged Actions Were Unconstitutional</u>

Qualified immunity protects an officer from claims under 42 USC § 1983 if a reasonably prudent police officer would not know the actions violated clearly established constitutional law. *Anderson v. Creighton*, 483 U.S. 635, 639 (1987). The officer will have qualified immunity if the conduct was objectively reasonable under the existing federal law. *Dunn v. Denk*, 79 F.3d 401, 403 (5th Cir. 1996) (en banc). The qualified immunity defense applies in the same way to claims under §§ 1985 and 1986. *Bisbee v. Bey*, 39 F.3d 1096, 1101 (10th Cir. 1994), *cert. denied*, 515 U.S. 1142 1995); *Brandon v. Lotter*, 157 F.3d 537, 541 (8th Cir. 1998).

Once the defense of qualified immunity is alleged, the trial judge must first determine whether the plaintiff has alleged a constitutional violation at all. *Siegert v. Gilley*, 500 U.S. 226, 231 (1991); *Petta v. Rivera*, 143 F.3d 895, 899 (5th Cir. 1998). For claims under § 1985, Plaintiff must also prove deprivation of a federally protected right. *Southard v. Texas Bd. of Criminal Justice*, 114 F.3d 539, 555 (5th Cir. 1997). In order to defeat a qualified immunity plea against a § 1985 claim, Plaintiff must prove the Defendants' denial of equal protection was motivated by invidious, class-based animus. *Coleman v. Houston ISD*, 113 F.3d 528, 532-35 (5th Cir. 1997); *Hogan v. Houston ISD*,

5

prove a conspiracy. *Benningfield v. City of Houston*, 157 F.3d 369, 378-79 (5th Cir. 1998).

The court must then determine whether defendant's actions violated "clearly established" constitutional law at the time of the conduct and whether the defendant's actions were objectively reasonable. *Siegert*, 500 U.S. at 231; *Petta*, 143 F.3d at 899-900. For constitutional law to be "clearly established," plaintiff must prove more than the broad contours of established rights or broad legal truisms. *Kaiser v. Garrett*, 67 F.3d 1166, 1170 (5th Cir. 1995). The contours of the constitutional right must be defined narrowly enough so that the official would know, given the information known to him at the time of taking action, that his acts violated established constitutional rights in the light of pre-existing law. *Gutierrez v. City of San Antonio*, 139 F.3d 441, 445 (5th Cir. 1998).

To determine what law was "clearly established," the Court should consult U.S. Supreme Court and Fifth Circuit precedent. *Brady v. Ft. Bend County*, 58 F.3d 173, 175-76 (5th Cir. 1995); *Alton v. Hopgood*, 994 F.Supp. 827, 835, n. 5 (S.D.Tex. 1998) *aff'd* 168 F.3d 197 (5th Cir. 1999). If reasonable officials could disagree, the officer has qualified immunity. *Campbell v. City of San Antonio*, 43 F.3d 973, 977 (5th Cir. 1995). If caselaw has not staked out a bright line, qualified immunity almost always protects; public officers have no duty to draw creative analogies from prior cases. *Lassiter v. Alabama A & M Univ. Bd. of Trustees*, 28 F.3d 1146, 1150 (5th Cir. 1994).

### C. Plaintiff Fails to Allege Facts Defeating Qualified Immunity

#### 1. Plaintiff Has Not Alleged Violation of a Constitutional or Federal Right

As set out in Defendants' Motion to Dismiss, Rivas' alleged malicious prosecution claims cannot possibly lie under U.S. Const., 5th and 14th Amend. Rivas fails to allege any violation of the 1st Amend., because he fails to allege he engaged in any activity protected by the 1st Amend. or facts showing how individual Defendants retaliated against him for such activities. The pleadings also fail to allege a 14th Amend. Equal Protection claim because it fails to allege the existence of two classes, one of which was treated differently based on discrimination against a suspect class. Therefore, Rivas has failed to allege facts specifically showing that LaBeau or Diaz violated those provisions of the Constitution.

Rivas' malicious prosecution implicates only the U.S. Const., 4th Amend. *Eugene v. Alief ISD*, 65 F.3d 1299, 1303 (5th Cir. 1995), *cert. denied*, 517 U.S. 1191 (1996); *Evans v. Ball*, 168 F.3d 856, 861 (5th Cir. 1999). First, a § 1983 malicious prosecution claim requires proof of a 4th Amend. "seizure." *Evans*, 168 F.3d at 861. Second, plaintiff must also establish that:

   a. defendant caused the commencement of a criminal prosecution against plaintiff;

   b. plaintiff was innocent;

   c. the prosecution terminated in plaintiff's favor;

7

  d.  defendant acted without probable cause; and

  e.  defendant acted with malice.

*Kerr v. Lyfrod*, 171 F.3d 330, 340 (5th Cir. 1999).

  Here, Plaintiff fails to allege facts showing what LaBeau or Diaz did to cause his prosecution, how each individual lacked probable cause (or even what information they had or didn't have), and how each Defendant acted with malice. Moreover, there is no allegation of how the *prosecution* resulted in a seizure. *Compare, Britton v. Maloney*, 196 F.3d 24, 28-30 (1st Cir. 1999); *Matherne v. Larpenter*, 54 F.Supp.2d 684, 686-687 (E.D.La. 1999). Therefore, Plaintiff has failed to allege facts showing a defamation of liberties protected by the 4th Amend.

  The Petition fails to state specific facts showing how LaBeau or Diaz violated 42 U.S.C. §§ 1985 and 1986. There is no allegation showing how each entered into a conspiracy. There is no allegation that LaBeau or Diaz denied Rivas equal protection of the law based on his membership in a suspect class. Finally, there is no allegation that LaBeau or Diaz were motivated by class-based animus towards Rivas' race, national origin, etc.

8

### 2.  No Clearly Established Right in July, 1998

Even if Plaintiff can allege prosecution resulted in a "seizure" it is unlikely that it was "clearly established" in July, 1998, that this type of act constituted a "seizure" under the 4th Amend. Rivas alleges he was charged with false statement to obtain credit or property in violation of Tex. Penal Code, Art. 32.32(c), a misdemeanor. Therefore, he was prosecuted in county court and may have only had to appear in response to a summons.

The U.S. Supreme Court declined to determine whether voluntary appearance in response to a summons could constitute a 4th Amend. "seizure." *Albright v. Oliver*, 510 U.S. 266, 275 (1994). Initially, the Fifth Circuit left the same issue open. *Nesmith v. Taylor*, 715 F.2d 194, 196 (5th Cir. 1983).

In 1999, the Fifth Circuit held that a voluntary appearance in response to a summons could constitute a "seizure" if accompanied by additional pretrial restrictions. *Evans*, 168 F.3d at 861. However, *Evans* noted several 1996 decisions holding that voluntary appearance in response to a summons was not a "seizure." *Id.* at 861, n.8.

Therefore, if Rivas merely appeared in response to a summons, it is not "clearly established" this was a seizure at all. Alternatively, if some pretrial restrictions were imposed, the law was not "clearly established" in this venue in July, 1998. *See, Evans*, 168 F.3d at 862.

9

### 3. Defendants' Conduct Was Objectively Reasonable

Because Rivas has failed to articulate any specific facts describing the conduct of LaBeau and/or Diaz, it is difficult to state how they are deficient on the reasonableness of the latters' actions. Nevertheless, the Court should bear in mind that the Court should be vigilant to protect its property and credit. It is sensible for cities to refer to the District Attorney criminal charges against employees who alleged abuse the purchasing system. If the worst such employees face is the loss of employment, such employees might rationally choose losing employment if they can steal enough money or property. No law requires that municipal employers have utterly no doubt of an employee's guilt before referring the matter to prosecutors.

Therefore, the possibility that Defendants were aware of conflicting evidence and may not have conducted an exhaustive investigation is insufficient to show their behavior was unreasonable.

## V. Supplementation

If the Court believes supplementation is appropriate before ruling on qualified immunity, the Court may require further pleading from Rivas to state specific facts that defeat qualified immunity. *Schultea*, 47 F.3d at 1434. In that event, the Court should order Rivas to file an amended or supplemental pleading, stating specific facts showing that:

1. Rivas engaged in actions protected by the 1st Amend.;

10

2. each individual Defendant retaliated against Rivas for his 1st Amend. activities;

3. each individual Defendant caused his prosecution;

4. each individual Defendant lacked probable cause and acted with malice;

5. Rivas was a member of one of two similar classes;

6. each individual Defendant treated Rivas' class differently based animus against his race, religion, etc.; and

7. each individual Defendant was the member of a conspiracy to deprive Rivas of Equal Protection.

## VI. State Claims

The Amended Complaint now alleges state law claims of defamation against the individual Defendants.

Ordinarily, this Court could exercise supplemental jurisdiction over the state law claims under 28 USC § 1367(a). However, if the Court dismisses the federal claims, the Court should decline supplemental jurisdiction under § 1367(c)(3) and dismiss the state law claims without prejudice to refiling them in state court. *McClelland v. Gronvaldt*, 155 F.3d 507, 508 (5th Cir. 1998).

## CONCLUSION

Because Defendants LaBeau and Diaz asserted qualified immunity against the individual liability claims, Plaintiff is obligated to state facts showing the existence of a

11

violation of the Constitution, that their conduct violated clearly established constitutional law in July 1998, and their conduct was objectively unreasonable. Plaintiffs' Complaint wholly fails to allege such facts. As a matter of law, it alleges no constitutional violations; the law was not clearly established in July 1998. Therefore, the Court should dismiss under Rule 12(b)(6).

Respectfully Submitted,

ADAMS & GRAHAM, L.L.P.
P. O. Drawer 1429
Harlingen, TX 78551-1429
956/428-7495; FAX: 956/428-2954
RHughes@adamsgraham.com

By: _____
CHARLIE J. CILFONE
State Bar No. 04251200
Federal ID No. 11416
ROGER W. HUGHES
State Bar No. 10229500
Federal ID No. 5950

Attorneys for Defendants,
JOE LaBEAU; RUBEN DIAZ;
and THE CITY OF HARLINGEN

12

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing document was forwarded on this the 5th day of May, 2000, to the following counsel of record and interested parties:

Attorney of Record for Plaintiff, RAUL RIVAS:

| | |
|---|---|
| Mr. Richard E. Zayas<br>ZAYAS & ZAMORA, P.C.<br>3100 East 14th Street<br>Brownsville, TX 78521 | CM RRR Z 144 797 241 |

_____
ROGER W. HUGHES

13