United States District Court
Southern District of Texas
FILED

JUN 0 8 2000

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RAUL RIVAS | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-00-060 |
| | § | |
| JOE LaBEAU; RUBEN DIAZ | § | JURY |
| AND THE CITY OF HARLINGEN | § | |

**PLAINTIFF'S RESPONSE TO INDIVIDUAL DEFENDANTS'
MOTION TO DISMISS FIRST AMENDED COMPLAINT
UNDER FRCP 12(b)(6) BASED ON QUALIFIED IMMUNITY**

TO THE HONORABLE JUDE OF SAID COURT:

COMES NOW RAUL RIVAS and files this his Response to Individual Defenants' Motion To Dismiss First Amended Complaint Under FRCP 12(b)(6) Based On Qualified Immunity and in support thereof would show the Court the following:

First, Plaintiff objects to answering this motion because Plaintiff has not filed a "First Amended Complaint" which Defendants seek to dismiss, therefore Plaintiff objects to the dismissal of a complaint that is not on file or that may be filed at some future date.

Plaintiff will answer this motion assuming that Defendants were seeking dismissal of Plaintiff's Original Petition. To assist the Court in following this response, Plaintiff will address each of Defendants' allegations made in Paragraphs IV., V. and VI. of their motion and every subparagraph thereof.

  IV. **Defendants LaBeau and Diaz Are Not Entitled to Qualified Immunity Against §1983 Claims Raised by Complaint**

  A. <u>Standard of Review</u>

Under 12(b)(6), a Defendant can move for dismissal for failure of the Plaintiff's complaint to state a claim upon which relief can be granted. *Colle v. Brazos County, Texas*, 981 F.2d 237, 243 (5th Cir. 1993). In reviewing a motion to dismiss, the appellate court accepts all well-pleaded allegations as true and should view them in the light most favorable to the Plaintiff. *Scheur v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). The motion may be granted only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *Jackson v. City of Beaumont Police Department*, 958 F.2d 616, 618 (5th Cir. 1992).

A Plaintiff's complaint ordinarily need only be a short and plain statement that gives the defendant notice of what the claim is and the grounds upon which it rests. *Colle*, 981 F.2d at 243. However, for complaints charging violations of 42 U.S.C. § 1983, Plaintiffs must comply with a heightened standard. *Id.* Pleadings are required to state specific facts, not mere conclusory allegations. *Id.*

  B. <u>Qualified Immunity</u>

Plaintiff agrees with Defendants' analysis of paragraph IV. B. of the motion.

  C. <u>Plaintiff Alleges Facts Defeating Qualified Immunity</u>

    1. <u>Plaintiff Has Alleged a Violation of a Constitutional or Federal Right</u>

     a. Defendants are correct that Plaintiff's malicious prosecution claims

do not lie under the 1st and 5th Amendment to the U.S. Constitution. Although, Plaintiff disputes Defendants' proposition that Plaintiff's claim does not allege a 14th Amendment Equal Protection claim.

The crux of the Defendants' argument is that the focus of an Equal Protection claim must be based on state officials having treated similarly situated groups differently because of membership in a protected class, e.g., race, sex, etc. The analysis argued by Defendants is overshadowed by a recent Fifth Circuit case in *Dudley v. Angel et. al.*, Docket No. 99-40335, (5th Cir. 2000). "The Equal Protection Clause 'is essentially a direction that all persons similarly situated should be treated alike." *Id.* citing *Brennan v. Stewart*, 834 F. 2d 1248, 1257 (5th Cir. 1988)(quoting *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 ((1995)). When a Plaintiff does not allege he is a member of a suspect class, then under the equal protection analysis, rational basis scrutiny applies. *Id.*

Since the Plaintiff in our case is not alleging that the he is a member of a suspect class, then the question turns to whether the Defendants had a rational basis for their actions. The facts pled in Plaintiff's Original Petition state that the Defendants caused the Cameron County District Attorney's Office to file a criminal complaint against Plaintiff accusing Plaintiff of having committed the offense of False Statement To Obtain Property Or Credit. ¶¶8, 9 The Petition goes on to plead that Defendants acted without probable cause in initiating the prosecution of Plaintiff in that they had no evidence that Plaintiff made any false statements to obtain property for himself. ¶12. Plaintiff further pleads that Defendants

at all times knew that when Plaintiff went to purchase the truck hitch assembly, that it was done with the knowledge and consent of the Defendants. ¶15 The Petition goes on to state that the Defendants were aware that truck hitch was to be used on a City of Harlingen vehicle; that the City of Harlingen at all times was in the possession of the truck hitch; that the Defendants failed to tell the Cameron County District Attorney's Office that they were aware that the truck hitch was purchased for use by the City of Harlingen; and that they failed to tell the District Attorney's Office that they were in possession of the truck hitch that Plaintiff was being accused of purchasing for himself. ¶¶16-19

If Plaintiff's allegations are regarded as true and this Court views his allegations in the light most favorable to him, it **cannot** be argued that the Defendants had any rational basis for their actions. It is clear that the Defendants clearly intended to maliciously prosecute Plaintiff when they were aware that the Plaintiff was going to purchase a truck hitch for a City of Harlingen truck, it was done with their knowledge and consent and they were in possession of said truck hitch; and thereafter, the Defendants initiated a criminal prosecution against Plaintiff for acquiring said truck hitch for himself. Defendants totally failed to tell the District Attorney's office that they knew Plaintiff was going to purchase said truck hitch for the City of Harlingen and that they had the truck hitch in their possession. These actions on the part of the Defendants, if taken as true, cannot be based on any rational decision because it is obvious that they would not be justified in initiating criminal charges against the Defendant for obtaining a truck hitch for himself when they had

the truck hitch in their possession, they knew he was going to purchase said truck hitch for the City of Harlingen and they failed to tell the District Attorney's office of these two vital facts.

The Equal Protection Clause of the Fourteenth Amendment commands that no State "shall deny to any person within its jurisdiction the equal protection of the laws." Its mandate requires a state to treat all similarly situated persons alike. *Griffith, et. al. v. Johnston*, 899 F.2d 1427 (5th Cirt. 1990) citing *City of Cleburne, Texas v. Cleburne Living Center*, 473 U.S. 432, 442, 105 S.Ct. 3249, 3255, 87 L.Ed.2d 313 (1985); *Plyer v. Doe*, 457 U.S. 202, 216, 102 S.Ct. 2382, 2394, 72 L.Ed.2d 786(1982). Defendants' actions failed to afford Plaintiff the equal protection of the laws as guaranteed by the Fourteenth Amendment because Defendants maliciously initiated criminal charges against Plaintiff when they could have initiated criminal charges against any other City of Harlingen employee. Defendants did not treat Plaintiff as they treated other similarly situated persons, i.e., other City of Harlingen employees. Plaintiff has correctly plead an equal protection claim and said claim should not be dismissed.

b. Plaintiff agrees, in part, with Defendants that the malicious prosecution implicates the U.S. Constitution, 4th Amendment. Plaintiff differs in his agreement in that he does not feel that his malicious prosecution claim implicates **only** the 4th Amendment. Defendants malicious prosecution claim is a violation of Plaintiff's Procedural Due Process rights afforded him under the Fourteenth Amendment since the probable cause the District

Attorney relied on was based on false information supplied by Defendants.

      c. Next, the Defendants argue that the Plaintiff failed to allege facts showing what LaBeau or Diaz did to cause his prosecution, how each individual lacked probable cause and how each Defendant acted with malice. As outlined in subparagraph "a." above, Plaintiff alleged that Defendants accused Plaintiff of making "a materially false or misleading written statement to Victor Nieves, namely, that a truck hitch assembly was to be purchased for the City of Harlingen, with the intent to obtain" the truck hitch for himself. ¶14 The Petition states that the Defendants prepared groundless reports and affidavits in order to obtain a criminal charge against the Plaintiff. ¶27(e) This pleads with specificity how Defendants caused Plaintiff's prosecution.

The allegations continue to state that the Defendants had no evidence that Plaintiff made any false statements to obtain property for himself. ¶12. Defendants at all times knew that when Plaintiff went to purchase the truck hitch assembly, that it was done with the knowledge and consent of the Defendants. ¶15 The Petition goes on to state that the Defendants were aware that truck hitch was to be used on a City of Harlingen vehicle; that the City of Harlingen at all times was in the possession of the truck hitch; that the Defendants failed to tell the Cameron County District Attorney's Office that they were aware that the truck hitch was purchased for use by the City of Harlingen; and that they failed to tell the District Attorney's Office that they were in possession of the truck hitch that Plaintiff was being accused of purchasing for himself. ¶¶16-19 These allegations are specific facts

to show that Defendants had no probable cause to bring the charges against Plaintiff because they at all times knew Plaintiff purchased said truck hitch for the City of Harlingen and not for himself. Malice is shown through their actions of bringing the charges and keeping the vital information away from the prosecutor. No prosecution would have ensued against Plaintiff if the prosecutor had known from the inception that Plaintiff was purchasing said truck hitch for the City of Harlingen and the City of Harlingen had said hitch.

      d.    Furthermore, Defendants argue that Plaintiff failed to allege how the prosecution resulted in "seizure." The Fifth Circuit has concluded that malicious prosecution will lie under the Fourth Amendment. *Eugene* at 1303. However, the Fourth Amendment refers only to unreasonable "searches and seizures." Therefore, Plaintiff must allege the prosecution caused a deprivation of liberty consistent with a "seizure." *Evan v. Ball*, 168 F.3d 856, 861 (5th Cir. 1999). Defendants claim that Plaintiff did not suffer a "seizure" because he merely appeared to court in response to a summons and that does not constitute a "seizure" of his person; Plaintiff disagrees with Defendants on this point.

In *Albright*, Justice Ginsburg in his concurring opinion held "[t]his view of the definition and duration of a seizure comports with common sense and common understanding. A person facing serious criminal charges is hardly freed from the state's control. His is required to appear in court at the state's command. Pending prosecution, his employment prospects may be diminished severely, he may suffer reputational harm, and he will experience the financial and emotional strain of preparing a defense. A defendant

incarcerated until trial no doubt suffers greater burdens. That difference, however, should **not** lead to the conclusion that a defendant released pretrial is not still "seized" in the constitutionally relevant sense. Such a defendant is scarcely at liberty; he remains apprehended, arrested in his movements, indeed "seized" for trial, so long as he is bound to appear in court and answer the state's charges. He is equally bound to appear, and is hence "seized" for trial, when the state employs the less strong-arm means of a summons in lieu of arrest to secure his presence in court. This conception of a seizure and its course recognizes that the vitality of the Fourth Amendment depends upon its constant observance by police officers." For the Defendant Officer, the Fourth Amendment governed both the manner of, and the cause for arresting the Petitioner. If the Defendant Officer gave misleading testimony at the preliminary hearing, that testimony served to maintain and reinforce the unlawful haling of the Petitioner into court, and so perpetuated the Fourth Amendment violation. *Id.*

Similarly in our case, the Plaintiff was unlawfully hailed into court because of the false and misleading statements given by the Defendants to the Cameron County District Attorney's Office. Therefore, this court in viewing all the plead allegations as true and in the light most favorable to the Plaintiff can find that Plaintiff was indeed "seized" because as pled, Plaintiff was tried, acquitted and discharged, ¶10; Plaintiff suffered injury to his reputation, ¶33; Plaintiff incurred the cost of attorney's fees in defending the prosecution, ¶34 and the Plaintiff suffered mental anguish, ¶33. Consistent with these allegations the

Plaintiff could easily prove the amount of time he was required to be in court that could amount to a seizure within itself. All these elements comport with Justice Ginsburg's "common sense and common understanding" approach to the definition of "seizure." Thus, Plaintiff was "seized" as required to invoke his Fourth Amendment protections.

    e.    Defendants are correct that the Petition fails to state specific facts showing how LaBeau or Diaz violated 42 U.S.C. §1985 and §1986 and Plaintiff agrees to withdraw those claims.

    2.    <u>There Was A Clearly Established Right in July, 1998</u>

The crux of Defendant's argument is summarized as follows: (1) that it was not "clearly established" law in July 1998 whether or not voluntary appearance in response to a summons could constitute a "seizure" under the 4th Amendment and (2) since it was not "clearly established" law in July of 1998, then Defendants could not have known that their actions would lead to a violation of Plaintiff's constitutional rights.

This argument on the part of the Defendants totally fails to embark on any reason; the Defendants totally fail to grab the concept of "clearly established" law. What Defendants must prove is that they did not know that their **actions** of **malicious prosecution** would violate "clearly established" constitutional law at the time of the conduct. *Siegert v. Gilley,* 500 U.S. 266 at 231 (1991) Malicious prosecution has always violated "clearly established" constitutional law because an innocent person could be subjected to punishment for a crime which he did not commit. The focus is on the Defendants **actions**, not whether or not the

Plaintiff could prove he suffered the requisite damages to invoke a constitutional violation. *Id.* It would be impossible that the Defendants could have known that Plaintiff would not have been arrested for the misdemeanor crime, which would clearly constitute a "seizure." Also, Defendants could not have known that Plaintiff would be found not guilty and therefore not have to serve any punishment of incarceration that would clearly constitute a "seizure."

### 3. Defendant's Conduct as Plead Could Not Have Been Objectively Reasonable

The facts pled in Plaintiff's Original Petition state that the Defendants caused the Cameron County District Attorney's Office to file a criminal complaint against Plaintiff accusing Plaintiff of having committed the offense of False Statement To Obtain Property Or Credit. ¶¶8, 9 The Petition goes on to plead that Defendants acted without probable cause in initiating the prosecution of Plaintiff in that they had no evidence that Plaintiff made any false statements to obtain property for himself. ¶12. Plaintiff further pleads that Defendants at all times knew that when Plaintiff went to purchase the truck hitch assembly, that it was done with the knowledge and consent of the Defendants. ¶15 The Petition goes on to state that the Defendants were aware that truck hitch was to be used on a City of Harlingen vehicle; that the City of Harlingen at all times was in the possession of the truck hitch; that the Defendants failed to tell the Cameron County District Attorney's Office that they were aware that the truck hitch was purchased for use by the City of Harlingen; and that they failed to tell the District Attorney's Office that they were in possession of the truck hitch that

Plaintiff was being accused of purchasing for himself. ¶¶16-19

If Plaintiff's allegations are regarded as true and this Court views his allegations in the light most favorable to him, it **cannot** be argued that the Defendants had any Objectively Reasonable basis for their actions. It is clear that the Defendants clearly intended to maliciously prosecute Plaintiff when they were aware that the Plaintiff was going to purchase a truck hitch for a City of Harlingen truck, it was done with their knowledge and consent and they were in possession of said truck hitch; and thereafter, the Defendants initiated a criminal prosecution against Plaintiff for acquiring said truck hitch for himself. Defendants failed to tell the District Attorney's office that they knew Plaintiff was going to purchase said truck hitch for the City of Harlingen and that they had the truck hitch in their possession. These actions on the part of the Defendants, if taken as true, cannot be based on any objectively reasonable basis because it is obvious that they would not be justified in initiating criminal charges against the Defendant for obtaining a truck hitch for himself when they had the truck hitch in their possession, they knew he was going to purchase said truck hitch for the City of Harlingen and they failed to tell the District Attorney's office of these two vital facts.

V. <u>Supplementation</u>

Plaintiff prays that if this Court is of the opinion that the Plaintiff has not plead necessary facts to state the claims that he seeks redress, then he requests that he be allowed to amend his pleadings consistent with the Court's order.

VI. <u>State Claims</u>

The Plaintiff has not filed any "Amended Complaint" with a defamation claim and will therefore not respond to this paragraph.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Plaintiff pray that the above and foregoing be taken under submission and upon hearing same, the Court dismiss the causes of action agreed to herein and deny any other relief requested by Defendants. Plaintiff further prays that if the Court deems necessary that the Plaintiff plead more facts to state a claim, that Plaintiff have leave to file a First Amended Complaint. Plaintiff prays for and further relief to which he may be entitled.

Respectfully submitted,

The Law Firm of Zayas & Zamora, P.C.
3100 E. 14th St.
Brownsville, Texas 78521
(956)546-5060 Telephone
(956)541-4157 Telecopier

BY: _____
RICHARD E. ZAYAS
State Bar No. 00788744
Fed. I.D No. 16657

ATTORNEY FOR PLAINTIFF,
RAUL RIVAS

## CERTIFICATE OF SERVICE

I, RICHARD E. ZAYAS, do hereby certify that the forgoing Initial Disclosures were served on the following counsel of record in accordance with the Federal Rules of Civil Procedure on June 8, 2000, by mailing to:

Charlie J. Cilfone
Roger W. Hughes
P.O. Drawer 1429
Harlingen, Texas 78551-1429

_____
RICHARD E. ZAYAS