United States District Court
Southern District of Texas
FILED

JUN 0 8 2000

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RAUL RIVAS | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-00-060 |
| | § | |
| JOE LaBEAU; RUBEN DIAZ | § | JURY |
| AND THE CITY OF HARLINGEN | § | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS'**
**MOTION TO DISMISS UNDER FRCP 12(b)(6)**

TO THE HONORABLE JUDE OF SAID COURT:

COMES NOW RAUL RIVAS and files this his Response to Defendants' Motion To Dismiss Under FRCP 12(b)(6) and in support thereof would show the Court the following:

To assist the Court in following this response, Plaintiff will address each of Defendants' allegations made in Paragraphs IV., V. and VI. of their motion and every subparagraph thereof.

A.   Standard of Review

Under 12(b)(6), a Defendant can move for dismissal for failure of the Plaintiff's complaint to state a claim upon which relief can be granted. *Colle v. Brazos County, Texas*, 981 F.2d 237, 243 (5th Cir. 1993). In reviewing a motion to dismiss, the appellate court accepts all well-pleaded allegations as true and should view them in the light most favorable to the Plaintiff. *Scheur v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). The motion may be granted only if it is clear that no relief could be

granted under any set of facts that could be proved consistent with the allegations. *Jackson v. City of Beaumont Police Department*, 958 F.2d 616, 618 (5th Cir. 1992).

A Plaintiff's complaint ordinarily need only be a short and plain statement that gives the defendant notice of what the claim is and the grounds upon which it rests. *Colle*, 981 F.2d at 243. However, for complaints charging violations of 42 U.S.C. § 1983, Plaintiffs must comply with a heightened standard. *Id.* Pleadings are required to state specific facts, not mere conclusory allegations. *Id.*

### B.    Plaintiff Is **Not** Limited To Fourth Amendment

Plaintiff agrees with Defendants that Plaintiff's malicious prosecution claim does not state a claim under the First Amendment and the Fifth Amendment. Although, Plaintiff **disagrees** with Defendants' argument that Plaintiff's malicious prosecution claim does not state a claim under the Fourteenth Amendment "Equal Protection" Clause. Plaintiff agrees with Defendants that the Fifth Circuit has held that the Fourth Amendment claim **will** lie for intentional, malicious prosecution. *Eugene v. Alief I.S.D.*, 65 F.3d 1299, 1303 (5th Cir. 1995), *cert. denied*, 517 U.S. 1191 (1996).

### C.    Plaintiff Has No 5th Amendment Claim

Plaintiff agrees with Defendants that the Fifth Amendment applies only to the Federal Government, not to the states or local cities.

### D.    Plaintiff Has Plead An Equal Protection Claim

Defendants argue that Plaintiff fails to allege any element of a claim under the Equal

Protection Clause of the Fourteenth Amendment. The crux of the Defendants' argument is that the focus of an Equal Protection claim must be based on state officials having treated similarly situated groups differently because of membership in a protected class, e.g., race, sex, etc. The analysis argued by Defendants is overshadowed by a recent Fifth Circuit case in *Dudley v. Angel et. al.*, Docket No. 99-40335, (5th Cir. 2000). "The Equal Protection Clause 'is essentially a direction that all persons similarly situated should be treated alike." *Id.* citing *Brennan v. Stewart*, 834 F. 2d 1248, 1257 (5th Cir. 1988)(quoting *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 ((1995)). When a Plaintiff does not allege he is a member of a suspect class, then under the equal protection analysis, rational basis scrutiny applies. *Id.*

 Since the Plaintiff in our case is not alleging that the he is a member of a suspect class, then the question turns to whether the Defendants had a rational basis for their actions. The facts pled in Plaintiff's Original Petition state that the Defendants caused the Cameron County District Attorney's Office to file a criminal complaint against Plaintiff accusing Plaintiff of having committed the offense of False Statement To Obtain Property Or Credit. ¶¶8, 9 The Petition goes on to plead that Defendants acted without probable cause in initiating the prosecution of Plaintiff in that they had no evidence that Plaintiff made any false statements to obtain property for himself. ¶12. Plaintiff further pleads that Defendants at all times knew that when Plaintiff went to purchase the truck hitch assembly, that it was done with the knowledge and consent of the Defendants. ¶15 The Petition goes on to state

that the Defendants were aware that truck hitch was to be used on a City of Harlingen vehicle; that the City of Harlingen at all times was in the possession of the truck hitch; that the Defendants failed to tell the Cameron County District Attorney's Office that they were aware that the truck hitch was purchased for use by the City of Harlingen; and that they failed to tell the District Attorney's Office that they were in possession of the truck hitch that Plaintiff was being accused of purchasing for himself. ¶¶16-19

If Plaintiff's allegations are regarded as true and this Court views his allegations in the light most favorable to him, it **cannot** be argued that the Defendants had any rational basis for their actions. It is clear that the Defendants clearly intended to maliciously prosecute Plaintiff when they were aware that the Plaintiff was going to purchase a truck hitch for a City of Harlingen truck, it was done with their knowledge and consent and they were in possession of said truck hitch; and thereafter, the Defendants initiated a criminal prosecution against Plaintiff for acquiring said truck hitch for himself. Defendants totally failed to tell the District Attorney's office that they knew Plaintiff was going to purchase said truck hitch for the City of Harlingen and that they had the truck hitch in their possession. These actions on the part of the Defendants, if taken as true, cannot be based on any rational decision because it is obvious that they would not be justified in initiating criminal charges against the Defendant for obtaining a truck hitch for himself when they had the truck hitch in their possession, they knew he was going to purchase said truck hitch for the City of Harlingen and they failed to tell the District Attorney's office of these two vital

facts.

The Equal Protection Clause of the Fourteenth Amendment commands that no State "shall deny to any person within its jurisdiction the equal protection of the laws." Its mandate requires a state to treat all similarly situated persons alike. *Griffith, et. al. v. Johnston*, 899 F.2d 1427 (5th Cirt. 1990) citing *City of Cleburne, Texas v. Cleburne Living Center*, 473 U.S. 432, 442, 105 S.Ct. 3249, 3255, 87 L.Ed.2d 313 (1985); *Plyer v. Doe*, 457 U.S. 202, 216, 102 S.Ct. 2382, 2394, 72 L.Ed.2d 786(1982). Defendants' actions failed to afford Plaintiff the equal protection of the laws as guaranteed by the Fourteenth Amendment because Defendants maliciously initiated criminal charges against Plaintiff when they could have initiated criminal charges against any other City of Harlingen employee. Defendants did not treat Plaintiff as they treated other similarly situated persons, i.e., other City of Harlingen employees. Plaintiff has correctly plead an equal protection claim and said claim should not be dismissed.

  E.  Due Process Clause **Does** Support A Malicious Prosecution Claim

Defendants incorrectly state that in *Albright*, the plurality concluded that the Fourteenth Amendment's Due Process Clause does not cover a claim that Plaintiff was the subject of baseless criminal charges. The court in *Albright* limited its finding to the **substantive** due process clause of the Fourteenth Amendment. Petitioner in *Albright* did not claim that the state of Illinois denied him the procedural due process guaranteed by the Fourteenth Amendment nor a violation of his Fourth Amendment rights as Plaintiff herein

alleges. *Albright v. Oliver*, 510 U.S. 266 (1994)

Defendants also state in their motion that in *Albright* "Justices Scalia and Ginsberg agreed that Due Process did not protect against malicious prosecution." In reading *Albright*, Justice Scalia did not state that the Due Process Clause did not protect against malicious prosecution, he merely stated that the "Due Process Clause guarantees certain (unspecified) liberties, rather than merely guarantees certain procedures as a requisite to deprivation of liberty." *Id.* He goes on to talk about the "substantive due process" of the "Due Process Clause" but does not speak of the "procedural due process" claim. *Id.*

In reviewing Ginsburg's concurring opinion, he analyzes the Fourth Amendment and refuses to apply Plaintiff's claim to a "substantive due process" claim. Ginsburg alike Scalia does not apply the Plaintiff's claim to a "procedural due process" claim of the Fourteenth Amendment. *Id.*

Defendants malicious prosecution claim is a violation of Plaintiff's Procedural Due Process rights afforded him under the Fourteenth Amendment since the probable cause the District Attorney relied on was based on false information supplied by Defendants.

F.   <u>No Allegation That Prosecution Violated First Amendment Rights</u>

Plaintiff agrees with Defendants that he is not asserting any violation of his First Amendment Rights.

G.   <u>Plaintiff Properly Supported A Fourth Amendment Claim</u>

Plaintiff agrees with Defendants that the Fifth Circuit has concluded that malicious prosecution **will** lie under the Fourth Amendment. *Eugene* at 1303. However, the Fourth Amendment refers only to unreasonable "searches and seizures." Therefore, Plaintiff must allege the prosecution caused a deprivation of liberty consistent with a "seizure." *Evan v. Ball*, 168 F.3d 856, 861 (5th Cir. 1999). Defendants claim that Plaintiff did not suffer a "seizure" because he merely appeared to court in response to a summons and that does not constitute a "seizure" of his person; Plaintiff disagrees with Defendants on this point.

In *Albright,* Justice Ginsburg in his concurring opinion held "[t]his view of the definition and duration of a seizure comports with common sense and common understanding. A person facing serious criminal charges is hardly freed from the state's control. His is required to appear in court at the state's command. Pending prosecution, his employment prospects may be diminished severely, he may suffer reputational harm, and he will experience the financial and emotional strain of preparing a defense. A defendant incarcerated until trial no doubt suffers greater burdens. That difference, however, should **not** lead to the conclusion that a defendant released pretrial is not still "seized" in the constitutionally relevant sense. Such a defendant is scarcely at liberty; he remains apprehended, arrested in his movements, indeed "seized" for trial, so long as he is bound to appear in court and answer the state's charges. He is equally bound to appear, and is hence "seized" for trial, when the state employs the less strong-arm means of a summons in lieu of arrest to secure his presence in court. This conception of a seizure and its course

recognizes that the vitality of the Fourth Amendment depends upon its constant observance by police officers." For the Defendant Officer, the Fourth Amendment governed both the manner of, and the cause for arresting the Petitioner. If the Defendant Officer gave misleading testimony at the preliminary hearing, that testimony served to maintain and reinforce the unlawful haling of the Petitioner into court, and so perpetuated the Fourth Amendment violation. *Id.*

Similarly in our case, the Plaintiff was unlawfully hailed into court because of the false and misleading statements given by the Defendants to the Cameron County District Attorney's Office. Therefore, this court in viewing all the plead allegations as true and in the light most favorable to the Plaintiff can find that Plaintiff was indeed "seized" because as pled, Plaintiff was tried, acquitted and discharged, ¶10; Plaintiff suffered injury to his reputation, ¶33; Plaintiff incurred the cost of attorney's fees in defending the prosecution, ¶34 and the Plaintiff suffered mental anguish, ¶33. Consistent with these allegations the Plaintiff could easily prove the amount of time he was required to be in court that could amount to a seizure within itself. All these elements comport with Justice Ginsburg's "common sense and common understanding" approach to the definition of "seizure." Thus, Plaintiff was "seized" as required to invoke his Fourth Amendment protections.

    V.    **Plaintiff's Petition Fails to State Facts Rasing Claims Under 42 U.S.C. §§1985 and 1986**

Plaintiff agrees with Defendants that he fails to state a claim under 42 U.S.C. §1985, §1986 and §1988.

VI. State Law Claims

A. Sovereign Immunity Bars State Law Claims Against Defendant City

Plaintiff agrees with Defendants that Sovereign immunity bars all state common law claims against the City of Harlingen.

B. Dismissal of State Law Claims Against City Does **Not** Dismiss Against Individual Officers

Defendants are wrong in asserting that a dismissal of all state common law claims against the City also dismisses the Individual Officers. If the City is entitled to a dismissal based on governmental immunity, the Individual Officers in their **Official** (as opposed to **Individual**) capacity are also entitled to a dismissal of all state common law claims. *City of Hempstead v. KMIEC*, 902 S.W.2d 118 (Tex. App. - Houston [1st Dist.] 1995, no writ).

The state common law claims remain against the Individual Officers in their **Individual** Capacity. It is recognized that a federal civil rights action will lie where there is malice or absence of probable cause. *Wyland v. James*, 426 F.Supp. 304, 306 (N.D. Tex. 1977)(citing *Nesmith v. Alford*, 318 F.2d 110 (5th Cir. 1963). The elements of a malicious prosecution claim are: (1) a criminal action was commenced against the plaintiff; (2) the prosecution was caused by the defendant or with his aid; (3) the action terminated in plaintiff's favor; (4) the plaintiff was innocent; (5) the defendant acted without probable cause; (6) the defendant acted with malice; and (7) the criminal proceeding damaged the

plaintiff. *Pete v. Metcalfe*, 8 F.3d 214, 219 (5th Cir. 1993). State actors may be liable for damages for bad faith prosecution, if they join in malicious prosecution without probable cause. *Hand v. Gary*, 838 F.2d 1420, 1426 (5th Cir. 1988).

Plaintiff has alleged facts which support a § 1983 claim for malicious prosecution. A False Statement To Obtain Property Or Credit action was commenced against Plaintiff; the prosecution was caused by the acts of Defendants; Defendant's action was terminated in his favor when he was tried, acquitted, and discharged; the Plaintiff was found to be innocent; the Defendants acted without probable cause because they withheld information from the District Attorney's office that would have stopped charges against him; the Defendants acted with malice or they would not have withheld vital information from the District Attorney's office; and Plaintiff has suffered physical as well as mental anguish damages.

Since Defendants Joe LaBeau and Ruben Diaz are still liable in **an individual** capacity, dismissal as to those two Defendants is not proper.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Plaintiff pray that the above and foregoing be taken under submission and upon hearing same, the Court dismiss the causes of action agreed to herein and deny any other relief requested by Defendants. Plaintiff further prays that if the Court deems necessary that the Plaintiff plead more facts to state a claim, that Plaintiff have leave to file a First Amended Complaint. Plaintiff prays for and

further relief to which he may be entitled.

                        Respectfully submitted,

                        The Law Firm of Zayas & Zamora, P.C.
                        3100 E. 14th St.
                        Brownsville, Texas  78521
                        (956)546-5060 Telephone
                        (956)541-4157 Telecopier

BY: _____
       RICHARD E. ZAYAS
       State Bar No. 00788744
       Fed I.D. No. 16852

ATTORNEY FOR PLAINTIFF,
RAUL RIVAS

## CERTIFICATE OF SERVICE

    I, RICHARD E. ZAYAS, do hereby certify that the forgoing Initial Disclosures were served on the following counsel of record in accordance with the Federal Rules of Civil Procedure on June 8, 2000, by mailing to:

Charlie J. Cilfone
Roger W. Hughes
P.O. Drawer 1429
Harlingen, Texas 78551-1429

_____
RICHARD E. ZAYAS