11

United States District Court
Southern District of Texas
FILED

JUL 26 2000

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RAUL RIVAS | { | |
| | { | CIVIL ACTION NO. B-00-060 |
| V. | { | |
| | { | |
| JOE LaBEAU; RUBEN DIAZ; | { | **A JURY IS DEMANDED** |
| AND THE CITY OF HARLINGEN | { | |

DEFENDANTS' REPLY BRIEF IN SUPPORT OF RIVAS'
(1) MOTION TO DISMISS UNDER FRCP 12(B)(6), AND
(2) MOTION TO DISMISS BASED ON QUALIFIED IMMUNITY

---

Charlie J. Cilfone (Atty-in-Charge)
Roger W. Hughes
ADAMS & GRAHAM, L.L.P.
P. O. Drawer 1429
Harlingen, TX 78551-1429

Attorneys for Defendants,
JOE LaBEAU; RUBEN DIAZ; and
THE CITY OF HARLINGEN

## TABLE OF CONTENTS

                                                                                              Page

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

I. PLAINTIFF CONCEDES DISMISSAL OF SEVERAL CLAIMS . . . . . . . . . 5

II. "PROCEDURAL" DUE PROCESS AFFORDS NO REMEDY
    FOR "BAD FAITH" PROSECUTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

        A.     No Equal Protection Claim Exists If Identifiable Class
               Did Not Exist Before the Illegal Action . . . . . . . . . . . . . . . . . . . . 8

        B.     Irrational Treatment of One Individual
               Does Not Violate Equal Protection . . . . . . . . . . . . . . . . . . . . . . . 10

IV. NO FOURTH AMENDMENT CLAIM ABSENT "SEIZURE" . . . . . . . . . . 11

V. RIVAS FAILS TO ALLEGE SPECIFIC FACTS
    OVERCOMING QUALIFIED IMMUNITY . . . . . . . . . . . . . . . . . . . . . . . . 12

        A.     Rivas Fails to State Facts Alleging Violation of
               a Constitutional Right . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

        B.     No "Clearly Established" Law That Causant
               Person to be Summoned to Court Was a
               "Seizure" for Fourth Amendment Purposes . . . . . . . . . . . . . . . . . 13

VI. DISMISSAL OF STATE LAW CLAIMS AGAINST
     INDIVIDUAL LAW OFFICERS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

# INDEX OF AUTHORITIES

<u>Cites:</u>                                                                                              <u>Page</u>

*Albright v. Oliver*, 510 U.S.266 (1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 11

*Allred's Produce v. U.S. Dept. of Agric.*,
    178 F.3d 743 (5th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Britton v. Maloney*, 196 F.3d 24 (5th Cir. 1999) . . . . . . . . . . . . . . . . . . . . 12

*Bryan v. City of Madison*, Miss.,
    213 F.3d 267 (5th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

*Cleveland Bd. of Ed. U.C. v. Loudermil*,
    470 U.S. 532 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Dudley v. Angel*, 209 F.3d 460 (5th Cir. 2000) . . . . . . . . . . . . . . . . . . . . 7, 8

*Eugene v. Alief I.S.D.*, 65 F.3d 1299 (5th Cir. 1995),
    *cert. denied*, 517 U.S. 1191 (1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Evans v. Ball*, 168 F.3d 856 (5th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . 12, 13

*Gerhart v. Hayes*, 201 F.3d 646 (5th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . 7

*Gutierrez v. City of San Antonio*, 139 F.3d 441 (5th Cir.) . . . . . . . . . . . . . . 13

*Indianapolis Minority Centers Assoc.,*
    *Inc. v. Wiley*, 187 F.3d 743 (7th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . 9

*Johnson v. Louisiana Dept. of Agriculture*,
    18 F.3d 318 (5th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

*Johnson v. Rodriguez*, 110 F.3d 299 (5th Cir. 1997),
    *reh'g den.*, 117 F.3d 1419 (5th Cir. 1997),
    *cert. denied*, 522 U.S. 495 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . 8-10

*Kaiser v. Garett*, 67 F.3d 1166 (5th Cir. 1995) .................................. 13

*Morin v. Caire,* 77 F.3d 116 (5th Cir. 1996) ................................... 6

*Parratt v. Taylor,* 451 U.S. 527 (1981) ....................................... 7

*Wheeler v. Miller*, 168 F.3d 241 (5th Cir. 1999) ............................. 10

*X-men, Inc. v. Pataki*, 196 F.3d 56 (2nd Cir. 1999) ........................... 9


Statutes:

14th Amendment ................................................... 5, 6


Texas Civil Practices & Remedies Code:

§ 101.106 ........................................................ 14


Federal Statutes:

42 U.S. § 1985 ..................................................... 5
42 U.S. § 1988 ..................................................... 5
42 U.S.C., § 1983 ................................................ 6, 14

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RAUL RIVAS | { | |
| | { | CIVIL ACTION NO. B-00-060 |
| V. | { | |
| | { | |
| JOE LaBEAU; RUBEN DIAZ; | { | **A JURY IS DEMANDED** |
| AND THE CITY OF HARLINGEN | { | |

DEFENDANTS' REPLY BRIEF IN SUPPORT OF RIVAS'
(1) MOTION TO DISMISS UNDER FRCP 12(B)(6), AND
(2) MOTION TO DISMISS BASED ON QUALIFIED IMMUNITY

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendants, JOE LaBEAU, RUBEN DIAZ and THE CITY OF HARLINGEN, and file this DEFENDANTS' BRIEF IN SUPPORT OF RIVAS' (1) MOTION TO DISMISS UNDER FRCP 12(b)(6) and MOTION TO DISMISS BASED ON QUALIFIED IMMUNITY would show the Court as follows:

I. PLAINTIFF CONCEDES DISMISSAL OF SEVERAL CLAIMS

Rivas' response concede the Court must dismiss his claims under: (1) the First and Fifth Amendments, U.S. Const.; (2) 42 U.S. §§ 1985, 1988; and (3) "Substantive" Due Process under the 14th Amendment. Therefore, those claims must be dismissed as to all Defendants.

Rivas also concedes that state law tort claims against the City of Harlingen must be dismissed. Therefore, that claim should be dismissed as to the City.

## II. "PROCEDURAL" DUE PROCESS AFFORDS NO REMEDY FOR "BAD FAITH" PROSECUTION

Rivas' Response, p. 11, urges that a "bad faith" prosecution violates a "Procedural" Due Process. This argument suffers from several defects, not the least of which his failure to cite a single case to support it.

First, Plaintiff concedes that *Albright v. Oliver*, 510 U.S.266 (1994) held "bad faith" on prosecution did not implicate the Substantive Due Process under the 14th Amendment. It is unlikely the court would have held that "bad faith" prosecution does not violate "Substantive" Due Process, if it violated "Procedural" Due Process. This would be doubly puzzling in light of the plurality's conclusion that Due Process does not apply because the conduct implicated only the 4th Amendment. 510 U.S. at 274.

The 5th Circuit has interpreted *Albright* to exclude any part of the 14th Amendment as a remedy for malicious prosecution under 42 U.S.C., § 1983. *Morin v. Caire,* 77 F.3d 116, 120 (5th Cir. 1996); *Eugene v. Alief I.S.D.,* 65 F.3d 1299, 1303 (5th Cir. 1995), *cert. denied*, 517 U.S. 1191 (1996). Similar "Procedural" Due Process arguments have been rejected. *Morin,* 77 F.3d at 120 (allegation of malicious prosecution failed to raise "Procedural" Due Process); *Johnson v. Louisiana Dept. of Agriculture,* 18 F.3d 318, 321 (5th Cir. 1994).

Second, an analysis of "Procedural" Due Process shows why it does not apply. That branch of Due Process requires only that the government afford notice and an opportunity to be heard. *Cleveland Bd. of Ed. U.C. v. Loudermil*, 470 U.S. 532 (1985); *Gerhart v. Hayes*, 201 F.3d 646, 649 (5th Cir. 2000). Rivas literally argues that no government agency can initiate prosecution without first affording the suspect notice of its intent and an opportunity to be heard. It is ludicrous to argue that the agency victimized by criminal misconduct must notify the suspect before going to the authorities. Even more ludicrous is to imagine the nature of this "hearing." This would literally grind many federal agencies to a halt, preventing them from consulting with the Department of Justice until after they have notified the suspect.

Moreover, "Procedural" Due Process is satisfied if the state provides an adequate prost-deprivation tort remedy. *Parratt v. Taylor,* 451 U.S. 527 (1981). Because Texas has a tort of malicious prosecution, no "Procedural" Due Process claim exists. *See, e.g., Johnson,* 18 F.3d at 322.

### III. "IRRATIONAL" PROSECUTION DOES NOT STATE AN EQUAL PROTECTION CLAIM

Rivas' Response concedes that he does not allege he is a member of a suspect class or that he was treated differently on the basis of membership in that class, e.g. race, sex, etc. Resp., p. 3. Instead, he argues that he was not treated like "a person similarly

situated" and that his disparate treatment was without rational basis, citing *Dudley v. Angel*, 209 F.3d 460, 463 (5th Cir. 2000).

Rivas 'irrationality' argument ducks the point. He has not alleged the existence of two similarly situated classes of persons, one of which was treated differently. In *Dudley*, the 5th Circuit stressed that plaintiff lost because he did not show that any similarly situated person was treated differently. 209 F.3d at 463.

The Response, p. 5, argues that the "other similarly situated persons" were the other City employees. However, Plaintiff does not explain how they are "similarly situated," other than they are all City employees who were not prosecuted. If Rivas' allegation is that the "other class" consists of the City employees who were not prosecuted for these offenses, this classification fails as matter of law. If Rivas' allegation is that he is that he was the only City employee singled out for prosecution (i.e, his class is a 'class-of-one"), his concession dooms the Equal Protection claim.

    A.    No Equal Protection Claim Exists If Identifiable Class Did Not Exist Before the Illegal Action

The Equal Protection claim requires the existence of discoverable, identifiable groups existing *before* the government's challenged action. *Johnson v. Rodriguez*, 110 F.3d 299, 307 (5th Cir. 1997), *reh'g den.*, 117 F.3d 1419 (5th Cir. 1997), *cert. denied*, 522 U.S. 495 (1997). Even under the "rational basis" test the government's challenged action must appear to classify or distinguish between different groups; otherwise, there is

no equal protection violation. *Johnson*, 110 F.3d at 306. The thrust of an Equal Protection Claim is not that plaintiff is deprived of a right, rather it is the invidious classification of persons. *Indianapolis Minority Centers Assoc., Inc. v. Wiley*, 187 F.3d 743, 752 (7th Cir. 1999). There is no equal protection right not to be singled out for criticism or different treatment. *X-men, Inc. v. Pataki*, 196 F.3d 56, 72 (2nd Cir. 1999).

The class of City employees who were or were *not* prosecuted did not exist before the challenged action. The two different classes did not exist before the City's alleged discrimination (here, allegedly causing prosecution), but only as a consequence. The City could not discriminate against his class or in favor of another class, because neither class existed until after the alleged discrimination.

Compare *Johnson*, 110 F.3d at 307. There, a prisoner challenged on Equal Protection grounds, a Texas statute permitting the crime victims to put 'protest letters' in the prisoners' parole files for consideration by the parole board during the parole hearings. 110 F.3d at 304. The trial court determined that prisoners who received such letters were a 'class' for and the statutory scheme denied them Equal Protection. *Id.* at 305-306.

The 5th Circuit reversed the holding that the statute violated Equal Protection by discriminating against prisoners who received 'protest letters.' *Id.* at 307. Simply adopting to statute could not discriminate against that class because it did not exist before the statute was enacted.

"The existence of a discoverable group or classification antedating the challenged state action is a *sine qua non* for proving purposeful discrimination; it cannot tenably be maintained that the state selected a particular course of action to harm 'an identifiable group' when that body did not exist until *after* the state acted."

*Id.* at 307 [emphasis in the original].

### B. Irrational Treatment of One Individual Does Not Violate Equal Protection

It appears that Rivas claims that his 'class' consists of only himself. If the class of persons who were prosecuted with no rational basis consists of only Rivas, it fails as a matter of law. A "class of one" will not satisfy an equal protection claim. *Wheeler* v. *Miller*, 168 F.3d 241, 251-252 (5th Cir. 1999).

It is apparent that Plaintiff actually grounds his Equal Protection claim on selective enforcement or prosecution. Any claim that he was singled out for prosecution for irrational purposes is doomed by his concession that he does not rely on membership in a suspect class or retaliation for exercising a constitutional liberty.

Selective prosecution will not violate Equal Protection unless Plaintiff pleads and proves that the officials' acts were motivated by either (1) race, religion, etc. or (2) the desire to prevent or retaliate against the plaintiff's exercise of a constitutional right. *Bryan v. City of Madison*, Miss., 213 F.3d 267, 277 (5th Cir. 2000). There, a developer was not able to get land rezoned in order to build apartments. *Id.* at 269. The city rejected his request for rezoning and building permits based on construction standards.

*Id.* at 270. He was unable to show any instance where the city had applied the standards to another developer in a manner different than it applied to him. *Id.* at 276. The 5th Circuit affirmed summary judgment for the city. The developer argued that the city's extraordinary efforts to reject his applications violated equal protection. The 5th Circuit analogized this to "selective prosecution" concluding that the refusal to give him a variance or permit did not violate equal protection unless the city's motive was based on his membership in a suspect class or the exercise of a constitutional right. *Id.* at 277.

Therefore, the selective use of official power against a single party does not violate equal protection absent a claim that (1) the motive was to prevent or retaliate against the exercise of a constitutional right, or (2) is motivated by the plaintiff's membership in a suspect class. *Bryan*, 213 F.3d at 277; see also, *Allred's Produce v. U.S. Dept. of Agric.*, 178 F.3d 743, 748 (5th Cir. 1999).

## IV. NO FOURTH AMENDMENT CLAIM ABSENT "SEIZURE"

Rivas' Response seems to concede that he was not formally arrested and his appearance in the court was a voluntary response to a summons. If that is the case, then Plaintiff has failed to alleged a "seizure" under the Fourth Amendment.

Plaintiff quotes Justice Ginberg's concurrence in *Albright*, without mentioning its critical point. Justice Ginberg referred to a person "released pretrial." 510 U.S. at 279. This refers to a person who has been arrested and is released on bail, i.e. must put up a

bond and suffer formal, written restrictions on movement which, if violated, result in a forfeiture of property and arrest. *Id.* at 277-78.

The different is critical. If there is only a summons, appearance is voluntary; the accused is not seized until an arrest warrant is issued. If there is no bond, no restriction exists on his liberty; failure to appear at trial forfeits no money or property. A person who voluntarily appears in court for arraignment and for trial is no more "seized" than a person who voluntarily goes to the police station in response to a phone call to come by and answer questions.

Put another way, Rivas does not cite a single case where a court has *held* that a voluntary court appearance in response to a mere summons is a "seizure" for Fourth Amendment purposes. The 5th Circuit has held that a "seizure" occurs only if the summons is accompanied by additional restrictions, e.g., pretrial restrictions on travel, mandatory reporting to the court, etc. *Evans v. Ball*, 168 F.3d 856, 861 (5th Cir. 1999). *See, also, Britton v. Maloney*, 196 F.3d 24, 29 (5th Cir. 1999).

## V. RIVAS FAILS TO ALLEGE SPECIFIC FACTS OVERCOMING QUALIFIED IMMUNITY

### A. Rivas Fails to State Facts Alleging Violation of a Constitutional Right

Rivas argues that he has alleged facts showing Defendants LeBeau and Diaz violated "Procedural" Due Process and Equal Protection. As argued above under ¶¶ II and III, his due process and equal protection claims fail as a matter of law.

With respect to a Fourth Amendment claim, Rivas argues that his allegation that he was "unlawfully hailed into court" is sufficient to allege a "seizure" for Fourth Amendment purposes. He denies he has to specifically allege any seizure of his person, that a mere summons to appear is a seizure. As argued above at ¶ IV, "Seizure" requires substantial restrictions on personal liberty in addition to a summons to appear. *Evans*, 168 F.3d at 861.

    B.    No "Clearly Established" Law That Causant Person to be Summoned to Court Was a "Seizure" for Fourth Amendment Purposes

Rivas argues that if constitutional law prohibited "bad faith" prosecution, that is as "clearly established" as the law need be to defeat qualified immunity. It is not enough that the broad right be established; rather, the law must be sufficiently clearly established so that the official would know that his specific acts violated established law.

Rivas must prove more than the broad contours of established rights or broad legal truisms. *Kaiser v. Garett*, 67 F.3d 1166, 1170 (5th Cir. 1995). The contours of the constitutional right must be defined narrowly enough so that the official would know, given the information known to the officer at the time of taking action, that his acts violated established rights in light of pre-existing law. *Gutierrez v. City of San Antonio*, 139 F.3d 441, 445 (5th Cir.). The point is that unless the law was sufficiently clear that causing a person merely to voluntarily appear in court was a "seizure," the officer could

not know that acts causing such a situation violated clearly established constitutional rights.

At this point, Rivas proceeds largely by ignoring the case law. The Fifth Circuit in 1999 *sustained* a plea of qualified immunity precisely on the basis that there was no clearly established law as to what kind of restrictions would cause a "seizure." *Evans*, 168 F.3d at 861-62. Rivas cites no case holding that, in 1998, "seizure" clearly included a voluntary appearance in response to a summons.

## VI. DISMISSAL OF STATE LAW CLAIMS AGAINST INDIVIDUAL LAW OFFICERS

First, Plaintiff's Response concedes the state law claims against the City must be dismissed. A judgment in favor of the City on state law claims requires a dismissal of the state law claims against the officers. Tex. Civ. Prac. & Rem. Code Ann., § 101.106.

The Response argues that the individual officers have personal liability for the claims under 42 U.S.C., § 1983. This misses the point. Sec. 101.106 would bar the state bar claims, not the federal ones. Sec. 101.106 operates independently of the merits of the claims against the officers. Once a judgment is entered for or against the City on the *state law* against the officers must be dismissed as well.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendants CITY OF HARLINGEN, TEXAS; JOE LaBEAU, RUBEN DIAZ pray the above and foregoing be taken under

submission and upon hearing same, the Court grant the relief requested, dismiss all or part of the claims alleged, or grant any other such further relief to which they may show themselves entitled.

Respectfully Submitted,

ADAMS & GRAHAM, L.L.P.
P. O. Drawer 1429
Harlingen, TX 78551-1429
956/428-7495; FAX: 956/428-2954
RHughes@adamsgraham.com

By: _____
CHARLIE J. CILFONE
State Bar No. 04251200
Federal ID No. 11416
ROGER W. HUGHES
State Bar No. 10229500
Federal ID No. 5950

Attorneys for Defendants, JOE LaBEAU; RUBEN DIAZ; and THE CITY OF HARLINGEN

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing document was forwarded on this the 25 day of July, 2000, to the following counsel of record and interested parties:

---

Attorney of Record for Plaintiff, RAUL RIVAS:

Mr. Richard E. Zayas                    CM RRR 7099 3220 0001 0357 9577
ZAYAS & ZAMORA, P.C.
3100 East 14th Street
Brownsville, TX 78521

_____
ROGER W. HUGHES