
14

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED
SEP 07 2000
Michael N. Milby, Clerk of Court
By Deputy Clerk

| | |
|---|---|
| Raul Rivas, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. B-00-060 |
| § | |
| Joe Labeau, Ruben Diaz, and City of § | |
| Harlingen, § | |
| § | |
| Defendants. § | |
| § | |

**ORDER ON DEFENDANTS' MOTIONS TO DISMISS**

BE IT REMEMBERED, that on September 6, 2000, the Court considered the Defendants' Motion to Dismiss under FRCP 12(b)(6) [Dkt. No. 3] and the Individual Defendants' Motion to Dismiss [sic] under FRCP 12(b)(6) based on Qualified Immunity [Dkt. No. 4].[1] After considering the Plaintiff's complaint, the Defendants' motions, the Plaintiff's responses, and the Defendants' reply, the Court **GRANTS IN PART** and **DENIES IN PART** the Defendants' Motion to Dismiss under FRCP 12(b)(6) [Dkt. No. 3] and **GRANTS** the Individual Defendants' Motion to Dismiss [sic] under FRCP 12(b)(6) based on Qualified Immunity [Dkt. No. 4] in that it **ORDERS** the Plaintiff to file a Federal Rule of Civil Procedure 7(a) reply by September 31, 2000. In addition, the Court **ORDERS** the Parties to submit a proposed scheduling order before the initial pretrial conference set for September 11, 2000, that takes into account the Court's rulings in this order.

---

[1] The individual Defendants' motion refers to a first amended complaint, when, in fact, no amended complaint has been filed in this case. The Court therefore construes the Defendants' motion as if it referred to the Plaintiff's original complaint.

1

I. **Facts**

The Plaintiff Raul Rivas alleges that the Defendants maliciously caused the Cameron County District Attorney's office to charge the Plaintiff with making a false statement to obtain property or credit, when they knew that the Plaintiff was innocent. Specifically, the Defendants accused the Plaintiff of making "'a materially false or misleading written statement to Victor Nieves, namely, that a truck hitch assembly was to be purchased for the City of Harlingen with the intent to obtain' the truck hitch for himself [Dkt. No. 1, Exh. 1, p. 3, ¶ 14]." The Defendants failed to inform the District Attorney that they consented to the purchase in advance and possessed the truck hitch at all material times. In addition, they failed to interview witnesses who could demonstrate the Plaintiff's innocence, and created and submitted false reports and affidavits to the District Attorney's office. These actions were caused by the Defendant City of Harlingen's failure to institute meaningful and adequate internal procedures to prevent its employees from intentionally instituting baseless criminal investigations. The Plaintiff was acquitted of making a false statement to obtain property or credit on March 31, 1999.

The Plaintiff alleges that the Defendants' actions, individually and in concert, violated his First, Fourth, Fifth and Fourteenth Amendment rights. In addition, the Plaintiff alleges that the Defendants are liable for the state law torts of malicious prosecution, abuse of process, negligence and gross negligence.

II. **Standard for deciding a motion to dismiss**

When considering a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a district court must accept all well-pleaded facts as true, and construe them in favor of the plaintiff. See Conley v. Gibson, 335 U.S. 41, 45-46 (1957); Petta v. Rivera, 143 F.3d 895, 897 (5th Cir. 1998); McCartney v. First City Bank, 970 F.2d 45, 47 (5th Cir. 1992). The plaintiff is only required to plead sufficient information to outline the elements of his or her cause of action or to permit reasonable inferences to be drawn

2

that these elements exist.[2] See General Star Indemnity, Co. v. Vesta Fire Ins., Corp., 173 F.3d 946, 950 (5th Cir. 1999); Tuchman v. DSC Communications Corp., 14 F.3d 1061, 1067 (5th Cir. 1994). See also 5 C. WRIGHT & C. MILLER, FEDERAL PRACTICE & PROCEDURE § 1216 (2d ed.1990). In other words, the complaint must simply provide the opposing party with fair notice of the plaintiff's claim and the grounds upon which it is based. See Conley, 355 U.S. at 47. The Supreme Court has stated, and the Fifth Circuit has repeatedly cited "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Walker v. South Bell Central, 904 F.2d 275, 276 (5th Cir. 1990) (citing Conley, 355 U.S. at 45-46.). See also Davis v. Monroe County Brd. of Education, 526 U.S. 629, 654 (1999); Shipp v. McMahon, 199 F.3d 256, 260 (5th Cir. 2000); Tuchman, 14 F.3d at 1067; Mahone v. Addicks Utility Dist. of Harris County, 836 F.2d 921, 926 (5th Cir. 1988). Ambiguities or doubts regarding the sufficiency of the claim must be resolved in favor of the plaintiff in order "to do substantial justice." Fed R. Civ. Pr. 8(f). See Fernandez-Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir. 1993).

While the law disfavors motions to dismiss for failure to state a claim, there are of course situations in which a complaint should and must be dismissed. See Mahone, 836 F.2d at 926; Clark v. Amoco Prod. Co., 794 F.2d 967, 970 (5th Cir. 1986). The Court cannot allow a complaint to survive if it only alleges legal conclusions, or is devoid of any factual allegations. See Fernandez-Montes, 987 F.2d at 284; Walker, 904 F.2d at 277. In addition, if the face of the complaint demonstrates that the plaintiff's claim is barred by an affirmative defense, or if no reasonable inference can be made on an element, the plaintiff cannot proceed. See Blackburn v. City of Marshall, Tex., 42 F.3d 925, 931 (5th Cir. 1995).

---

[2] "A complaint need not outline all the elements of a claim. It must be possible, however, for an inference to be drawn that these elements exist." Walker v. South Central Bell Telephone Co., 904 F.2d 275, 277 (5thn Cir. 1990). However, the plaintiff cannot supplement the complaint with factual allegations contained outside the four corners of the pleadings in order to establish the elements of his or her claim. See McCartney v. First City Bank, 970 F.2d 45, 47 (1992).

The routine rules of notice pleading detailed above do not apply when a plaintiff sues a public official in their individual capacity under 42 U.S.C. § 1983, and the defendant asserts the affirmative defense of qualified immunity. Once an individual defendant claims immunity he or she may request that the court order the plaintiff to file a Federal Rule of Civil Procedure 7(a) reply that complies with a heightened pleading standard. See Schultea v. Wood, 47 F.3d 1427, 1433 (5th Cir. 1995) (en banc). In fact, in some situations, it may be reversible error to dismiss a case based on qualified immunity if a Rule 7 reply is not ordered.[3] See Reyes v. Sazan, 168 F.3d 158, 160-61 (5th Cir. 1999); Morrin v. Caire, 77 F.3d 116, 121 (5th Cir. 1996); Todd v. Hawk, 72 F.3d 443, 446 (5th Cir. 1995); Schultea, 47 F.3d at 1436 n.1 (concurring opinion of Judge Emilio Garza). Once a Rule 7 reply has been filed, it is considered part of the pleadings and the facts alleged therein may be considered in deciding a motion to dismiss.

III.  **Defendants' Motion to Dismiss under FRCP 12(b)(6) [Dkt. No. 3]:**

A.  **The Plaintiff agrees with the Defendants that several causes of action pled in his complaint must be dismissed**

The Plaintiff concedes that his complaint does not state a claim:

(1)  for a violation of his First or Fifth Amendments pursuant to 42 U.S.C. § 1983;

(2)  for a breach of his Fourteenth Amendment substantive due process rights under 42 U.S.C. § 1983;

(3)  for a conspiracy to interfere with his civil rights under 42 U.S.C. §§ 1985 and 1986; and,

(4)  against the Defendant the City of Harlingen for the state law torts of malicious prosecution, abuse of process, negligence and gross negligence.

The Defendants' motion is consequently **GRANTED** as to the aforementioned causes of action.

---

[3] Whether a complaint is insufficiently particular, and, therefore, a Rule 7 reply is required is a question of law. See Reyes v. Sazan, 168 F.3d 158, 160-61 (5th Cir. 1999).

4

B.  **The Defendants' motion is DENIED as to the Plaintiff's 42 U.S.C. § 1983 Equal Protection Clause cause of action**

The Defendants claim that the Plaintiff has not alleged a violation of his Fourteenth Amendment Equal Protection Clause rights. They assert that the Plaintiff has not stated a claim because he does not allege that he belongs to a protected class, that the Defendants intentionally treated him differently because of his membership in an identifiable group, or that the Defendants retaliated against him because he exercised a constitutional right.

"The Equal Protection Clause is essentially a direction that all persons similarly situated should be treated alike." Dudley v. Angel, 209 F.3d 460, 463 (5th Cir. 2000) (citations omitted). The first step of any Equal Protection Clause analysis is to identify whether the plaintiff has been treated differently than similarly situated individuals. See Mahone, 836 F.2d at 932. If the plaintiff has been singled out, a court must then identify the level of judicial scrutiny under which the defendant's actions are to be examined. If a person is treated differently based on a suspect class, such as race, or the exercise of a fundamental right, a court must use strict scrutiny to examine the defendant's motives and actions. See Johnson v. Rodriguez, 110 F.3d 299, 306 (5th Cir.1997). On the other hand, if a plaintiff alleges that he was treated differently solely based on malicious and irrational decision making, a defendant need only demonstrate a rational basis for its actions. See Id. Since the Plaintiff's claim is not based on his membership in a protected class or on retaliation for exercising a fundamental right, the rational basis test applies.

Under the rational basis test, a plaintiff must demonstrate the following to state an equal protection claim: (1) that there are people who are similarly situated; (2) that those people were treated differently than the plaintiff; (3) that the different treatment was intentional; and, (4) that there was no rational reason for the different treatment. See Nordgren v. Hafter, 789 F.2d 334, 339 (5th Cir. 1986); Williams v. Taylor, 677 F.2d 510, 516 (5th Cir.1982); Zeigler v. Jackson, 638 F.2d 776, 779-80 (5th Cir. 1981). The Plaintiff was subject to disparate treatment by his employer, the City of Harlingen, in that other law-abiding employees were not subject to criminal investigation, while the Plaintiff was

5

investigated and subsequently prosecuted for a crime he did not commit. Since the Defendants knew the Plaintiff was innocent, their actions were intentional and had no rational basis. The Plaintiff's complaint accordingly states a cause of action for the violation of the Plaintiff's equal protection rights, and the Defendants' motion must be **DENIED**.

The Defendants look to selective prosecution cases for the proposition that the Plaintiff cannot state an equal protection claim unless he suffered discrimination based on his membership in a suspect group or on the exercise of a constitutional right.[4] See Bryan v. City of Madison, Miss., 213 F.3d 267, 277 (5th Cir. 2000); Allred's Produce v. U.S. Dep't of Agric., 178 F.3d 743, 748 (5th Cir. 1999). However, neither Bryan v. City of Madison, Miss. nor Allred's Produce v. U.S. Dep't of Agric. can be properly cited for that proposition. In Bryan, the Fifth Circuit dismissed the plaintiff's claim because he did not allege that the defendants acted "because of his race, his religion, his attempts to assert his constitutional rights, or just personal vindictiveness." See 213 F.3d at 277. In Allred's Produce v. U.S. Dep't of Agric., contrary to the case before this Court, the plaintiff was found guilty of violating the law, and, therefore, could not complain of the "conscious exercise of some selectivity in enforcement." See 178 F.3d at 748. The Defendants' assertion would prevent a court from ever applying the rational basis test to an equal protection cause of action. That is clearly not the case.

The Defendants also allege that the Plaintiff does not state a claim because no discoverable, identifiable group of more than one person existed before the Plaintiff was investigated for the crime of making a false statement to obtain property or credit. See Wheeler v. Miller, 168 F.3d 241, 277 n.18 (5th Cir.1999); Johnson, 110 F.3d at 307. Such a group did exist. The Plaintiff was a City of Harlingen employee who had not committed

---

[4] The Plaintiff's claim is better categorized as a disparate treatment than a selective prosecution claim. The Plaintiff's complaint seems to allege that the City of Harlingen and the individual Defendants caused the District Attorney to prosecute the Plaintiff on bogus charges. A complainant who submits false information to support a prosecution is not in the same position as the individual who actually prosecutes a criminal case.

a crime. Moreover, a plaintiff can base an equal protection claim on a "class of one" because equal protection claims can be based on personal vindictiveness focused on an individual. Village of Willowbrook v. Olech, 120 S.Ct. 1073, 1074 (2000). See U.S. v. Lawrence, 179 F.3d 343, 349 (5th Cir. 1999); Zeigler, 638 F.2d at 779.

C. <u>The Court will **DISMISS** the Plaintiff's Fourth Amendment and Fourteenth Amendment procedural due process 42 U.S.C. § 1983 claims *sua sponte* unless the Plaintiff amends his complaint to state a claim by September 15, 2000</u>

The Plaintiff claims that the Defendants violated his procedural due process rights by "fail[ing] to establish and/or assure the functioning of a *bona fide* and meaningful departmental system for dealing with criminal allegations against employees or former employees." This statement does not outline the elements of a procedural due process cause of action or permit reasonable inferences to be drawn that the elements exist.[5] See General Star Indemnity, Co., 173 F.3d at 950. For example, the Court cannot discern whether the Plaintiff alleges he was deprived of a property or liberty interest protected by the Fourteenth Amendment or whether there is a specific procedure, or lack thereof, that was constitutionally inadequate.

Moreover, the Plaintiff's complaint fails to state a cause of action based on a Fourth Amendment search or seizure. The Plaintiff alleges that charges were brought against him based on false information, but he provides no account of any restrictions on his liberty. The complaint thus does not include facts that indicate that a "seizure," as that term is defined in the context of the Fourth Amendment, took place. See Evans v. Ball, 168 F.3d 856, 861 (5th Cir. 1999); Nesmith v. Taylor, 715 F.2d 194, 196 (5th Cir.1983).

The Court will provide the Plaintiff with an opportunity to amend his complaint by September 15, 2000 to allege procedural due process and Fourth Amendment causes of

---

[5] The Plaintiff's response to the Defendants' motion to dismiss states that the Plaintiff's procedural due process rights were violated "since the probable cause the District Attorney relied on was based on false information supplied by Defendants" [Dkt. No. 8, p. 6]. This statement, even if it were included in the complaint, does not give rise to a cause of action.

7

action. If the Plaintiff does not properly amend his complaint, the Court will dismiss the claims *sua sponte*.

D.  The Defendants' motion is **DENIED** as to the state law torts alleged against the two individual Defendants

The individual Defendants argue that the Plaintiff's state law tort claims must be dismissed because their employer, the City of Harlingen, enjoys sovereign immunity. To support their assertion, the Defendants cite to Section 101.106 of the Texas Civil Practice & Remedies Code, which states: "A judgment in an action or a settlement of a claim under this chapter bars any action involving the same subject matter by the claimant against the employee of the governmental unit whose act or omission gave rise to the claim." However, the quoted provision only applies to claims alleged against government officials in their official capacities, and not to claims alleged against defendants in their individual capacities. See City of Hempstead v. Kmiec, 902 S.W.2d 118, 122 (Tex.App.-Houston [1 Dist.] 1995). This makes sense given that suing a government employee in his or her official capacity is tantamount to suing the governmental entity itself, since any judgment will be satisfied out of the public coffers. The Defendants' motion to dismiss is therefore **GRANTED** to the extent that the Plaintiff's state law claims are alleged against the Defendants in their official capacities, and **DENIED** to the extent they are alleged against the individual Defendants in their personal capacities.

III. **The Individual Defendants' Motion to Dismiss [sic] under FRCP 12(b)(6) based on Qualified Immunity [Dkt. No. 4]**

The individual Defendants argue that the remaining federal causes of action should be dismissed because they are protected by qualified immunity, and, in the alternative, that the Plaintiff should be ordered to file a fact-specific Rule 7(a) reply. The Plaintiff has properly stated a cause of action under the Equal Protection Clause pursuant to the Federal Rules of Civil Procedure's liberal notice pleading standards, and may state a cause

8

of action for a violation of his procedural due process and Fourth Amendment rights if he properly amends his complaint. See supra Section II(B) and (C). However, regardless of the Court's rulings on the Defendants' motion to dismiss on the merits, a heightened pleading standard applies to 42 U.S.C. § 1983 claims once an individual defendant claims the affirmative defense of qualified immunity. See Schultea, 47 F.3d at 1433. The Plaintiff's concise complaint does not meet that standard. Therefore, the Court **ORDERS** the Plaintiff to file a Rule 7(a) reply by September 31, 2000 as to his equal protection claim, and as to his procedural due process and Fourth Amendment claims if he amends his complaint to state a cause of action. The Defendants are then **ORDERED** to submit any additional motions to dismiss based on qualified immunity by October 31, 2000.

IV      **Summary of rulings**:

       In conclusion, the Court has made the following rulings on the Defendants' Motion to Dismiss under FRCP 12(b)(6) [Dkt. No. 3] and the Individual Defendants' Motion to Dismiss [sic] under FRCP 12(b)(6) based on Qualified Immunity [Dkt. No. 4]:

(1) The Plaintiff's causes of action for violation of his First or Fifth Amendments pursuant to 42 U.S.C. § 1983 are **DISMISSED**;

(2) The Plaintiff's claim for a breach of his Fourteenth Amendment substantive due process rights under 42 U.S.C. § 1983 is **DISMISSED**;

(3) The Plaintiff's cause of action for a conspiracy to interfere with his civil rights under 42 U.S.C. §§ 1985 and 1986 is **DISMISSED**;

(4) The Plaintiff's cause of action against the Defendant the City of Harlingen for the state law torts of malicious prosecution, abuse of process, negligence and gross negligence are **DISMISSED**;

(5) The Defendants' motion is **DENIED** as to the Plaintiff's 42 U.S.C. § 1983 Equal Protection Clause cause of action;

(6) The Court will **DISMISS** the Plaintiff's Fourth Amendment and Fourteenth Amendment procedural due process 42 U.S.C. § 1983 claims *sua sponte*

9

unless the Plaintiff amends his complaint to state a claim by September 15, 2000;

(7)  The Defendants' motion is **DENIED** as to the state law torts alleged against the two individual Defendants;

(8)  The Individual Defendants' Motion to Dismiss [sic] under FRCP 12(b)(6) based on Qualified Immunity [Dkt. No. 4] is **GRANTED,** in that the Court **ORDERS** the Plaintiff to file a Federal Rule of Civil Procedure 7(a) reply by September 31, 2000; and,

(9)  The Parties are **ORDERED** to submit a proposed scheduling order before the initial pretrial conference set for September 11, 2000.

DONE at Brownsville, Texas, this 6th day of September 2000.

*Hilda Tagle*

Hilda G. Tagle
United States District Judge

10