*17*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

**SEP 1 5 2000**

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| RAUL RIVAS | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-00-060 |
| | § | |
| JOE LaBEAU; RUBEN DIAZ | § | JURY |
| AND THE CITY OF HARLINGEN | § | |

## PLAINTIFF'S FIRST AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, RAUL RIVAS, Plaintiff who complains of JOE LABEAU, RUBEN

DIAZ and THE CITY OF HARLINGEN, Defendants and for cause of action shows:

I.
JURISDICTION AND VENUE

1.      Jurisdiction is proper pursuant to 42 U.S.C. §1983.

II
PARTIES AND SERVICE

2.      Plaintiff, RAUL RIVAS is an individual residing in Cameron County, Texas.

3.      Defendant, JOE LABEAU is an individual residing in Midlothian, Texas  and already

has made an appearance herein.

4.      Defendant, RUBEN DIAZ is an individual residing in Cameron County, Texas and

already has made an appearance herein.

5.      Defendant, CITY OF HARLINGEN is a city incorporated in the State of Texas and

has already made an appearance herein.

## II.
## FACTS

6.     On July 14, 1998, Defendants JOE LABAEU, RUBEN DIAZ and CITY OF

HARLINGEN filed false allegations against Plaintiff, RAUL RIVAS with the CITY OF

HARLINGEN police department.    Thereafter, the CITY OF HARLINGEN police

department presented the false information to the Cameron County District Attorney's

Office who in turn filed a criminal complaint in Cameron County, Texas.

7.     The complaint accused Plaintiff of having committed the offense of False Statement

To Obtain Property Or Credit.

8.     Plaintiff was charged by information with committing that crime.

9.     Plaintiff was summoned by the County Court at Law Court Number 2 in Brownsville,

Cameron County, Texas to appear in accordance with §15.03 of the Texas Code of Criminal

Procedure.  If Plaintiff had failed to appear as summoned an arrest warrant would have been

issued seeking his arrest.

10.     Plaintiff appeared in court as summoned and was ordered by the Cameron County

Court at Law Judge to appear for an initial discovery date, announcements and trial on the

merits.   Plaintiff appeared at all hearing ordered by the Court in fear of being arrested.

Plaintiff was not free from liberty at each court date he was ordered to appear.

11.     Thereafter, Plaintiff was ordered to appear for jury selection on or about March 29,

2000.  Plaintiff was not free of his liberty and was forced to appear as ordered by the court

or face arrest.  After jury selection, Plaintiff was ordered to appear for trial on the merits on

March 30, 1999.  Again, Plaintiff was not free from his liberty as he was required to endure

trial the entire day of March 30, 1999 for approximately eight (8) hours.  On or about March

31, 1999, again the Court ordered Plaintiff to appear to trial and he again was not free of his

liberty as he was seized inside the Courtroom during the entire trial.

12.     On March 31, 1999, the action was terminated in favor of Plaintiff in that Plaintiff

was tried, acquitted, and discharged.

13.     Plaintiff was innocent of the charge brought against him.

14.     Defendants JOE LABAEU, RUBEN DIAZ and CITY OF HARLINGEN acted

without probable cause in initiating the prosecution of plaintiff in that they had no evidence

that Plaintiff made any false statements to obtain property for himself.

15.     Furthermore, Defendants JOE LABAEU, RUBEN DIAZ and CITY OF

HARLINGEN in making the statements to the prosecuting attorney did not honestly,

reasonably, and in good faith believe Plaintiff to be guilty of the crime charged.

16.     Defendants JOE LABAEU, RUBEN DIAZ and CITY OF HARLINGEN acted

maliciously in investigating the crime;  Defendants accused Plaintiff of making "a materially

false or misleading written statement to Victor Nieves, namely, that a truck hitch assembly

was to be purchased for the City of Harlingen, with the intent to obtain" the truck hitch for

himself.

17.     Defendants JOE LABAEU, RUBEN DIAZ and CITY OF HARLINGEN at all times

CltPDF - www.tessla.com

knew that when Plaintiff went to purchase the truck hitch assembly that it was done with the knowledge and consent of all three Defendants.

18.   Defendants were at all times aware that Plaintiff was purchasing said truck hitch to use on a City of Harlingen vehicle which other materials were purchased to accommodate said truck hitch.

19.   Said truck hitch purchased for the CITY OF HARLINGEN was at all times in the possession of the CITY OF HARLINGEN.

20.   All three Defendants at all times relevant herein failed to tell the Cameron County District Attorney's Office that they were aware that the truck hitch was purchased for use of the CITY OF HARLINGEN.

21.   All three Defendants at all times relevant herein failed to tell the Cameron County District Attorney's Office that they were in possession of the truck hitch that Plaintiff was being accused of purchasing for himself.

IV.
1983 CAUSE OF ACTION

22.   The allegations set forth in paragraphs 1 through 19 inclusive, are incorporated herein as if fully set forth.

23.   This action is also brought pursuant to 42 U.S.C. §§1983 and the fourteenth amendment to the Constitution of the United States.

24.   This Court has pendent jurisdiction of the Federal law claims.

25.   At all times relevant hereto, Defendants JOE LABEAU and RUBEN DIAZ were

employed by the CITY OF HARLINGEN to perform duties in the City of Harlingen.  At all relevant times, they were acting in such capacity as the agents, servants, and employees of the Defendant CITY OF HARLINGEN.  They are sued individually and in their official capacities.

26.   The Defendant CITY OF HARLINGEN is a municipal corporation within the State of Texas and, at all relevant times, it employed Defendants JOE LABEAU and RUBEN DIAZ.

27.   On information and belief, the false allegations which Plaintiff was subjected was consistent with an institutionalized practice of the CITY OF HARLINGEN, which was known to and ratified by the CITY OF HARLINGEN who having at no time taken any effective action to prevent their personnel from engaging in such conduct.

28.   On information and belief, Defendant CITY OF HARLINGEN authorized, tolerated as institutionalized practices, and ratified the misconduct hereinbefore detailed by failing to establish and/or assure the functioning of a *bona fide* and meaningful departmental system for dealing with criminal allegations against employees or former employees, but instead responding to such allegations with bureaucratic power and not regarding the rights of the accused.

29.   The wrongful acts of the Defendants complained of herein were undertaken maliciously and include, without limitation, the following:

(a)   The failure of the Defendants to interview witnesses who substantiated the

Plaintiff's account of his activities;

(b)     The failure of the Defendants to take into account facts which they knew cleared the Plaintiff;

(c)     The intent of the Defendants from the beginning of their investigation to charge the Plaintiff with a crime;

(d)     The failure of the Defendant CITY OF HARLINGEN to properly and adequately train their personnel in departmental investigative techniques and procedures;

(e)     Preparation of groundless reports and affidavits in order to obtain a criminal charge against the Plaintiff: and

(f)     The procurement of groundless charges against the Plaintiff based upon incomplete, unsupported evidence which the Defendants knew or should have known were false, distorted or fabricated.

30.    The Defendants conspired together to violated the due process and other civil rights of the Plaintiff and to charge him with a crime which he did no commit and which the Defendant should have recognized he did not commit.

31.    The actions on the part of the Defendants are and were at all material times the actions of the CITY OF HARLINGEN and reflected the policy and procedures of these Defendants.

32.    Plaintiff suffered severe mental anguish and emotional damage, all of which is a

result of the violation of his rights under the laws and Constitution of the United States, in particular the Fourth, and Fourteenth amendments thereof and 42 U.S.C. §§1983.

33.     As a further result of the above described acts, Plaintiff was deprived of his rights and immunities secured to him under the Constitution and laws of the United States and the State of Texas including, but not limited to his rights under the Fourteenth Amendment to be secure in his person, to be free from punishment without due process, and to equal protection of the laws.

34.     The acts and conduct hereinbefore alleged constitute malicious prosecution, abuse of process, negligence, and gross negligence under the laws of the State of Texas.  This Court has pendent jurisdiction to hear and adjudicate these claims.

35.     As a proximate result of the criminal prosecution, Plaintiff suffered injury to his feelings, reputation, health, and character; was generally impaired in his social standing; and suffered great embarrassment, humiliation, and mental anguish and suffering, all to his damage in a sum far in excess of the jurisdictional limits of this Court.

36.     As a further proximate result of the criminal prosecution initiated by Defendants, Plaintiff incurred the cost of attorney's fees in defending against the prosecution in the sum of $3,500.00.

V.

37.     By virtue of the fact that the foregoing conduct of the Defendants was willful,

I, RICHARD E. ZAYAS, do hereby certify that the forgoing Plaintiff's First Amended Complaint was served on the following counsel of record in accordance with the Federal Rules of Civil Procedure on September 15, 2000, by mailing to:

Charlie J. Cilfone
Roger W. Hughes
P.O. Drawer 1429
Harlingen, Texas 78551-1429

RICHARD E. ZAYAS

wanton, and malicious, Plaintiff also seeks recovery of exemplary damages in a sum within the jurisdictional limits of the Court.

WHEREFORE, Plaintiff requests that Defendants be cited to appear and answer, and that on final trial, Plaintiff have:

1.     Judgment against Defendants jointly and severally for a sum within the jurisdictional limits of the Court.

2.     Prejudgment interest as provided by law.

3.     An award of exemplary damages against Defendants.

4.     Postjudgment interest as provided by law.

5.     Costs of suit.

6.     Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

THE LAW FIRM OF ZAYAS & ZAMORA, P.C.
3100 E. 14th Street
Brownsville, Texas 78521
(956) 546-5060 Telephone
(956) 541-4157 Telecopier

RICHARD E. ZAYAS
State Bar No. 00788744
Federal I.D. No. 16852

## CERTIFICATE OF SERVICE

PLAINTIFF'S FIRST AMENDED PETITION
\rzp2\raul nvas original petition