United States District Court
Southern District of Texas
FILED

SEP 2 9 2000

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RAUL RIVAS | { | |
| | { | CIVIL ACTION NO. B-00-060 |
| V. | { | |
| | { | |
| JOE LaBEAU; RUBEN DIAZ; | { | **A JURY IS DEMANDED** |
| AND THE CITY OF HARLINGEN | { | |

### DEFENDANTS' MOTION TO DISMISS
### FIRST AMENDED PETITION UNDER FRCP 12(b)(6)

Charlie J. Cilfone (Atty-in-Charge)
Roger W. Hughes
ADAMS & GRAHAM, L.L.P.
P. O. Drawer 1429
Harlingen, TX 78551-1429
956/428-7495; FAX: 956/428-2954
RHughes@adamsgraham.com

Attorneys for Defendants, JOE LaBEAU; RUBEN DIAZ; AND THE CITY OF HARLINGEN

# TABLE OF CONTENTS

Page

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

I.  Statement of Nature and Stage of the Proceedings . . . . . . . . . . . . . . . . 1

II. Statement of the Issues . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III. Plaintiff's Allegations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

IV. Complaint Fails to Claims Under 42 U.S.C., § 1983 . . . . . . . . . . . . . . . 3

    A.    Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    B.    Plaintiff Has Failed to Plead Equal Protection Claim . . . . . . . . . . . 4

    C.    Procedural Due Process Clause Does Not Support
           Malicious Prosecution Claim . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    D.    Plaintiff Failed to Allege a "Seizure"
           That Would Support A Fourth Amendment Claim . . . . . . . . . . . . 7

V. Remaining State Law Claims Must Be Dismissed . . . . . . . . . . . . . . . . . 8

    A.    Sovereign Immunity bars State Law Claims against Defendant City . 8

    B.    Dismissal of Claims Against City Requires
           Dismissal of Claims Against Individual Officers . . . . . . . . . . . . . . 9

    C.    Dismissal of State Law Claims Under 28 U.S.C., § 1367(c) . . . . . . 10

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

# INDEX OF AUTHORITIES

<u>Cites:</u>                                                                                                          <u>Page</u>

*Albright v. Oliver,* 510 U.S. 266 (1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

*Anderson v. City of New York,* 2000
    WL 1010984, *8 (S.D.N.Y 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

*Baker v. Putnal,* 75 F.3d 190 (5th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Beasley v. Clark,* 986 S.W.2d 256
    (Tex. App.-Houston [1st Dist.] 1998, no pet.) . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Britton v. Maloney,* 196 F.3d 24 (1st Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

*City of Hempstead v. Kmiec,* 902 S.W.2d 118
    (Tex. App.-Houston [1st Dist.] 1995, no writ) . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*City of Lancaster v. Chambers,* 883 S.W.2d 650 (Tex. 1994) . . . . . . . . . . . . . . . . . . . . 8

*Dallas County MHMR v. Bossley,* 968 S.W.2d 339
    (Tex. 1998), *cert. denied,* 119 S.Ct. 541 (1998) . . . . . . . . . . . . . . . . . . . . . . . 9

*Esmail v. Macrane,* 53 F.3d 176 (7th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

*Eugene v. Alief I.S.D.,* 65 F.3d 1299 (5th Cir. 1995),
    *cert. denied,* 517 U.S. 1191 (1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Evans v. Ball,* 168 F.3d 856 (5th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

*Guidry v. Bank of LaPlace,* 954 F.2d 278 (5th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . 4

*Hilton v. City of Wheeling,* 209 F.3d 1005 (7th Cir. 2000) . . . . . . . . . . . . . . . . . . . . 4, 5

*Holland v. City of Houston,*
    41 F.Supp. 2d 678 (S.D.Tex. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

*Indiana State Teachers v. Bd. Of School Comm'rs,*
    101 F.3d 1179 (7th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Johnson v. Louisiana Dept. of Agriculture,*
  18 F.3d 318 (5th Cir. 1994) .................................................. 6

*Matherne v. Carpenter,* 54 F.Supp.2d 684 (E.D.La. 1999) ............. 8

*McClelland v. Gronvaldt,* 155 F.3d 507 (5th Cir. 1998) ................ 10

*Meadowbriar Home for Children, Inc. v. Gunn,*
  81 F.3d 521 (5th Cir. 1996) .................................................. 4

*Morin v. Caire,* 77 F.3d 116 (5th Cir. 1996) ............................... 6

*Newman v. Obersteller,* 960 S.W.2d 621 (Tex. 1997) ................. 10

*Olech v. village of Willowbrook,* 160 F.3d 386 (7th Cir. 1998),
  *aff'd,* ___ U.S. ___, 120 S.Ct. 1073 (2000) ............................. 4

*Parratt v. Taylor,* 451 U.S. 527 (1981) .................................... 7

*Paul v. Davis,* 424 U.S. 693 (1976) ........................................ 7


Statutes:

  28 U.S.C., § 1367(a) ......................................................... 10
  28 U.S.C., § 1367(c)(3) ..................................................... 10


Texas Civil Practices & Remedies Code:

  § 101.001 ........................................................................ 8
  § 101.106 ..................................................................... 2, 9


Texas Penal Code:

  Art. 32.32 ....................................................................... 2
  Art. 32.32(c) ................................................................... 8
  Rule 12(b)(6) .............................................................. 1, 3, 4
  § 15.03 .......................................................................... 3
  § 15.03(b) ...................................................................... 3

## United States Constitution:

4th Amendment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 7
14th Amendment, Due Process Clause . . . . . . . . . . . . . . . . . . . . . . 2, 6
14th Amendment, Equal Protection Clause . . . . . . . . . . . . . . . . . . . . . 2

v

ClibPDF - www.fastio.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RAUL RIVAS | { | |
| | { | CIVIL ACTION NO. B-00-060 |
| V. | { | |
| | { | |
| JOE LaBEAU; RUBEN DIAZ; | { | **A JURY IS DEMANDED** |
| AND THE CITY OF HARLINGEN | { | |

**DEFENDANTS' MOTION TO DISMISS
<u>FIRST AMENDED PETITION UNDER FRCP 12(b)(6)</u>**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Defendants CITY OF HARLINGEN, TEXAS; JOE LaBEAU, RUBEN DIAZ, and file this their **DEFENDANTS' MOTION TO DISMISS FIRST AMENDED PETITION UNDER FRCP 12(b)(6)** and would show the Court as follows:

I. <u>Statement of Nature and Stage of the Proceedings</u>

On Sept. 7, 2000, the Court dismissed several of Rivas' federal claims, directing that he amended his federal claims under the 4th Amendment and 14th Amendment Procedural Due Process; it dismissed the state law tort claims against the City only. On Sept. 15, 2000, Rivas filed and Amended Petition.

Defendants move to dismiss the amended complaint's the federal and state law claims under Fed.R.Civ.Pr. 12(b)(6). A companion motion has been filed by Defendants LaBeau and Diaz based on qualified immunity.

1

## II. Statement of the Issues

1. Whether Plaintiff's claims of malicious prosecution state claims under:

   a) the Procedureal Due Process, 14th Amend., U.S. Const.; or

   b) the Equal Protection Clause, 14th Amend., U.S. Const..

2. Whether Rivas' malicious prosecution claim states any claim of unreasonable seizure of his person in violation of the 4th Amend., U.S. Const.

   there are no facts showing a denial of equal protection.

3. Whether such a dismissal of the state law tort claims against the City requires a dismissal of the state law tort claims against LaBeau and Diaz in their individual capacities under Tex. Civ. Prac. & Rem. Code, § 101.106.

## III. Plaintiff's Allegations

Plaintiff's 1st Am. Petition, ¶ 6, 8, claims that on July 14, 1998, the Cameron County District Attorney filed a criminal complaint against him. His 1st Am. Petition, ¶ 6, claims the DA relied on allegedly false information from the Harlingen Police Department; Rivas and LaBeau allegedly supplied the City police with false allegations . The 1st Am. Petition, ¶ 7, alleges the District Attorney's complaint charged him with making a false statement to obtain property or credit, in violation of Tex. Penal Code, Art. 32.32. The 1st Am. Petition, ¶ 12, alleges that his prosecution terminated in an acquittal on March 31, 1999.

2

The 1st Am. Petition, ¶ 9, alleges Rivas was summoned to appear in County Court at Law No. 2 in accordance with Tex. Pen. Code, § 15.03.[1/] The 1st Am. Petition, ¶ 10, alleges the county court ordered him to appear for pre-trial hearings and trial. However, he does allege that the court ordered a bond or restricted his pre-trial activities.

The 1st Am. Petition, ¶ 14 and 15, alleges that Defendants acted without probable cause and did not honestly believe Rivas was guilty of the offense charged. The 1st Am. Petition, ¶16, claims Defendants falsely accused him of make a false statement that he was buying a trailor hitch for the City which he was actually going to keep for himself. The 1st Am. Petition, ¶¶ 17-18, allege that Defendants knew that the City still had the hitch.

The 1st Am. Petition, ¶¶ 32-33, alleges Rivas was deprived of his rights under the 4th Amend., and of Procedural Due Process and Equal Protection under the 14th Amend.

Plaintiff also alleges these same facts amount to malicious prosecution, abuse of process, and negligence under State tort law.

### IV.   Complaint Fails to Claims Under 42 U.S.C., § 1983

A.   Standard of Review

Under Rule 12(b)(6), the court must accept the allegations as true and must view them in the light most favorable to Plaintiff, drawing all reasonable inferences in his favor. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). Dismissal under Rule 12(b)(6)

---

[1/] Tex. Penal Code Ann., § 15.03(b) (Vernons 1977) provides that a summons, unlike a warrant of arrest, simply summons the defendant to appear. Only if the defendant fails to appear in response to the summons can the court issue and arrest warrant.

3

is correct when it appears that no relief can be granted under any set of facts that could be proven consistent with the allegations. *Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 529 (5th Cir. 1996). However, the Complaint must state facts, not conclusions, to survive a Rule 12(b)(6) challenge. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).

    B.    <u>Plaintiff Has Failed to Plead Equal Protection Claim</u>

The Sept. 7, 2000, concluded the petition stated an Equal Protection claim, akin to disparate treatment. The Court concluded Rivas could base his claim on the "class of one" Equal Protection theory, citing *Olech v. village of Willowbrook*, 160 F.3d 386 (7th Cir. 1998), *aff'd*, ___ U.S. ___, 120 S.Ct. 1073 (2000). However, Defendants respectfully urge that the Amended Complaint fails to allege the crucial element of such claims: the selective or disparate treatment must result from deliberate, illegitimate animus by City officials against Rivas. *See, e.g.*, *Hilton v. City of Wheeling*, 209 F.3d 1005, 1007 (7th Cir. 2000); *Anderson v. City of New York*, 2000 WL 1010984, *8 (S.D.N.Y 2000).

To make out such an Equal Protection claim, the plaintiff must do more than allege that defendants made a choice which failed to treat the plaintiff like others. *Indiana State Teachers v. Bd. Of School Comm'rs*, 101 F.3d 1179, 1182 (7th Cir. 1996). He must allege that there was no reason to single him out, alleging the treatment was unequal in all respect and identifying all relevant aspects. 101 F.3d at 1182.

Plaintiff must prove prove the defendant a deliberately deprivation based on illegitamate animus towards him, malignant animosity, or a spiteful effort to get him

4

personally, unrelated to any rational goals. *Hilton,* 209 F.3d at 1008; *Esmail v. Macrane,* 53 F.3d 176, 179-180 (7th Cir. 1995). The disparate treatment must result from ill will and malice. *Anderson,* *4. Equal Protection require more than technical malice, i.e. a lack of probable cause before causing criminal prosecution. *Esmail,* 53 F.3d at 180. If unexplained or apparently irrational motives were sufficient, then federal courts would be embroiled in every dispute over how local government provides or fails to provide law enforcement services. *Hilton,* 209 F.3d at 1008. Every decision whether to arrest or prosecute becomes a federal civil rights case by simply alleging the decision to extend or withhold police protection or prosecution lacked probable cause.

Here, Rivas alleges no more than the Defendants lacked probable cause. He alleges lacked probable cause, did not honestly believe he was guilty of the crime with which the District Attorney charged Rivas, and failed to disclose exculpatory information. This, at best, alleges only technical malice, a lack of evidence to believe Rivas guilty. It falls far short of any allegation that they acted deliberately with personal animus directed to him unrelated to any rational goals.

    C.    <u>Procedural Due Process Clause Does Not Support Malicious Prosecution Claim</u>

The Sept. 7, 2000, dismissed the Procedural Due Process claim for lack of adequate pleading; it noted that a claim that supplying the District Attorney with false information would not state a claim. Although Rivas embroiders on his allegations, at heart he alleges nothing more than that.

5

His amended petition admits that Rivas and LeBeau gave the information to the City police who in turn provided it to the District Attorney. The only infirm procedures he alleges inadequacies in the police's investigation, in the rules for conducting investigation, and in preparing the evidence to give the District Attorney. The Amended Petition, para. 35, admits all of his damages flow from the *criminal prosecution*, which was initiated by a third party. He does not allege that the City fired him or directly took his property or liberty.

The Court's original ruling should condemn these expanded allegations for several reasons. First, the Procedural Due Process Clause is not implicated by Rivas' malicious prosecution claim. In *Albright*, the plurality concluded that the 14th Amendment's Due Process Clause does not cover a claim that Plaintiff was the subject of baseless criminal charges. *Albright v. Oliver,* 510 U.S. 266, 273-74 (1994). Justices Scalia and Ginsberg agreed that Due Process did not protect against malicious prosecution. *Id*. at 275, 276. The 5th Circuit has interpreted *Albright* to exclude any party of the 14th Amendment as a remedy for malicious prosecution. *Morin v. Caire,* 77 F.3d 116, 120 (5th Cir. 1996); *Johnson v. Louisiana Dept. of Agriculture,* 18 F.3d 318, 321 (5th Cir. 1994). Otherwise Procedural Due Process would require every government agency to afford anyone notice and a hearing before it would report wrongdoing to a law enforcement agency. Rivas has cited no case that a government agency must afford notice and an opportunity to be heard before it can investigate its employees for wrongdoing.

6

Second, the Amended Petition affirmatively shows the City did not deprive him of liberty or property. The City did no fire or demote his, so his job remained intact. The District Attorney filed the complaint; the alleged summons and court orders were issued by the county court at law. Thus he concedes a third party deprived him of any liberty and caused him to incur legal expenses. Injury to reputation is neither "property" nor "liberty" for Due Process analysis. *Paul v. Davis*, 424 U.S. 693 (1976).

Third, Procedural Due Process is satisfied if the state provides an adequate post-deprivation remedy in tort. *Parratt v. Taylor,* 451 U.S. 527 (1981). Because Texas has a tort of malicious prosecution, no Procedural Due Process claim is necessary. *See, e.g., Johnson,* 18 F.3d at 322.

    D.    Plaintiff Failed to Allege a "Seizure" That Would Support A Fourth Amendment Claim

In *Albright*, the Supreme Court left open whether a claim of malicious prosecution would sound under the Fourth Amendment. 510 U.S. at 275. The Fifth Circuit has concluded malicious prosecution will lie under the Fourth Amendment. *Eugene v. Alief I.S.D.*, 65 F.3d 1299, 1303 (5th Cir. 1995), *cert. denied,* 517 U.S. 1191 (1996).

However, the Fourth Amendment refers only to unreasonable "searches and seizures." Therefore, Plaintiff must allege the *prosecution* caused a deprivation of liberty consistent with a "seizure." *Evans v. Ball*, 168 F.3d 856, 861 (5th Cir. 1999); *Britton v. Maloney*, 196 F.3d 24, 29 (1st Cir. 1999).

Plaintiff's complaint wholly fails to allege any deprivation resulting from the prosecution. This is critical because the crime with which he was charged is only a misdemeanor. Tex. Penal Code, Art. 32.32(c). Plaintiff admits that he received only a summons to appear. A summons is a "seizure" of the person only if accompanied by additional restrictions, e.g., pretrial restrictions on travel or reporting. *Evans*, 168 F.3d at 861. Merely appearing in response to a summons is not a "seizure." *Britton*, 196 F.3d at 29-30; *Matherne v. Carpenter*, 54 F.Supp.2d 684, 687 (E.D.La. 1999).

Likewise the "order" to appear for trial is no contraint. The county court had no power to force Rivas to attend or compel his appearance without first issued an arrest warrant or capias. He does urge that he was under bond or that the county court ordered any restriction on his activities pending trial.

## V. Remaining State Law Claims Must Be Dismissed

### A. Sovereign Immunity bars State Law Claims against Defendant City

The Sept. 7, 2000, dismissed the state law claims against the City. However, 1st Amend Petition, ¶ 34, argues the conduct alleged earlier constitutes various state law torts, but does not say which defendants are sued under state law.

Although the City believes Rivas intends to comply with the earlier order, an abudnance of precaution requires the City reurge its objection to preverve it. Sovereign immunity bars all state common law claims against the City of Harlingen unless immunity is waived by the Texas Tort Claims Act, Tex. Civ. Prac. & Rem. Code, § 101.001, *et seq*. *City of Lancaster v. Chambers*, 883 S.W.2d 650, 658 (Tex. 1994).

8

B.  Dismissal of Claims Against City Requires
Dismissal of Claims Against Individual Officers

The Court previously dismissed the state law tort claims against the City. Tex. Civ. Prac. & Rem. Code, § 101.106 provides that a judgment in an action against the City has any suit over the same subject matter against its employees.[2/] Sec. 101.106 is triggered by any judgment, even a judgment in favor of the City. *Dallas County MHMR v. Bossley*, 968 S.W.2d 339, 343-44 (Tex. 1998), *cert. denied*, 119 S.Ct. 541 (1998).

The Court's Sept. 7, 2000, Order held that Sec. 101.106 barred required dismissal of the claims against officers only for "official capacity" claims, citing *City of Hempstead v. Kmiec*, 902 S.W.2d 118, 112 (Tex. App.-Houston [1st Dist.] 1995, no writ). With all due respect, *Kmiec* did not discuss Sec. 101.106 or the official's immunity from personal capacity claims.

Because "official capacity" claims against the officer really claims against the agency, *sovereign immunity* applies to bar "official capacity" claims under state law. *Holland v. City of Houston,* 41 F.Supp. 2d 678, 716 (S.D.Tex. 1999). Under Texas law, claims against the official in his individual capacity are subject to the defense of "official immunity", but not the defense of sovereign immunity. *Holland,* 42 F.Supp.2d at 716.

Sec. 101.106 provides that *any* action against the official is barred, and therefore

---

[2/] § 101.106 provides:

"A judgment in an action or a settlement of a claim under this chapter bars any action involving the same subject matter by the claimant against the employee of the governmental unit whose act or omission gave rise to the claim."

9

gives the officer immunity from suit. *Newman v. Obersteller,* 960 S.W.2d 621, 623 (Tex. 1997). Therefore, when the governmental agency is dismissed, sec. 101.105 bars "individual capacity" claims against the official. *Beasley v. Clark,* 986 S.W.2d 256, 257 (Tex. App.-Houston [1st Dist.] 1998, no pet.); *Holland*, 41 F.Supp.2d at 717-18.

Therefore, if the prior dismissal of the state law claims against the City requires a dismissal of the state law claims against LaBeau and Diaz.

C. <u>Dismissal of State Law Claims Under 28 U.S.C., § 1367(c)</u>

Ordinarily, this Court could exercise supplemental jurisdiction over the state law claims under 28 USC § 1367(a). However, if the Court dismisses the remaining federal claims, the Court should decline supplemental jurisdiction under 28 U.S.C., § 1367(c)(3) and dismiss the remaining state law claims against Rivas and LaBeau without prejudice to refiling them in state court. *McClelland v. Gronvaldt,* 155 F.3d 507, 508 (5th Cir. 1998).

10

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendants CITY OF HARLINGEN, TEXAS; JOE LaBEAU, RUBEN DIAZ pray the above and foregoing be taken under submission and upon hearing same, the Court grant the relief requested, dismiss all or part of the claims alleged, or grant any other such further relief to which they may show themselves entitled.

Respectfully Submitted,

ADAMS & GRAHAM, L.L.P.
P. O. Drawer 1429
Harlingen, TX 78551-1429
956/428-7495; FAX: 956/428-2954
RHughes@adamsgraham.com

By: _____
CHARLIE J. CILEONE
State Bar No. 04251200
Federal ID No. 11416
ROGER W. HUGHES
State Bar No. 10229500
Federal ID No. 5950

Attorneys for Defendants, JOE LaBEAU; RUBEN DIAZ; AND THE CITY OF HARLINGEN

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing document was forwarded on this the 29 day of September, 2000, to the following counsel of record and interested parties:

Attorney of Record for Plaintiff, RAUL RIVAS:

Mr. Richard E. Zayas                    CM RRR 7099 3400 0014 6897 9228
ZAYAS & ZAMORA, P.C.
3100 East 14th Street
Brownsville, TX 78521

_____
ROGER W. HUGHES

12