**United States District Court**
**Southern District of Texas**
**FILED**

**SEP 2 9 2000**

**Michael N. Milby**
**Clerk of Court**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RAUL RIVAS | { | |
| | { | CIVIL ACTION NO. B-00-060 |
| V. | { | |
| | { | |
| JOE LaBEAU; RUBEN DIAZ; | { | **A JURY IS DEMANDED** |
| AND THE CITY OF HARLINGEN | { | |

## INDIVIDUAL DEFENDANTS' MOTION TO DISMISS FIRST AMENDED PETITION UNDER FRCP 12(b)(6) BASED ON QUALIFIED IMMUNITY

Charlie J. Cilfone (Atty-in-Charge)
Roger W. Hughes
ADAMS & GRAHAM, L.L.P.
P. O. Drawer 1429
Harlingen, TX 78551-1429
956/428-7495; FAX: 956/428-2954
RHughes@adamsgraham.com

Attorneys for Defendants,
JOE LaBEAU; RUBEN DIAZ;
and THE CITY OF HARLINGEN

# TABLE OF CONTENTS

Page

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . ii

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . iii

I.  Statement of the Nature and Stage of These Proceedings . . . . . . . . 1

II. Statement of the Issues . . . . . . . . . . . . . . . . . . . . . 1

III. Plaintiff's Allegations . . . . . . . . . . . . . . . . . . . . 2

IV. Defendants LaBeau and Diaz Are Entitled to Qualified
    Immunity Against § 1983 Claims Raised by Complaint . . . . . . . . 3

    A.  Standard of Reveiw . . . . . . . . . . . . . . . . . . . . 3

    B.  Defendants LaBeau and Diaz Entitled to Qualified
        Immunity Unless Clearly Established Law Would Have
        Informed Them Their Alleged Actions Were Unconstitutional . . . . . 4

    C.  Plaintiff Fails to Allege Facts Defeating
        Qualified Immunity . . . . . . . . . . . . . . . . . . . . 6

        1.  Plaintiff Has Not Alleged Violation
            of a Constitutional or Federal Right . . . . . . . . . . . 6

        2.  Fourth Amended Claim Not Clearly Established
            Right in July, 1998 . . . . . . . . . . . . . . . . . . 6

        3.  Equal Protection Claim Not Clearly
            Established in July 1998 . . . . . . . . . . . . . . . . 7

    D.  Defendants' Conduct Was Objectively Reasonable . . . . . . . . 8

    E.  Supplementation . . . . . . . . . . . . . . . . . . . . . 8

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . 10

# INDEX OF AUTHORITIES

<u>Cites:</u>                                                                                         <u>Page</u>

*Albright v. Oliver*, 510 U.S. 266 (1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Alton v. Hopgood*, 994 F.Supp. 827 (S.D.Tex. 1998)
    *aff'd* 168 F.3d 197 (5th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Anderson v. Creighton*, 483 U.S. 635 (1987) . . . . . . . . . . . . . . . . . . . . . . . 4

*Baker v. Putnal*, 75 F.3d 190 (5th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . 3

*Benningfield v. City of Houston*, 157 F.3d 369 (5th Cir. 1998) . . . . . . . . . . . . . . . 5

*Bisbee v. Bey*, 39 F.3d 1096
    (10th Cir. 1994), *cert. denied*, 515 U.S. 1142 1995) . . . . . . . . . . . . . . . . 4

*Brady v. Ft. Bend County*, 58 F.3d 173 (5th Cir. 1995) . . . . . . . . . . . . . . . . . . 5

*Brandon v. Lotter*, 157 F.3d 537 (8th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . 4

*Campbell v. City of San Antonio*,
    43 F.3d 973 (5th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Coleman v. Houston ISD*, 113 F.3d 528 (5th Cir. 1997) . . . . . . . . . . . . . . . . . . 5

*Dunn v. Denk*, 79 F.3d 401 (5th Cir. 1996) (en banc) . . . . . . . . . . . . . . . . . . . 4

*Evans v. Ball*, 168 F.3d 856 (5th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . 7

*Guidry v. Bank of LaPlace*, 954 F.2d 278 (5th Cir. 1992) . . . . . . . . . . . . . . . . . 4

*Gutierrez v. City of San Antonio*,
    139 F.3d 441 (5th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Hogan v. Houston ISD*, 51 F.3d 48 (5th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . 5

*Homeowners/Contractor Consultants, Inc. v. Ascension*
    *Parish Planning & Zoning*, 32 F.Supp.2d 284, 294
    (M.D.La. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Kaiser v. Garrett*, 67 F.3d 1166 (5th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . 5

ClibPDF - www.fastio.com

*Lassiter v. Alabama A & M Univ. Bd. of Trustees,*
    28 F.3d 1146 (5th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Meadowbriar Home for Children, Inc. v. Gunn,*
    81 F.3d 521 (5th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Nesmith v. Taylor,* 715 F.2d 194 (5th Cir. 1983) . . . . . . . . . . . . . . . . . . 6

*Olech v. Village of Willowbrook,* 160 f.3d 386, (7th Cir. 1998),
    *aff'd,* ___ U.S. ___, 120 S.Ct. 1073 (2000) . . . . . . . . . . . . . . . . . 7

*Petta v. Rivera,* 143 F.3d 895 (5th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . 5

*Schultea v. Wood,* 47 F.3d 1427 (5th Cir. 1995) (en banc) . . . . . . . . . . . . 4

*Siegert v. Gilley,* 500 U.S. 226 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Southard v. Texas Bd. of Criminal Justice,*
    114 F.3d 539 (5th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Summers v. City of Raymond, Miss.,*
    105 F.Supp.2d 549 (S.D.Miss. 2000) . . . . . . . . . . . . . . . . . . . . . 7

*Wheeler v. Miller,* 168 F.3d 241 (5th Cir. 1999) . . . . . . . . . . . . . . . . . . 7


Statutes:

    42 U.S.C., § 1986 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
    42 U.S.C., § 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 4
    42 U.S.C., § 1985 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

Federal Rules of Civil Procedure:

    Rule 7 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
    Rule 7 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *
    Rule 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3, 4, 9

Texas Penal Code:

    Art. 32.32 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
    Art. 32.32(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
    § 15.03 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
    § 15.03(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

## U.S. Constitution:

4th Amendment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 6

14th Amend. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

14th Amendment, Due Process Clause . . . . . . . . . . . . . . . . . . . 2, 3, 6

14th Amendment, Equal Protection Clause . . . . . . . . . . . . . . . . 2, 3, 6

ClibPDF - www.fastio.com

20

United States District Court
Southern District of Texas
FILED

SEP 2 9 2000

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

RAUL RIVAS                                    {
                                              {       CIVIL ACTION NO. B-00-060
V.                                            {
                                              {
JOE LaBEAU; RUBEN DIAZ;                        {       **A JURY IS DEMANDED**
AND THE CITY OF HARLINGEN                      {

### INDIVIDUAL DEFENDANTS' MOTION TO DISMISS FIRST AMENDED PETITION UNDER FRCP 12(b)(6) BASED ON QUALIFIED IMMUNITY

COME NOW, Defendants, JOE LaBEAU and RUBEN DIAZ, and file this their

**INDIVIDUAL DEFENDANTS' MOTION TO DISMISS FIRST AMENDED**

**PETITION UNDER FRCP 12(b)(6) BASED ON QUALIFIED IMMUNITY** and would

show the Court as follows:

I.   Statement of the Nature and Stage of These Proceedings

Plaintiff Rivas has sued for malicious prosecution under the 42 U.S.C., § 1983.

Defendants LaBeau and Diaz move to dismiss under Rule 12(b)(6) the claims against them

individually based on qualified immunity.  All Defendants have filed a companion Motion

to Dismiss on the merits of the Amended Petition.

II.   Statement of the Issues

1.   Whether Rivas' conclusory allegations that all "Defendants" caused his

prosecution in bad faith and without probable cause, state facts that defeat

qualified immunity.

1

2.      Whether Rivas' conclusory allegations that all "Defendants" caused his prosecution in bad faith and without probable cause, state facts that LaBeau or Diaz:

     a.      violated federal rights provided by Procedural Due Process Clause, under the 14th Amend.;

     b.      violated the Equal Protection Clause, 14th Amend., U.S. Const.; or

     c.      made an unreasonable seizure in violation of the U.S. Const., 4th Amend.

3.      Whether the law was clearly established in July 1998 that (1) any alleged restriction on Rivas' liberty resulting from his misdemeanor prosecution was a "seizure" under the U.S. Const., 4th Amend.; or (2) any alleging disparate treatment of singling Rivas out for prosecution violated Equal Protection under the 14th Amend.

4.      Whether any of the alleged acts or omissions of LaBeau and/or Diaz were reasonable.

### III.   Plaintiff's Allegations

Plaintiff's 1st Am. Petition, ¶ 6, 8, claims that on July 14, 1998, the Cameron County District Attorney filed a criminal complaint against him.  His 1st Am. Petition, ¶ 6, claims the DA relied on allegedly false information from the Harlingen Police Department; Rivas and LaBeau allegedly supplied the City police with false allegations. The 1st Am. Petition, ¶ 7, alleges the District Attorney's complaint charged him with making a false statement to obtain property or credit, in violation of Tex. Penal Code, Art.

ClibPDF - www.fastio.com

32.32.  The 1st Am. Petition, ¶ 12, alleges that his prosecution terminated in an acquittal on March 31, 1999.

The 1st Am. Petition, ¶ 9, alleges Rivas was summoned to appear in County Court at Law No. 2 in accordance with Tex. Pen. Code, § 15.03.[1/]  The 1st Am. Petition, ¶ 10, alleges the county court ordered him to appear for pre-trial hearings and trial.  However, he does allege that the court ordered a bond or restricted his pre-trial activities.

The 1st Am. Petition, ¶ 14 and 15, alleges that Defendants acted without probable cause and did not honestly believe Rivas was guilty of the offense charged.   The 1st Am. Petition, ¶ 16, claims Defendants falsely accused him of make a false statement that he was buying a trailor hitch for the City which he was actually going to keep for himself. The 1st Am. Petition, ¶¶ 17-18, allege that Defendants knew that the City still had the hitch.

The 1st Am. Petition, ¶¶ 32-33, alleges Rivas was deprived of his rights under the 4th Amend., and of Procedural Due Process and Equal Protection under the 14th Amend.

### IV.  Defendants LaBeau and Diaz Are Entitled to Qualified Immunity Against § 1983 Claims Raised by Complaint

#### A.    Standard of Review

Under Rule 12(b)(6), the Court must accept the allegations as true and must review them in the light most favorable to the Plaintiff, drawing all reasonable inferences in favor of the pleader.  *Baker v. Putnal*, 75 F.3d 190 (5th Cir. 1996).  Dismissal under Rule

---

[1/]  Tex. Penal Code Ann., § 15.03(b) (Vernons 1977) provides that a summons, unlike a warrant of arrest, simply summons the defendant to appear.  Only if the defendant fails to appear in response to the summons can the court issue and arrest warrant.

3

ClibPDF - www.fastio.com

12(b)(6) is correct when it appears that no relief can be granted under any set of facts that can be proven consistent with the allegations. *Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 529 (5th Cir. 1996). However, the complaint must state facts, not conclusions, to survive a Rule 12(b)(6) challenge. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).

Plaintiff has a heightened burden to plead specific facts defeating Defendants LaBeau and Diaz's qualified immunity from § 1983 claims. *Schultea v. Wood*, 47 F.3d 1427, 1430 (5th Cir. 1995) (en banc). The complaint must state facts defeating qualified immunity, not mere legal conclusions. *Schultea*, 47 F.3d at 1433. Alternatively, the court may order Plaintiff to file a reply or supplement under Fed.R.Civ.Pr. 7 that states specific facts that defeat the qualified immunity defense raised by Defendants' answer. *Schultea*, 47 F.3d at 1434.

> B.    Defendants LaBeau and Diaz Entitled to Qualified
>        Immunity Unless Clearly Established Law Would Have
>        Informed Them Their Alleged Actions Were Unconstitutional

Qualified immunity protects an officer from claims under 42 USC § 1983 if a reasonably prudent police officer would not know the actions violated clearly established constitutional law. *Anderson v. Creighton*, 483 U.S. 635, 639 (1987). The officer will have qualified immunity if the conduct was objectively reasonable under the existing federal law. *Dunn v. Denk*, 79 F.3d 401, 403 (5th Cir. 1996) (en banc). The qualified immunity defense applies in the same way to claims under 42 U.S.C., §§ 1985 and 1986. *Bisbee v. Bey*, 39 F.3d 1096, 1101 (10th Cir. 1994), *cert. denied*, 515 U.S. 1142 1995); *Brandon v. Lotter*, 157 F.3d 537, 541 (8th Cir. 1998).

Once the defense of qualified immunity is alleged, the trial judge must first determine whether the plaintiff has alleged a constitutional violation at all. *Siegert v. Gilley*, 500 U.S. 226, 231 (1991); *Petta v. Rivera*, 143 F.3d 895, 899 (5th Cir. 1998). For claims under § 1985, Plaintiff must also prove deprivation of a federally protected right. *Southard v. Texas Bd. of Criminal Justice*, 114 F.3d 539, 555 (5th Cir. 1997). In order to defeat a qualified immunity plea against a § 1985 claim, Plaintiff must prove the Defendants' denial of equal protection was motivated by invidious, class-based animus. *Coleman v. Houston ISD*, 113 F.3d 528, 532-35 (5th Cir. 1997); *Hogan v. Houston ISD*, 51 F.3d 48, 53-54 (5th Cir. 1995). Likewise, the § 1985 claimant must prove a conspiracy. *Benningfield v. City of Houston*, 157 F.3d 369, 378-79 (5th Cir. 1998).

The court must then determine whether defendant's actions violated "clearly established" constitutional law at the time of the conduct and whether the defendant's actions were objectively reasonable. *Siegert*, 500 U.S. at 231; *Petta*, 143 F.3d at 899-900. For constitutional law to be "clearly established," plaintiff must prove more than the broad contours of established rights or broad legal truisms. *Kaiser v. Garrett*, 67 F.3d 1166, 1170 (5th Cir. 1995). The contours of the constitutional right must be defined narrowly enough so that the official would know, given the information known to him at the time of taking action, that his acts violated established constitutional rights in the light of pre-existing law. *Gutierrez v. City of San Antonio*, 139 F.3d 441, 445 (5th Cir. 1998).

To determine what law was "clearly established," the Court should consult U.S. Supreme Court and Fifth Circuit precedent. *Brady v. Ft. Bend County*, 58 F.3d 173, 175-76 (5th Cir. 1995); *Alton v. Hopgood*, 994 F.Supp. 827, 835, n. 5 (S.D.Tex. 1998) *aff'd*

5

168 F.3d 197 (5th Cir. 1999). If reasonable officials could disagree, the officer has qualified immunity. *Campbell v. City of San Antonio*, 43 F.3d 973, 977 (5th Cir. 1995). If caselaw has not staked out a bright line, qualified immunity almost always protects; public officers have no duty to draw creative analogies from prior cases. *Lassiter v. Alabama A & M Univ. Bd. of Trustees*, 28 F.3d 1146, 1150 (5th Cir. 1994).

> C.    Plaintiff Fails to Allege Facts Defeating Qualified Immunity

>> 1.    Plaintiff Has Not Alleged Violation of a Constitutional or Federal Right

As set out in Defendants' Motion to Dismiss the First Amended Petition, Rivas' has failed to state facts showing a violation of the 4th Amendment, or of Procedural Due Process and Equal Protection under the 14th Amend. Those arguments are incorporated by reference.

>> 2.    Fourth Amended Claim Not Clearly Established Right in July, 1998

Even if Plaintiff can allege prosecution resulted in a "seizure" it was not "clearly established" in July, 1998, that this type of act constituted a "seizure" under the 4th Amend. Rivas alleges he was charged with false statement to obtain credit or property in violation of Tex. Penal Code, Art. 32.32(c), a misdemeanor. He was prosecuted in county court and appeared only in response to a summons.

The U.S. Supreme Court declined to determine whether voluntary appearance in response to a summons could constitute a 4th Amend. "seizure." *Albright v. Oliver*, 510 U.S. 266, 275 (1994). Initially, the Fifth Circuit left the same issue open. *Nesmith v. Taylor*, 715 F.2d 194, 196 (5th Cir. 1983).

6

In 1999, the Fifth Circuit held that a voluntary appearance in response to a summons could constitute a "seizure" if accompanied by additional pretrial restrictions, e.g., retrictions on travel, etc.. *Evans v. Ball*, 168 F.3d 856, 861 (5th Cir. 1999). However, *Evans* noted several 1996 decisions holding that voluntary appearance in response to a summons was not a "seizure." *Id.* at 861, n.8.

Therefore, if Rivas merely appeared in response to a summons, it is not "clearly established" in July 1998 this was a seizure at all. Alternatively, if some pretrial restrictions were imposed, the law was not "clearly established" in this venue in July, 1998. *See, Evans*, 168 F.3d at 862.

### 3.      Equal Protection Claim Not Clearly Established in July 1998

The Court's Sept. 7, 2000, appears to rely on the 7th Circuit caselaw that vindictive action against a "class of one" violates equal protection. *Olech v. Village of Willowbrook,* 160 f.3d 386, (7th Cir. 1998), *aff'd,* ___ U.S. ___, 120 S.Ct. 1073 (2000). However, prior to *Olech,* the 5th Circuit expressed skepticism that this was a viable Equal Protection claim. *Wheeler v. Miller,* 168 F.3d 241, 251-52 (5th Cir. 1999). Before *Olech,* the law was uncertain in the 5th Circuit. *Summers v. City of Raymond, Miss.,* 105 F.Supp.2d 549, 552 (S.D.Miss. 2000). Due to this uncertainty, public officials are entitled to qualified immunity against "class of one" Equal Protection claims. *Homeowners/Contractor Consultants, Inc. v. Ascension Parish Planning & Zoning,* 32 F.Supp.2d 284, 294 (M.D.La. 1999).

7

D.     Defendants' Conduct Was Objectively Reasonable

Because Rivas has failed to articulate any specific facts describing the conduct of LaBeau and/or Diaz, it is difficult to state how they are deficient on the reasonableness of the latters' actions. However, the cursory allegations are insufficient to set out in detail how Diaz or LaBeau would know their conduct violated federal law.

Rivas is clear that neither Diaz nor LaBeau contacted the District Attorney.  He does not allege what information they communicated to the Harlingen Police, nor does he alleged how any statement attributable to them contained an affirmative misrepresentation. He does not allege how they were actually aware of any exculpatory information.  In fact he does not state what they told the police at all.

If he is alleging supervisory responsibility under Sec. 1983, his allegations are even more deficient.  He does not alleged that LaBeau or Diaz directed the City police investigation, were aware that it was deficient, or that they even had any control over how the police investigated the allegations or reported their findings to the District Attorney.

E.  Supplementation

The Sept. 7, 2000, order directs Rivas to file a supplemental pleading under Fed. R. Civ. P. 7 by Sept. 31, 2000.  No further supplementation should be permitted if this one is insufficient.

CONCLUSION

Because Defendants LaBeau and Diaz asserted qualified immunity against the individual liability claims, Plaintiff is obligated to state facts showing the existence of a violation of the Constitution, that their conduct violated clearly established constitutional

law in July 1998, and their conduct was objectively unreasonable.  Plaintiffs' 1ˢᵗ Amended

Petition wholly fails to allege such facts.  As a matter of law, it alleges no constitutional

violations; the law was not clearly established in July 1998.  Therefore, the Court should

dismiss under Rule 12(b)(6).

Respectfully Submitted,

ADAMS & GRAHAM, L.L.P.
P. O. Drawer 1429
Harlingen, TX 78551-1429
956/428-7495; FAX: 956/428-2954
RHughes@adamsgraham.com

By: _____

CHARLIE J. CILFONE
State Bar No. 04251200
Federal ID No. 11416
ROGER W. HUGHES
State Bar No. 10229500
Federal ID No. 5950

Attorneys for Defendants,
JOE LaBEAU; RUBEN DIAZ;
and THE CITY OF HARLINGEN

9

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing document was forwarded on this the 29th day of Sept., 2000, to the following counsel of record and interested parties:

---

Attorney of Record for Plaintiff, RAUL RIVAS:

Mr. Richard E. Zayas
ZAYAS & ZAMORA, P.C.
3100 East 14th Street
Brownsville, TX 78521

CM RRR 7099 3400 0014 6897 9228

ROGER W. HUGHES

10

ClibPDF - www.fastio.com