

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RAUL RIVAS | { | |
| | { | CIVIL ACTION NO. B-00-060 |
| V. | { | |
| | { | |
| JOE LaBEAU; RUBEN DIAZ; | { | **A JURY IS DEMANDED** |
| AND THE CITY OF HARLINGEN | { | |

<u>DEFENDANTS' MOTION TO STRIKE SECOND AMENDED PETITION</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Defendants, JOE LaBEAU and RUBEN DIAZ, and file this their **DEFENDANTS' MOTION TO STRIKE SECOND AMENDED PETITION** and would show the Court as follows:

I. CERTIFICATE OF CONFERENCE

Defendants' counsel has conferred with Plaintiff's counsel concerning this motion. It is opposed.

II. STATUS OF THE PROCEEDINGS

On September 7, 2000, the Court dismissed several of Rivas' federal claims and gave him leave to amend his allegations under the 4th and 14th Amendments. On September 15, 2000, Rivas filed his First Amended Petition.

The September 7, 2000 Order further directed Rivas to file a reply under Fed.R.Civ.P. 7 to the defense of qualified immunity no later than September 31, 2000

(sic). On October 2, 2000, Plaintiff filed a Second Amended Petition, rather than a Rule 7 Reply.

Defendants move to dismiss Plaintiff's Second Amended Petition. The September 7, 2000 Order did not give Rivas leave to file yet another amended petition; the document he filed was not a Rule 7 Reply.

If the Court elects to treat the Second Amended Petition only as if it were a Rule 7 Reply, then the Court should disregard any allegations that could arguable be construed to raise new causes of action. Rather, the pleading should be restricted amplifying the causes of action alleged in the First Amended Petition. Alternatively, the Court grants Rivas leave to file a second amended petition, then Defendants seek an extension of time to respond to the Second Amended Petition until ten (10) days after the Court rules on this motion in writing.

II.

The September 7, 2000 Order permitted Rivas (1) to file an amended petition by September 15, 2000, and (2) a Rule 7 Reply on Qualified Immunity by September 31, 2000 (sic). A Rule 7 Reply is not an excuse to file a new full blown amended petition. Rather, it is a supplemental pleading intended to reply only to the qualified immunity defense raised by the Individual Defendants' Rule 12(b)(6) motion. *See, e.g., Crawford-El v. Britton,* 523 U.S. 574, ___, 118 S.Ct. 1584, 1596-97 (1998); *Reyes v. Sazan,* 168 F.3d 158, 161 (5th Cir. 1999). The purpose is to narrow the issues so the Court can rule on

a Rule 12(b)(6) motion. This cannot occur if Rivas files a new complaint with new causes of action.

### III.

The Second Amended Petition, ¶ 6, alleges that Defendant Harlingen terminated Plaintiff from his job in February, 1998. The Second Amended Petition, ¶ 7, claims that the false charges were filed in order to justify terminating Plaintiff.

A fair reading of the Second Amended Petition shows it does *not* allege Rivas was terminated without due process. Rivas is careful not allege he was denied notice and an opportunity to defend himself in any termination proceedings. Rather, he elects the false allegations were made after his termination; he nowhere alleges the false allegations were used as grounds to terminate him.

The Second Amended Petition, para. 22-23 also appear to assert that Defendants LaBeau and Diaz gave false testimony at Rivas' criminal trial. If this is a new claim, Defendants are entitled to assert absolute immunity.

However, if the Court construes these allegations to raise claims of wrongful termination without due process or perjury, then Rivas has asserted new causes of action not contained within his First Amended Petition. This is not a Reply to the defense of qualified immunity, i.e., it does not amplify or plead additional facts to defeat the defense of qualified immunity.

Asserting new causes of action is prejudicial to the Individual Defendants. The issue of qualified immunity cannot be resolved if every Rule 7 Reply is actually an allegation of entirely new causes of action. The issues will never be narrowed or resolved.

WHEREFORE, PREMISES CONSIDERED, Defendants pray the Second Amended Petition be stricken in its entirety and that Rivas be denied any further leave to either amend his Complaint or file a Rule 7 Reply in response to qualified immunity; alternatively, the Court grants leave to file the Second Amended Petition, then Defendants request their deadline to respond to the pleading be extended until ten (10) day after the resolution of this motion in writing by the Court.

Respectfully Submitted,

ADAMS & GRAHAM, L.L.P.
P. O. Drawer 1429
Harlingen, TX 78551-1429
956/428-7495; FAX: 956/428-2954
RHughes@adamsgraham.com

By: _____
CHARLIE J. CILFONE
State Bar No. 04251200
Federal ID No. 11416
ROGER W. HUGHES
State Bar No. 10229500
Federal ID No. 5950

Attorneys for Defendants, JOE LaBEAU; RUBEN DIAZ; and THE CITY OF HARLINGEN

ADAMS & GRAHAM, L.L.P.
<u>DEFENDANTS' MOTION TO STRIKE SECOND AMENDED PETITION</u>
[18-rb]; C:\FILES\H-1049\FEDERAL\STRIKE.MTN, Page 5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing document was forwarded on this the 16 day of October, 2000, to the following counsel of record and interested parties:

Attorney of Record for Plaintiff, RAUL RIVAS:

Mr. Richard E. Zayas
ZAYAS & ZAMORA, P.C.
3100 East 14th Street
Brownsville, TX 78521

*/s/ Roger W. Hughes*
ROGER W. HUGHES