24

United States District Court
Southern District of Texas
FILED

OCT 16 2000

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| RAUL RIVAS | { |
| | { CIVIL ACTION NO. B-00-060 |
| V. | { |
| | { |
| JOE LaBEAU; RUBEN DIAZ; | { **A JURY IS DEMANDED** |
| AND THE CITY OF HARLINGEN | { |

INDIVIDUAL DEFENDANT'S SUPPLEMENT TO MOTION TO DISMISS
AMENDED PETITION UNDER FRCP 12(b)(6) BASED ON QUALIFIED
IMMUNITY

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Defendants, JOE LaBEAU and RUBEN DIAZ, and file this their **INDIVIDUAL DEFENDANT'S SUPPLEMENT TO MOTION TO DISMISS AMENDED PETITION UNDER FRCP 12(b)(6) BASED ON QUALIFIED IMMUNITY** and would show the Court as follows:

I.

STATEMENT OF NATURE AND STAGE OF THE PROCEEDINGS

On September 7, 2000, the Court directed Rivas to file an amended petition concerning federal claims under the 4th and 14th Amendments; it further directed that Rivas file a Rule 7 Reply to the defense of qualified immunity no later than September 31, 2000 (sic). On September 15, 2000, Rivas filed his First Amended Petition. On

September 29, 2000, Individual Defendants LaBeau and Diaz filed their Motion to Dismiss the First Amended Petition based on qualified immunity.

On October 2, 2000, Rivas filed a Second Amended Petition. No leave was granted to file the Second Amended Petition and Defendants have moved to strike it. However, if the Court chooses to treat the Second Amended Petition as a Rule 7 Reply (which Defendants do not concede), then the Individual Defendants file this supplement, requesting the Court dismiss the allegations in both pleadings against them.

II. Issues Presented

1. Whether voluntary appearance at arraignment, pre-trial proceedings, and at trial in response to a summons constitutes a "seizure" for the purposes of a "malicious prosecution" claim under the 4th Amend., U.S. Constitution.

2. Rivas admits that the Cameron County District Attorney filed charges against him providing false information to obtain credit in violation of Tex. Penal Code art. 32.32. Rivas admits that the D.A. obtained its evidence from the Harlingen Police Department; Rivas alleges only that Diaz and LaBeau made unspecified statements to the police department and withheld exculpatory information. Has Rivas sufficiently specified that Diaz and LaBeau provided materially false information concerning an alleged violation of art. 32.32 so as to cause his prosecution?

3. Whether Rivas' claims that he was prosecuted without probable cause are sufficient to state claims that Diaz and LaBeau (1) violated Procedural Due Process, 14th

Amendment U.S. Constitution, or (2) violated the Equal Protection Clause, 14th Amendment U.S. Constitution.

 4. Whether in July, 1998, the federal law was "clearly established" that:

  a. voluntary appearance in response to a summons constituted a "seizure" for 4th Amendment purposes; or

  b. irrational action against a "class of one" violated Equal Protection, 14th Amendment.

### III.

### RIVAS' NEW ALLEGATIONS

Rivas' Second Amended Petition, ¶ 6, alleges the City terminated him from his job in February, 1998; ¶ 7 alleges that in order to justify terminating him, Defendants then filed false allegations with the Harlingen Police Department. Rivas does not allege that LaBeau or Diaz made these charges before his termination or that they used them as grounds to terminate him. Likewise, he does not allege that he was denied notice and an opportunity to be heard before he was terminated.

The Second Amended Petition, ¶¶ 7, 10 allege that the Cameron County District Attorney filed a criminal complaint initiating prosecution against Rivas on the charge of false statement to obtain property or credit, a violation of Tex. Penal Code, art. 32.32. Art. 32.32 provides in pertinent part:

> "(b) A person commits an offense if he intentionally or knowingly makes a materially false or misleading written statement to obtain property or credit for himself or another."

Rivas' Second Amended Petition, ¶ 7, alleges that LaBeau and Diaz filed false allegations against him with the police department, who in turn presented false information to the Cameron County District Attorney. The Second Amended Petition, ¶ 19, alleges the generic "defendants" accused Rivas of providing a false or misleading written statement to Victor Nieves, i.e. that a truck hitch would be purchased for the City of Harlingen, with the intent by Rivas to purchase the truck hitch for himself. However, Rivas does *not* allege specifically that LaBeau or Diaz accused Rivas of this. Likewise, he does not allege that any information by LaBeau or Diaz provided to the police department pertained to violation of art. 32.32.

The Second Amended Petition, ¶¶ 22, 23, allege that LaBeau and Diaz discussed the purchase of a trailer hitch with Rivas, but denied this at trial. There is no specific allegation that Diaz or LaBeau directed Rivas to purchase City property, or even that they had the authority to permit Rivas to buy property for the City.

IV.

## RIVAS FAILS TO STATE FACTS DEFEATING QUALIFIED IMMUNITY AGAINST ALLEGED 4TH AMENDED UNREASONABLE SEIZURE CLAIM

A.   Appearance in Response to Summons Not a "Seizure"

Rivas' Second Amended Petition does not change his basic allegation. He appeared in response to a summons at arraignment and pre-trial proceedings, and he voluntarily appeared at trial. A summons is a "seizure" only if accompanied by *additional* restrictions, e.g. pre-trial restrictions on travel or reporting. *Evans v. Ball*, 168 F.3d 856,

861 (5th Cir. 1999). Merely voluntarily appearing in response to a summons is not a "seizure." *Britton v. Maloney*, 196 F.3d 24, 29 (1st Cir. 1999); *Matherne v. Carpenter*, 54 F.Supp.2d 684, 687 (E.D.La. 1999).

Rivas does not allege that the county court ordered pre-trial restrictions on his liberty. Instead, he alleges that (1) he appeared at arraignment because he was afraid an arrest warrant would be issued if he did not appear, and (2) the county court 'ordered' him to appears at pre-trial hearings and trial. This actually points out the problem, there was no arrest at all; rather, Rivas alleges he was motivated by what might occur, not what did happen.

The district attorney can elect to issue a summons to Rivas to appear at arraignment. Tex. Code Crim.Proc. art. 23.04. A "capias" is an order to a peace officer to arrest the accused to appear. Tex. Code Crim.Proc. art. 23.01. A summons is different, because it is directed to the accused to appear, but does not order his arrest. Tex. Code Crim.Proc. art. 23.03(b). Because *Evans* was a case from Texas, the Fifth Circuit heard these same arguments and nonetheless required *additional* liberty restrictions beyond the summons before a 'seizure' occurred. 168 F.3d at 861.

Tex. Code Crim.Proc., art. 28.01 does require the accused to be present at other pretrial proceedings. However, the purpose of art. 28.01 is to enforce the defendant's right to be present at all proceedings. *Andandus v. State*, 866 S.W.2d 210, 219-220 (Tex. Crim.App. 1993), *cert denied*, 510 U.S. 1215 (1994); *Muenink v. State*, 933 S.W.2d 677, 682-83 (Tex.App.-San Antonio 1996, pet. discret. rev. ref'd).

Rivas' argument that he was 'ordered' to appear for pre-trial hearings suffers from the same defect as the summons argument; the 'order' is no greater compulsion that the summons. Because Rivas does not allege the county court imposed a bond or travel restrictions, the 'order' obviously just set hearing dates. Had Rivas failed to appear, he would have violated the terms of any bond nor would he have been considered to have escaped confinement. Put another way, if a summon to appears is not a "seizure" for 4th Amend. purposes, the neither is an order setting the next hearing or a trial date.

With respect to Rivas' trial appearance, the accused presence is not necessary after voir dire. Tex. Code of Crim. Proc. art. 33.03. In misdemeanor cases, the state may dispense altogether with the accused's presence. Tex.Code Crim.Proc. art. 33.04. The accused may have sent himself voluntarily from trial and the case may proceed. *Andandus*, 866 S.W.2d at 217. The accused has no right to a new trial if he fails to appear at trial for on misdemeanor charges. Tex.R.App.Proc., 21.03(a). Art. 33.03 is to enforce the accused's rights to be present at trial. *Andandus*, 866 S.W.2d at 216.

Therefore, statutes and orders requiring his presence in misdemeanor cases are entirely for his benefit, i.e. to enforce his right to be present and assist in his defense. However, there is no "seizure" until Rivas is arrested. For 4th Amendment purposes, there is no "seizure" until Defendants deliberately apply force to the plaintiff's person to terminate his freedome of movement. *County of Sacramento v. Lewis*, 118 S.Ct. 1708, 1715 (1998). This is why a mere summons to appear has been insufficient. Until a capias is issued, he is not seized or arrested.

### B. Law Was Not Clearly Established in July, 1998

Not until 1999 did the 5th Circuit determine under what circumstances an appearance in response to subpoena could constitute a "seizure." *Evans*, 168 F.3d at 861. *Evans* actually upheld qualified immunity on the grounds that it was not clearly established that a summons with additional pre-trial restrictions constituted a "seizure." In doing so, *Evans* noted that several 1996 decisions holding that a voluntary appearance to a summons was not a "seizure." *Id.* at 861, n. 8.

Therefore, if the mere threat of a potential arrest warrant converts a summons or order to appear into a "seizure," this law was not clearly established in 1998 and this Court should find qualified immunity for that reason. *See*, *Evans*, 168 F.3d at 862.

### C. No Specific Allegation That LaBeau and Diaz Provided False Information About Violation of Art. 32.32 That Caused Prosecution

To sustain a Malicious Prosecution Claim under the 4th Amendment, Plaintiff must establish that LaBeau and Diaz caused his prosecution. *Kerr v. Lyford,* 171 F.3d 330, 340 (5thCir. 1999). Rivas claims they caused his prosecution by providing false information to the police, who in turn made a report to the district attorney. Rivas' problem is that he does not allege that (1) any allegedly false information that LaBeau or Diaz supplied to the police concerned a violation of art. 32.32, and (2) any information they withheld was exculpatory.

First, Rivas does not allege that Diaz or LaBeau specifically provided any information to the police or the district attorney concerning Rivas' purchase of the trailer

hitch. He does not allege that the information they allegedly provided pertained to art. 32.32 at all.[1/]

The allegation that Diaz and LaBeau failed to disclose the City's possession of the trailer hitch does not help him. Art. 32.32 does not require the accused receive or take possession of the property he tries to obtain through false pretenses; there is no requirement of actual appropriation. *Chaney v. State*, 755 S.W.2d 123 (Tex. Crim.App. 1988). Therefore, if the City still possess the trailer hitch, that did not absolve Rivas of guilt.

The Second Amended Petition, ¶¶ 22, 23, claim that Diaz and LaBeau did not disclose an alleged discussion with Rivas about purchasing the trailer hitch with Rivas before Rivas acquired the hitch. The allegedly withheld information is not exculpatory for two reasons. First, he does not allege LaBeau and Diaz authorized him to purchase the hitch or that they had authority to do so. Second, this does not expressly negate the possibility that Rivas still made false statements to the seller in order to obtain the hitch for himself.

---

[1/]In fact, the Second Amended Petition, ¶ 8, claims that LaBeau and Diaz made allegations about "Class B Misdemeanor." Under art. 32.32(c) the offense is a *Class A* Misdemeanor. This is a concession that whatever information LaBeau and Diaz gave the police, it was not concerning an art. 32.32 violation.

---

## V.

## RIVAS FAILS TO ALLEGE FACTS DEFEATING QUALIFIED IMMUNITY TO PROCEDURAL PROCESS CLAIM

The Second Amended Petition, ¶¶ 6-7, allege Rivas was terminated in February, 1998, and the false statements were made in an attempt to "justify terminating" him. The Petitions make it clear that the termination occurred before LaBeau and Diaz allegedly gave false information to the police department. There is no claim that the City failed to give Rivas notice and a hearing before his termination. Likewise, there is no claim that any of these charges were offered as grounds for his termination. The Second Amended Petition, ¶¶ 33-44, focus the Due Process Claim on the handling of the investigation of criminal charges, not his termination. The Second Amended Petition, ¶ 40, alleges the damages were a result of the *criminal prosecution*. He does not allege any damages resulting from his termination.

Therefore, Rivas' Procedural Due Process Claim rests wholly on a claims that Defendants caused his prosecution by supplying the district attorney with false information. Most circuits have held that a a Sec. 1983 "malicious prosecution" claim cannot be supported under the 14th Amend. and, if at all valid, must be pursued under the 4th Amend. *Lambert v. Williams*, 223 f.3d 257, 261-63 (4th Cir. 2000). The Court's September 7, 2000 Order, has already said that is insufficient. For the reasons set out in Defendants' Motion to Dismiss First Amended Petition Under FRCP 12(b)(6), these expanded allegations fail to state a Procedural Due Process Claim.

## VI.

## EQUAL PROTECTION CLAIM NOT CLEARLY ESTABLISHED IN JULY, 1998

The Court's Sept. 7, 2000, appears to rely on the 7th Circuit caselaw that vindictive action against a "class of one" violates equal protection. *Olech v. Village of Willowbrook,* 160 f.3d 386, (7th Cir. 1998), *aff'd,* ___ U.S. ___, 120 S.Ct. 1073 (2000). However, prior to *Olech,* the 5th Circuit expressed skepticism that this was a viable Equal Protection claim. *Wheeler v. Miller,* 168 F.3d 241, 251-52 (5th Cir. 1999). Before *Olech,* the law was uncertain in the 5th Circuit. *Summers v. City of Raymond, Miss.,* 105 F.Supp.2d 549, 552 (S.D.Miss. 2000). Due to this uncertainty, public officials are entitled to qualified immunity against "class of one" Equal Protection claims. *Homeowners/Contractor Consultants, Inc. v. Ascension Parish Planning & Zoning,* 32 F.Supp.2d 284, 294 (M.D.La. 1999).

## VII.

## ABSOLUTE IMMUNITY FOR TESTIMONY

The Second Amended Petition alleges that, during the criminal trial, Diaz and LaBeau denied discussing the purchase of the trailer hitch with Rivas. To the extent Rivas claims they gave false testimony at trial, they have absolute immunity as witnesses for their trial testimony. *Briscoe v. LaHue,* 460 U.S. 325, 330-31 (1982).

## VIII.

## CONCLUSION

After three opportunities, Rivas has failed to make fact specific allegations to defeat qualified immunity for LaBeau and Diaz. He has failed to allege that whatever they told the Harlingen Police Department had any bearing on a charge under Tex. Pen. Code, art. 32.32. Rivas has failed to show that any information deliberately concealed or withheld would have clearly exhonorated him. At the time of the conduct, the law was not clearly established so that officials in the position of LaBeau and Diaz would know that federal law clearly prohibited the alleged conduct. Therefore, they are entitled to be dismissed individually based on qualified or absolute immunity.

Respectfully Submitted,

ADAMS & GRAHAM, L.L.P.
P. O. Drawer 1429
Harlingen, TX 78551-1429
956/428-7495; FAX: 956/428-2954
RHughes@adamsgraham.com

By: _____
CHARLIE J. CILFONE
State Bar No. 04251200
Federal ID No. 11416
ROGER W. HUGHES
State Bar No. 10229500
Federal ID No. 5950

Attorneys for Defendants, JOE LaBEAU; RUBEN DIAZ; and THE CITY OF HARLINGEN

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing document was forwarded on this the 16 day of October, 2000, to the following counsel of record and interested parties:

Attorney of Record for Plaintiff, RAUL RIVAS:

Mr. Richard E. Zayas
ZAYAS & ZAMORA, P.C.
3100 East 14th Street
Brownsville, TX 78521

ROGER W. HUGHES