25

United States District Court
Southern District of Texas
FILED

OCT 1 9 2000

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RAUL RIVAS | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-00-060 |
| | § | |
| JOE LaBEAU; RUBEN DIAZ | § | JURY |
| AND THE CITY OF HARLINGEN | § | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS'
MOTION TO DISMISS FIRST AMENDED PETITION UNDER FRCP 12(b)(6)**

TO THE HONORABLE JUDE OF SAID COURT:

COMES NOW RAUL RIVAS and files this his Response to Defendants' Motion To Dismiss First Amended PetitionUnder FRCP 12(b)(6) and in support thereof would show the Court the following:

To assist the Court in following this response, Plaintiff will address each of Defendants' allegations made in Paragraphs IV and V. of their motion and every subparagraph thereof.

    A.    <u>Standard of Review</u>

Under 12(b)(6), a Defendant can move for dismissal for failure of the Plaintiff's complaint to state a claim upon which relief can be granted. *Colle v. Brazos County, Texas*, 981 F.2d 237, 243 (5th Cir. 1993). In reviewing a motion to dismiss, the appellate court accepts all well-pleaded allegations as true and should view them in the light most favorable to the Plaintiff. *Scheur v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686,

40 L.Ed.2d 90 (1974). The motion may be granted only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *Jackson v. City of Beaumont Police Department*, 958 F.2d 616, 618 (5th Cir. 1992).

A Plaintiff's complaint ordinarily need only be a short and plain statement that gives the defendant notice of what the claim is and the grounds upon which it rests. *Colle*, 981 F.2d at 243. However, for complaints charging violations of 42 U.S.C. § 1983, Plaintiffs must comply with a heightened standard. *Id.* Pleadings are required to state specific facts, not mere conclusory allegations. *Id.*

    B.    <u>Plaintiff Has Plead An Equal Protection Claim</u>

This Honorable Court **DENIED** Defendants' motion to dismiss Plaintiff's 42 U.S.C. §1983 Equal Protection Clause cause of action and Defendants are restating their argument. Plaintiff will incorporate the reasoning of the Court in its September 6, 2000 order and herein state that Defendants are merely using unpersuasive 7th Circuit authority for their proposition that Plaintiff must additionally prove the Defendants acted deliberately with personal animus directed to Plaintiff unrelated to any rational goals; Defendants use *Hilton v. City of Wheeling*, 209 F.3d 1005, 1007 (7th Cir. 2000) as authority for their argument. The court in *Hilton* stated that the Supreme Court in *Olech v. Village of Willowbrook*, 160 F.3d 386 (7th Cir. 1998), aff'd, 120 S. Ct. 1073, 1075 (2000) "was not reaching our "alternative theory of 'subjective ill will.'" <u>Hilton</u> at 1007. The Supreme Court has not adopted the 7th Circuit's additional element and there is no 5th Circuit authority that has adopted that

additional element and therefore this Court should also deny that proposition. Plaintiff prays that this Court again **deny** Defendants' motion to dismiss Plaintiff's 42 U.S.C. §1983 Equal Protection Clause cause of action.

    C. <u>Plaintiff's Petition Fails to State Facts That Support a Procedural Due Process Clause Cause of Action</u>.

Plaintiff agrees with Defendants that his pleadings do not support a procedural due process clause cause of action.

    D. <u>Plaintiff Properly Alleged a "Seizure" That Would Support A Fourth Amendment Claim</u>

Plaintiff agrees with Defendants that the Fifth Circuit has concluded that malicious prosecution **will** lie under the Fourth Amendment. *Eugene* at 1303. However, the Fourth Amendment refers only to unreasonable "searches and seizures." Therefore, Plaintiff must allege the prosecution caused a deprivation of liberty consistent with a "seizure." *Evan v. Ball*, 168 F.3d 856, 861 (5th Cir. 1999). Defendants claim that Plaintiff did not suffer a "seizure" because he merely appeared to court in response to a summons and that does not constitute a "seizure" of his person; Plaintiff disagrees with Defendants on this point.

In *Albright,* Justice Ginsburg in his concurring opinion held "[t]his view of the definition and duration of a seizure comports with common sense and common understanding. A person facing serious criminal charges is hardly freed from the state's control. His is required to appear in court at the state's command. Pending prosecution, his employment prospects may be diminished severely, he may suffer reputational harm, and he

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS      PAGE 3 OF 7
\rzip2\pleadings\raul nvas response to 12b6 motion

additional element and therefore this Court should also deny that proposition. Plaintiff prays that this Court again **deny** Defendants' motion to dismiss Plaintiff's 42 U.S.C. §1983 Equal Protection Clause cause of action.

    C. <u>Plaintiff's Petition Fails to State Facts That Support a Procedural Due Process Clause Cause of Action</u>.

Plaintiff agrees with Defendants that his pleadings do not support a procedural due process clause cause of action.

    D. <u>Plaintiff Properly Alleged a "Seizure" That Would Support A Fourth Amendment Claim</u>

Plaintiff agrees with Defendants that the Fifth Circuit has concluded that malicious prosecution **will** lie under the Fourth Amendment. *Eugene* at 1303. However, the Fourth Amendment refers only to unreasonable "searches and seizures." Therefore, Plaintiff must allege the prosecution caused a deprivation of liberty consistent with a "seizure." *Evan v. Ball*, 168 F.3d 856, 861 (5th Cir. 1999). Defendants claim that Plaintiff did not suffer a "seizure" because he merely appeared to court in response to a summons and that does not constitute a "seizure" of his person; Plaintiff disagrees with Defendants on this point.

In *Albright,* Justice Ginsburg in his concurring opinion held "[t]his view of the definition and duration of a seizure comports with common sense and common understanding. A person facing serious criminal charges is hardly freed from the state's control. His is required to appear in court at the state's command. Pending prosecution, his employment prospects may be diminished severely, he may suffer reputational harm, and he

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS    PAGE 3 OF 7
\rzip2\pleadings\raul nvas response to 12b6 motion

will experience the financial and emotional strain of preparing a defense. A defendant incarcerated until trial no doubt suffers greater burdens. That difference, however, should **not** lead to the conclusion that a defendant released pretrial is not still "seized" in the constitutionally relevant sense. Such a defendant is scarcely at liberty; he remains apprehended, arrested in his movements, indeed "seized" for trial, so long as he is bound to appear in court and answer the state's charges. He is equally bound to appear, and is hence "seized" for trial, when the state employs the less strong-arm means of a summons in lieu of arrest to secure his presence in court. This conception of a seizure and its course recognizes that the vitality of the Fourth Amendment depends upon its constant observance by police officers." For the Defendant Officer, the Fourth Amendment governed both the manner of, and the cause for arresting the Petitioner. If the Defendant Officer gave misleading testimony at the preliminary hearing, that testimony served to maintain and reinforce the unlawful haling of the Petitioner into court, and so perpetuated the Fourth Amendment violation. *Id.*

Plaintiff in his Second Amended Petition plead in ¶12 that Plaintiff was summoned by the County Court at Law Court Number 2 in Brownsville, Cameron County, Texas to appear in accordance with §15.03 of the Texas Code of Criminal Procedure and if Plaintiff had failed to appear as summoned an arrest warrant would have been issued seeking his arrest. Plaintiff further pleads in ¶13 that Plaintiff appeared in court as summoned and was ordered by the Cameron County Court at Law Judge to appear for an initial discovery date,

announcements and trial on the merits and that Plaintiff appeared at all hearings ordered by the Court in fear of being arrested. In ¶13, Plaintiff further pleads that he was not free from his liberty at each court date that he was ordered to appear. Finally, Plaintiff pleads in ¶14 that he was ordered to appear for jury selection on or about March 29, 2000 and that he was not free of his liberty and was forced to appear as ordered by the court or face arrest. Plaintiff further states in ¶14 that after jury selection, he was ordered to appear for trial on the merits on March 30, 1999 and again, he was not free from his liberty as he was required to endure trial the entire day of March 30, 1999 for approximately eight (8) hours. Plaintiff finally pleads in ¶14 that on or about March 31, 1999, again the Court ordered Plaintiff to appear to trial and he again was not free of his liberty as he was seized inside the Courtroom during the entire trial.

Plaintiff was unlawfully hailed into court because of the false and misleading statements given by the Defendants to the Cameron County District Attorney's Office. Therefore, this court in viewing all the plead allegations as true and in the light most favorable to the Plaintiff can find that Plaintiff was indeed "seized" because as pled, Plaintiff was tried, acquitted and discharged, ¶15; Plaintiff suffered injury to his reputation, ¶40; Plaintiff incurred the cost of attorney's fees in defending the prosecution, ¶41 and the Plaintiff suffered mental anguish, ¶40. Consistent with these allegations the Plaintiff could easily prove the amount of time he was required to be in court that could amount to a seizure within itself. All these elements comport with Justice Ginsburg's "common sense and

common understanding" approach to the definition of "seizure." Thus, Plaintiff was "seized" as required to invoke his Fourth Amendment protections.

### VI. State Law Claims

#### A. Sovereign Immunity Bars State Law Claims Against Defendant City

Plaintiff agrees with Defendants that Sovereign immunity bars all state common law claims against the City of Harlingen.

#### B. Dismissal of State Law Claims Against City Does Dismiss Against Individual Officers

Defendants are correct in their assertion that the effect of the dismissal on the City of Harlingen with regards to the State Law causes of action has the effect of dismissal on the employees in their official and individual capacities. Although, this only dismisses the individual employees for the state law causes of action and not for the federal causes of action that remain against said employees.

Since Defendants Joe LaBeau and Ruben Diaz are still liable under federal causes of action, dismissal as to those two Defendants is not proper.

### CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Plaintiff pray that the above and foregoing be taken under submission and upon hearing same, the Court dismiss the causes of action agreed to herein and deny any other relief requested by Defendants. Plaintiff further prays that if the Court deems necessary that the Plaintiff plead more facts to state a claim, that Plaintiff have leave to file a Third Amended Complaint. Plaintiff prays for and

further relief to which he may be entitled.

                          Respectfully submitted,

                          The Law Firm of Zayas & Zamora, P.C.
                          3100 E. 14th St.
                          Brownsville, Texas 78521
                          (956)546-5060 Telephone
                          (956)541-4157 Telecopier

BY: _____
       RICHARD E. ZAYAS
       State Bar No. 00788744
       Federal I.D. No. 16852

       ATTORNEY FOR PLAINTIFF,
       RAUL RIVAS

## CERTIFICATE OF SERVICE

     I, RICHARD E. ZAYAS, do hereby certify that the forgoing Response to Defendants' Motion To Dismiss First Amended Petition Under FRCP 12(b)(6) was served on the following counsel of record in accordance with the Federal Rules of Civil Procedure on October 19, 2000, by mailing to:

     Charlie J. Cilfone
     Roger W. Hughes
     P.O. Drawer 1429
     Harlingen, Texas 78551-1429

_____
RICHARD E. ZAYAS