IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 1 9 2000

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| RAUL RIVAS | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-00-060 |
| | § | |
| JOE LaBEAU; RUBEN DIAZ | § | JURY |
| AND THE CITY OF HARLINGEN | § | |

**PLAINTIFF'S RESPONSE TO INDIVIDUAL DEFENDANTS'
MOTION TO DISMISS FIRST AMENDED PETITION
UNDER FRCP 12(b)(6) BASED ON QUALIFIED IMMUNITY**

TO THE HONORABLE JUDE OF SAID COURT:

COMES NOW RAUL RIVAS and files this his Response to Individual Defendants' Motion To Dismiss First Amended Petition Under FRCP 12(b)(6) Based On Qualified Immunity and in support thereof would show the Court the following:

To assist the Court in following this response, Plaintiff will address each of Defendants' allegations made in Paragraph IV of their motion and every subparagraph thereof.

    IV.    Defendants LaBeau and Diaz Are **Not** Entitled to
              Qualified Immunity Against §1983 Claims Raised by Complaint

    A.    Standard of Review

Under 12(b)(6), a Defendant can move for dismissal for failure of the Plaintiff's complaint to state a claim upon which relief can be granted. *Colle v. Brazos County, Texas*, 981 F.2d 237, 243 (5th Cir. 1993). In reviewing a motion to dismiss, the

appellate court accepts all well-pleaded allegations as true and should view them in the light most favorable to the Plaintiff. *Scheur v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). The motion may be granted only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *Jackson v. City of Beaumont Police Department*, 958 F.2d 616, 618 (5th Cir. 1992).

A Plaintiff's complaint ordinarily need only be a short and plain statement that gives the defendant notice of what the claim is and the grounds upon which it rests. *Colle*, 981 F.2d at 243. However, for complaints charging violations of 42 U.S.C. § 1983, Plaintiffs must comply with a heightened standard. *Id.* Pleadings are required to state specific facts, not mere conclusory allegations. *Id.*

B.  Qualified Immunity

Plaintiff agrees with Defendants' analysis of paragraph IV. B. of the motion.

C.  Plaintiff Alleges Facts Defeating Qualified Immunity

1.  Plaintiff Has Alleged a Violation of a Constitutional or Federal Right

As in Plaintiff's Response to Defendants' Motion To Dismiss the First Amended Petition, Plaintiff has stated facts showing a violation of the 4th Amendment and the 14th Amendment Equal Protection claims. Those arguments are incorporated by reference.

2.  There Was A Clearly Established Right in July, 1998

The crux of Defendant's argument is summarized as follows: (1) that it was

not "clearly established" law in July 1998 whether or not voluntary appearance in response to a summons could constitute a "seizure" under the 4th Amendment and (2) since it was not "clearly established" law in July of 1998, then Defendants could not have known that their actions would lead to a violation of Plaintiff's constitutional rights.

This argument on the part of the Defendants misses the point on the concept of "clearly established" law. What Defendants must prove is that they did not know that their **actions** of **malicious prosecution** would violate "clearly established" constitutional law at the time of the conduct. *Siegert v. Gilley,* 500 U.S. 266, 231 (1991) Malicious prosecution has always violated "clearly established" constitutional law because an innocent person could be subjected to punishment for a crime which he did not commit. The focus is on the Defendants **actions**, not whether or not the Plaintiff could prove he suffered the requisite damages to invoke a constitutional violation. *Id.* It would be impossible for the Defendants to have known that the Plaintiff would not have been arrested for the misdemeanor crime, which would clearly constitute a "seizure." Also, Defendants could not have known that Plaintiff would be found not guilty and therefore not have to serve any punishment of incarceration that would clearly constitute a "seizure."

As stated in Plaintiff's Second Amended Petition ¶8, Defendants were aware that they were falsely accusing Plaintiff of committing a Class B misdemeanor which Plaintiff could have been punished by confinement in jail for a term not to exceed 180 days and fined up to $2,000.00 if Plaintiff was found guilty of the crime that they were falsely accusing him

of committing. This law was clearly the law in July 1998 and therefore Defendants knew that their actions could possibly lead to a "seizure" of Plaintiff and a violation of Plaintiff's constitutional rights.

### 3. Equal Protection Claim Was Clearly Established in July 1998

Defendants argue the fact that a "class of one" violates equal protection was not adopted by the 5th Circuit until after July 1998 and therefore it was not clearly established law and therefore public officials are entitled to qualified immunity against "class of one" Equal Protection claims.

Since the adoption of the amendments to the United States Constitution it has been a violation of public officials not to afford equal protection of the laws to its citizens. Defendants argument is actually that if the public officials disparately treated more than one person then they would not be able to use the defense of qualified immunity but since they disparately treated one person they are immune from liability. This argument makes no sense because Plaintiff is basing his Equal Protection claim on the rational basis test, not the suspect class. As stated by the Court in its September 6, 2000 order, "[the] Defendants' assertion would prevent a court from ever applying the rational basis test to an equal protection cause of action.

### 4. Defendant's Conduct as Plead Could Not Have Been Objectively Reasonable

The facts pled in Plaintiff's Second Amended Petition state that the Defendants filed false allegations against Plaintiff in an attempt to justify terminating

Plaintiff. ¶7 Plaintiff goes on to state they filed the false allegations with the City of Harlingen police department who thereafter presented the false information to the Cameron County District Attorney's Office.¶7 Plaintiff further pleads that Defendants had consented to Plaintiff purchasing the truck hitch assembly for the City of Harlingen.¶20 Plaintiff further pleads that Defendants at trial on the merits denied ever discussing said purchase with Plaintiff in an attempt to give the appearance that Plaintiff pruchased said hitch for himself.¶22 The Petition goes on to state that the Defendants were aware that truck hitch was to be used on a City of Harlingen vehicle; that the City of Harlingen at all times was in the possession of the truck hitch; that the Defendants failed to tell the Cameron County District Attorney's Office that they were aware that the truck hitch was purchased for use by the City of Harlingen; and that they failed to tell the District Attorney's Office that they were in possession of the truck hitch that Plaintiff was being accused of purchasing for himself. ¶¶25, 26

If Plaintiff's allegations are regarded as true and this Court views his allegations in the light most favorable to him, it **cannot** be argued that the Defendants had any Objectively Reasonable basis for their actions.  It is clear that the Defendants clearly intended to maliciously prosecute Plaintiff when they were aware that the Plaintiff was going to purchase a truck hitch for a City of Harlingen truck, it was done with their knowledge and consent and they were in possession of said truck hitch; and thereafter, the Defendants initiated a criminal prosecution against Plaintiff for acquiring said truck hitch for himself.

Defendants failed to tell the District Attorney's office that they knew Plaintiff was going to purchase said truck hitch for the City of Harlingen and that they had the truck hitch in their possession. These actions on the part of the Defendants, if taken as true, cannot be based on any objectively reasonable basis because it is obvious that they would not be justified in initiating criminal charges against the Defendant for obtaining a truck hitch for himself when they had the truck hitch in their possession, they knew he was going to purchase said truck hitch for the City of Harlingen and they failed to tell the District Attorney's office of these two vital facts.

E.   <u>Supplementation</u>

According to the Court's September 6, 2000 order, Plaintiff had until September 31, 2000 to file a supplemental pleading. The Court mistakenly put September 31, 2000 when the month of September has 30 days. The Plaintiff took the Court's order to allow him until October 1, 2000 to file a supplemental pleading. October 1, 2000 falls on a Sunday and in accordance with the Federal Rules of Civil Procedure, Plaintiff's deadline was extended to October 2, 2000 to file a supplemental pleading. Plaintiff filed his Second Amended Petition on October 2, 2000 in accordance with the Court's September 6, 2000 order.

Plaintiff prays that if this Court is of the opinion that the Plaintiff has still not plead necessary facts to state the claims that he seeks redress, then he requests that he be allowed to amend his pleadings consistent with the Court's order.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Plaintiff pray that the above and foregoing be taken under submission and upon hearing same, the Court dismiss the causes of action agreed to herein and deny any other relief requested by Defendants. Plaintiff further prays that if the Court deems necessary that the Plaintiff plead more facts to state a claim, that Plaintiff have leave to file a Third Amended Complaint. Plaintiff prays for and further relief to which he may be entitled.

Respectfully submitted,

The Law Firm of Zayas & Zamora, P.C.
3100 E. 14th St.
Brownsville, Texas 78521
(956)546-5060 Telephone
(956)541-4157 Telecopier

BY: _____
RICHARD E. ZAYAS
State Bar No. 00788744
Federal I.D. No. 16852

ATTORNEY FOR PLAINTIFF,
RAUL RIVAS

## CERTIFICATE OF SERVICE

I, RICHARD E. ZAYAS, do hereby certify that the forgoing Plaintiff's Response to Individual Defendants' Motion To Dismiss First Amended Petition Under FRCP 12(b)(6) Based On Qualified Immunity was served on the following counsel of record in accordance with the Federal Rules of Civil Procedure on October 19, 2000, by mailing to:

Charlie J. Cilfone
Roger W. Hughes
P.O. Drawer 1429
Harlingen, Texas 78551-1429

_____
RICHARD E. ZAYAS