27

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

NOV 01 2000

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| RAUL RIVAS | { | |
| | { | CIVIL ACTION NO. B-00-060 |
| V. | { | |
| | { | |
| JOE LaBEAU; RUBEN DIAZ; | { | **A JURY IS DEMANDED** |
| AND THE CITY OF HARLINGEN | { | |

### DEFENDANTS' RESPONSE IN SUPPORT OF (1) MOTION TO DISMISS AMENDED PETITIONS UNDER FRCP 12(b)(6), AND (2) INDIVIDUAL DEFENDANTS' MOTIONS TO DISMISS AMENDED PETITIONS BASED ON QUALIFIED IMMUNITY

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Defendants CITY OF HARLINGEN, JOE LaBEAU ("LaBeau") and RUBEN DIAZ ("Diaz") Individually, and file this their **DEFENDANTS' RESPONSE IN SUPPORT OF (1) MOTION TO DISMISS AMENDED PETITIONS UNDER FRCP 12(b)(6), AND (2) INDIVIDUAL DEFENDANTS' MOTIONS TO DISMISS AMENDED PETITIONS BASED ON QUALIFIED IMMUNITY** and would show the Court as follows:

### I. RIVAS' CONCEDES SOME CLAIMS MUST BE DISMISSED

Rivas' Response to Defendants' Motion to Dismiss First Amended Petition under FRCP 12(b)(6), p. 3, concedes his Amended Petition fails to state a Procedural Due Process claim under the 14th Amendment. The same Response, p. 6, concedes that, once the Court has dismissed the City of Harlingen, state law requires a dismissal of the state law claims against the Individual Defendants in their individual, as well as official capacities.

Therefore, the Court should dismiss the state law tort claims against Defendants LaBeau and Diaz in their individual capacity. The Court should also dismiss the 14th Amendment Procedural Due Process claim against all Defendants.

## II. COURT SHOULD DISMISS ALLEGED 4TH AMENDMENT CLAIM

    A.   <u>Rivas Fails to State Facts Showing His Court Appearance Was a "Seizure"</u>

Rivas' First and Second Amended Petitions do not change his basic facts. Receiving a summons to appear at arraignment and appearing at court ordered hearings and at trial are not a "seizure" for 4th Amendment purposes. See Individual Defendants' Suppl. Motion to Dismiss Amended Petition, pp. 4-6.

    B.   <u>Rivas Fails to State Facts Defeating Qualified Immunity Because Law Was Not Clearly Established in July, 1998</u>

Rivas claims that Defendants have misapprehended the concept of "clearly established" law for qualified immunity, citing *Siegert v. Gilley*, 500 U.S. 266, 231 (1991). However, the U.S. Supreme Court in *Siegert* never got to the question of whether the law was or was not clearly established in the case; rather, the Court upheld dismissal because there was no violation of an established constitutional right. 500 U.S. at 231. The alleged facts failed to even state a claim for a denial of a constitutional right. *Id.* at 233-234.

Rivas' argues that it is irrelevant whether he was formally arrested or got a summons because the Defendants could not have known which would occur. This argument defeats his case on the merits. For 4th Amendment purposes, there is no

ADAMS & GRAHAM, L.L.P.
DEFENDANTS' RESPONSE IN SUPPORT OF (1) MOTION TO DISMISS AMENDED PETITIONS UNDER FRCP 12(b)(6) AND (2) INDIVIDUAL DEFENDANTS' MOTIONS TO DISMISS AMENDED PETITIONS BASED ON QUALIFIED IMMUNITY
[18-rb]; C:\FILES\H-1049\FEDERAL\RSP-SUPP.DMS; Page 2

"seizure" until defendants deliberately apply force to plaintiff's person to terminate his freedom of movement. *County of Sacramento v. Lewis*, 118 S.Ct. 1708, 1715 (1998). If Diaz and/or LaBeau did not know how Rivas would be brought to court, it cannot be said they deliberately, intentionally caused his seizure.

Moreover, the 5th Circuit effectively rejected Rivas' argument in *Evans v. Ball*, 168 F.3d 856, 861 (5th Cir. 1999). There, the 5th Circuit upheld qualified immunity on the grounds that it was not clearly established that a summons *with* pretrial restrictions constituted a "seizure" for 4th Amendment purposes. 168 F.3d at 861-62. If Rivas' reasoning were correct, the 5th Circuit would have denied qualified immunity.

Rivas' then argues that his acquittal is also irrelevant because Defendants could not have known that he would be found "not guilty" and never jailed. This argument flies in the face of his basic premise, i.e. that LaBeau and Diaz knew there was no evidence of his guilt. If LaBeau and Diaz believed that six disinterested, rational individuals who listened to the evidence could find Rivas guilty, then they had probable cause.

### III. RIVAS HAS FAILED TO ALLEGE FACTS SUPPORTING EQUAL PROTECTION CLAIM

A.  Equal Protection Claim Still Requires Some Improper Motive

Rivas' Response, p. 2, urges he is not required to allege that Defendants acted deliberately or with personal animus towards Plaintiff. He is correct that the per curiam opinion in *Village of Willowbrook v. Olech*, ____ U.S. ____, 120 S.Ct. 1073, 1075 (2000) did not reach the alternate theory of "subjective ill will." Nonetheless, the Court

emphasized that a "class of one" Equal Protection claim requires that the plaintiff be intentionally treated different from other similarly situated. *Id.* at 1074, citing *Sioux City Bridge Co. v. Dakota County*, 260 U.S. 441 (1923); *and, Allegheny Pittsburgh Coal Co. v. Comm'n. of Webster County*, 488 U.S. 366 (1989). It further emphasized that the purpose of the Equal Protection Clause was to prevent "intentional and arbitrary" discrimination. 120 S.Ct. at 1075.

Simply because Rivas asserts his claim under the "rational basis" test rather than the "suspect class" test does not mean motice and intent are irrelevant. Even under the "rational basis" test, Equal Protection is not violated by errors of state law or mistakes in judgment. *Allegheny Pittsburgh Coal*, 488 U.S. at 343; *Sioux City Bridge Co.*, 260 U.S. at 447. In *Allegheny Pittsburgh Coal* and *Sioux City Bridge*, the Supreme Court emphasized that the failure to treat the plaintiff like others was "intentional and systematic." *Allegheny*, 488 U.S. at 345; *Sioux City*, 260 U.S. at 445. Under the Equal Protection Clause, "intentional" means more than mere awareness of the consequences of official action. *Personnel Admin. of Mass. v. Feeney*, 442 U.S. 256, 279 (1979). It means that the official acts *because of* the adverse effect against an identifiable group, rather in spite of the effect. 442 U.S. at 279.

After *Olech*, courts have struggled with the type of motive that must exist in "class of one" Equal Protection case in order that official acts can be "intentional and arbitrary." *See, e.g., Gelb v. Board of Elections of City of New York*, 224 F.3d 149, 157 (2nd Cir.

2000); *Bryan v. City of Madison*, 213 F.3d 267, 277 (5th Cir. 2000. reh. den.); *Hilton v. City of Wheeling*, 209 F.3d 1005, 1007 (7th Cir. 2000).

In *Gelb*, the 2nd Circuit concluded that the denial of a candidate's write-in voting privileges was the result of "arbitrary, purposeful and intentional discrimination." 224 F.3d at 157. In discussing whether summary judgment might resolve the issue, the 2nd Circuit noted the questions of intent and state of mind might be implicated. *Id.*

In *Bryan*, the 5th Circuit analogized the City's selective use of its powers to deny a building permit to one contractor to the selective enforcement of laws. 213 F.3d at 267. It then noted that *Olech* did not alter the requirement to prove an "improper motive." *Id.* at n.17. However, because plaintiff did not allege any motive, the court declined to determine whether personal vindictiveness would be a sufficient basis to support a "class of one" Equal Protection Claim. *Id.* at n. 18.

The 7th Circuit in *Hilton* also struggled with the same problem. 209 F.3d at 1008. It concluded that a difference in treatment is "irrational and wholly arbitrary" only if the defendant acts deliberately to deprive the plaintiff of equal protection of the law for reasons of a personal nature unrelated to his official duties. *Id.*

Though the appellate courts are struggling with the contours, it is clear that some improper motive is still an element of a "rational basis" Equal Protection Claim, even in "class of one" cases. This implements the requirement in *Feeney* that "intentional" means more than an awareness of consequences.

### B.  LaBeau and Diaz Entitled to Qualified Immunity Against Equal Protection Claim

Rivas does not dispute that, prior to *Olech*, the 5th Circuit had expressed skepticism that a "rational basis" Equal Protection claim could lie for a "class of one." *Wheeler v. Miller*, 168 F.3d 241, 251-52 (5th Cir. 1999). Two other district court within the 5th Circuit have noted this uncertainty. *Homeowner/Contractor Consultants, Inc. v. Ascension Parish Planning & Zoning*, 32 F.Supp.2d 384, 394 (M.D.La. 1999); *Summers v. City of Raymond*, 105 F.Supp.2d 549, 552 (S.D.Miss. 2000).

Insead, Rivas' argues that, if the individual Defendants knew how the Equal Protection Clause applies in one instance, then they are deemed to know how it applies in all instances. More is required to defeat qualified immunity.

For constitutional law to be "clearly established," plaintiff must prove more than the broad contours of established rights or legal truisms. *Kaiser v. Garrett*, 67 F.3d 1166, 1170 (5th Cir. 1990). The outlines of the constitutional right must be defined nearly enough so that an official would know, given the information known to him at the time of the action, his acts violated established constitutional rights in light of pre-existing law. *Gutierrez v. City of San Antonio*, 139 F.3d 441, 445 (5th Cir. 1998). If the caselaw has not staked out a bright line, qualified immunity almost always protects. *Lassiter v. Alabama A & M University Bd. of Trustees*, 28 F.3d 1146, 1150 (5th Cir. 1994).

## CONCLUSION

Therefore, Defendants, CITY OF HARLINGEN, JOE LaBEAU and RUBEN DIAZ urge the Court dismiss the claims against them, dismiss the state law claims against the individual Defendants, and/or grant qualified immunity to the individual Defendants against the federal claims.

Respectfully Submitted,

ADAMS & GRAHAM, L.L.P.
P. O. Drawer 1429
Harlingen, TX 78551-1429
956/428-7495; FAX: 956/428-2954
RHughes@adamsgraham.com

By: _____
CHARLIE J. CILFONE
State Bar No. 04251200
Federal ID No. 11416
ROGER W. HUGHES
State Bar No. 10229500
Federal ID No. 5950

Attorneys for Defendants, JOE LaBEAU; RUBEN DIAZ; and THE CITY OF HARLINGEN

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing document was forwarded on this the ___31___ day of October, 2000, to the following counsel of record and interested parties:

Attorney of Record for Plaintiff, RAUL RIVAS:

Mr. Richard E. Zayas          **CM RRR 7000 1670 0000 0785 3387**
ZAYAS & ZAMORA, P.C.
3100 East 14th Street
Brownsville, TX 78521

_____
ROGER W. HUGHES