

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RAUL RIVAS | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-00-060 |
| | § | |
| JOE LaBEAU; RUBEN DIAZ | § | JURY |
| AND THE CITY OF HARLINGEN | § | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION
TO STRIKE SECOND AMENDED PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, RAUL RIVAS and files this his Response to Defendants' Motion To Strike Second Amended Petition and in support thereof would show the Court as follows:

I.

The crux of Defendants' motion is that the Court granted the Plaintiff leave to file a Rule 7(a) reply which should be limited to a **Supplemental Petition** and not an Amended Petition. According to the Court's September 6, 2000 order, Plaintiff had until September 31, 2000 to file a **Rule 7(a) reply**. The Court mistakenly put September 31, 2000 when the month of September has 30 days. The Plaintiff took the Court's order to allow him until October 1, 2000 to file a Rule 7(a) reply. October 1, 2000 falls on a Sunday and in accordance with the Federal Rules of Civil Procedure, Plaintiff's deadline was extended to October 2, 2000 to file a Rule 7(a) reply. Plaintiff filed his Second Amended Petition on October 2, 2000 in accordance with the Court's September 6, 2000 order.

Plaintiff was not aware that a Rule 7(a) reply is limited to a Supplemental petition and

Defendants' show no authority for that proposition. Plaintiff chose the procedural vehicle of a Second Amended Petition in order for the Court to be aware of the last live pleading instead of having the pleadings addressed in parts. Plaintiff's intention was not to plead new causes of action and from the reading of said Second Amended Petition no new causes of action can be read.

II.

In the Court's September 6, 2000 order, Plaintiff was granted leave to file a Rule 7(a) reply "as to his equal protection claim..." In Defendants' Motion To Dismiss First Amended Petition Under FRCP 12(b)(6), p. 5 ¶B., Defendants argued that Plaintiff needed to show that Defendants "acted deliberately with personal animus directed to him unrelated to any rational goals." Plaintiff plead in ¶7 of his Second Amended Petition that Defendants JOE LABEAU, RUBEN DIAZ and CITY OF HARLINGEN filed false allegations against Plaintiff in an attempt to justify terminating Plaintiff. Plaintiff's intention was to plead Defendants' motive for filing false allegations against Plaintiff; not to plead a new cause of action for wrongful termination.

III.

Similarly, in Defendants' Motion To Dismiss First Amended Petition Under FRCP 12(b)(6), p. 5 ¶B., Defendants argued that Plaintiff "alleges no more than the Defendants lacked probable cause" and that "[i]t falls far short of any allegation that they acted deliberately..." Plaintiff plead in ¶¶22-23 of his Second Amended Petition that Defendants denied ever discussing the purchase of the truck hitch in an attempt to give the appearance that Plaintiff purchased said hitch for himself. Plaintiff's intention was to plead how Defendants lacked probable cause and how they were acting

deliberately by denying ever discussing the purchase of the truck hitch at trial on the merits of Plaintiff's criminal case; not to plead a new cause of action.

Defendants further argue in their motion that if Defendants' gave false testimony at Plaintiff's criminal trial, then they are entitled to absolute immunity; Defendants give no authority for this proposition.

### IV.

Plaintiff's Second Amended Petition was used to plead additional facts to defeat the defense of qualified immunity and it does not plead any new causes of action. Therefore, Defendants are in no way prejudiced by the filing of Plaintiff's Second Amended Petition. Plaintiff is of the opinion that he had leave to file his Second Amended Petition in accordance with the Court's September 6, 2000 order. If the Plaintiff was wrong in his interpretation of the Court's order, then Plaintiff prays that he be granted leave to file his Second Amended Petition.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants' Motion To Strike Second Amended Petition be denied and in the alternative, Plaintiff be granted leave to file his Second Amended Petition.

Respectfully submitted,

The Law Firm of Zayas & Zamora, P.C.
3100 E. 14th St.
Brownsville, Texas 78521
(956)546-5060 Telephone
(956)541-4157 Telecopier

BY: _____
RICHARD E. ZAYAS
State Bar No. 00788744
Federal I.D. No. 16852

ATTORNEY FOR PLAINTIFF,
RAUL RIVAS

## **CERTIFICATE OF SERVICE**

    I, RICHARD E. ZAYAS, do hereby certify that the forgoing Plaintiff's Response to Defendants' Motion To Strike Second Amended Petition was served on the following counsel of record in accordance with the Federal Rules of Civil Procedure on November 7, 2000, by mailing to:

Charlie J. Cilfone
Roger W. Hughes
P.O. Drawer 1429
Harlingen, Texas 78551-1429

_____
RICHARD E. ZAYAS

PLAINTIFF'S RESPONSE TO MT STRIKE 2ND AMENDED PETITION
\rz1p2\pleadings\raul rivas response to strike second amended petition

PAGE 4 OF 4