United States District Court
Southern District of Texas
FILED

NOV 0 7 2000

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RAUL RIVAS | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-00-060 |
| | § | |
| JOE LaBEAU; RUBEN DIAZ | § | JURY |
| AND THE CITY OF HARLINGEN | § | |

**PLAINTIFF'S RESPONSE TO INDIVIDUAL DEFENDANTS'
SUPPLEMENT TO MOTION TO DISMISS AMENDED PETITION
UNDER FRCP 12(b)(6) BASED ON QUALIFIED IMMUNITY**

TO THE HONORABLE JUDE OF SAID COURT:

COMES NOW RAUL RIVAS and files this his Response to Individual Defendants' Supplement To Motion To Dismiss Amended Petition Under FRCP 12(b)(6) Based On Qualified Immunity and in support thereof would show the Court the following:

To assist the Court in following this response, Plaintiff will address each of Defendants' allegations made in Paragraph I, IV, V, VI and VII of their motion and every subparagraph thereof.

I.

According to the Court's September 6, 2000 order, Plaintiff had until September 31, 2000 to file a **Rule 7(a) reply**. The Court mistakenly put September 31, 2000 when the month of September has 30 days. The Plaintiff understood the Court's order to allow him until October 1, 2000 to file a Rule 7(a) reply. October 1, 2000 falls on a Sunday and in accordance with the Federal Rules of Civil Procedure, Plaintiff's deadline was extended to

Plaintiff's Resp To Ind. Def. Suppl To MT Dismiss Amended Pet
\izip2\raul rivas response to defendants supplement to mt dismiss amended petition

Page 1 of 8

October 2, 2000 to file a Rule 7(a) reply. Plaintiff filed his Second Amended Petition on October 2, 2000 in accordance with the Court's September 6, 2000 order.

IV.

RIVAS STATES FACTS DEFEATING QUALIFIED IMMUNITY
AGAINST ALLEGED 4TH AMENDED UNREASONABLE SEIZURE CLAIM

A. <u>Having to be present in Court during a trial is a "Seizure"</u>

Defendants claim that Plaintiff **voluntarily** appeared at trial. Defendants use *Evans v. Ball*, 168 F.3d 856 (5th Cir. 1999) for the proposition that a summons is a "seizure" only if accompanied by additional restrictions. Therefore, admittedly a summons can create a "seizure" even though the person has not been physically arrested. The Court in *Evans* is obviously concentrating on what extent his freedom is diminished by having to appear in court. Defendants are trying to propose the idea that when a party takes an action out of fear of an arrest, then he is voluntarily taking that action and thus is not "seized." This argument totally contradicts their argument "that a summons is "seizure" only if accompanied by additional restrictions, e.g. pre-trial restrictions on travel or reporting." If one abides by the travel restrictions placed on him or reports as ordered, that person is taking those actions in fear of having their bond surrendered and having a warrant issued for their arrest. That person is not abiding by the travel restrictions and reporting as ordered **voluntarily**, that person is taking those actions out of threat of arrest.

Similarly, in our case, Plaintiff plead in his Second Amended Petition that he was summoned to appear in County Court at Law Court Number 2.¶12 Plaintiff further plead that if he had failed to appear as summoned an arrest warrant would have been issued seeking his arrest.¶12 Plaintiff further pleads that he was ordered by the Cameron County Court at Law Judge to appear for an initial

discovery date, announcements and trial on the merits.¶13  Plaintiff pleads that he appeared at all hearings ordered by the Court in fear of being arrested and during those times he was not free from his liberty.¶13  Plaintiff further pleads that he was ordered to appear for jury selection on or about March 29, 2000 and that he was not free of his liberty and was forced to appear as ordered by the court or face arrest.¶14  Plaintiff further plead that he was ordered to appear for trial on the merits on March 30, 1999 and was not free from his liberty as he was required to endure trial the entire day of March 30, 1999 for approximately eight (8) hours.¶14  Finally, Plaintiff plead that on March 31, 1999 again the Court ordered Plaintiff to appear to trial and he again was not free of his liberty as he was seized inside the Courtroom during the entire trial.¶14

Just as the Defendants argue *Evans*, Plaintiff relies on *Evans* for the proposition that Plaintiff was placed on *additional* liberty restrictions beyond a summons.  Plaintiff was "seized" because in addition to be summoned to court, Plaintiff was ordered to appear during his trial which consisted of jury selection, at least eight (8) hours of trial on one day and the remainder of trial on the final day.  As stated by Defendants, Plaintiff was placed on *additional* liberty restrictions beyond a summons.

Defendants go on to argue that Plaintiff was not required to be present at his own trial **after voir dire**; at least Defendants agree that Plaintiff was not free from his liberty when he was required to be present at his voir dire.  This Court can take judicial notice that voir dire and jury selection of a criminal case takes at least one and a half (1 1/2) hours.  In reviewing Defendants' motion to dismiss, the appellate court accepts all well-pleaded allegations as true and should view them in the light most favorable to the Plaintiff.  Since Plaintiff has plead that Plaintiff was ordered to appear at his trial during voir dire, eight hours on the second day and then appear

again at his final day of trial, this Court should take said allegations as true and view the allegations in the light most favorable to the Plaintiff. As stated above the facts plead by Plaintiff clearly show that he was "seized" within the meaning of the 4th Amendment.

B.  There Was A Clearly Established Right in July, 1998

The crux of Defendant's argument is summarized as follows: (1) that it was not "clearly established" law in July 1998 whether or not voluntary appearance in response to a summons could constitute a "seizure" under the 4th Amendment and (2) since it was not "clearly established" law in July of 1998, then Defendants could not have known that their actions would lead to a violation of Plaintiff's constitutional rights.

This argument on the part of the Defendants misses the point on the concept of "clearly established" law. What Defendants must prove is that they did not know that their **actions** of **malicious prosecution** would violate "clearly established" constitutional law at the time of the conduct. *Siegert v. Gilley,* 500 U.S. 266, 231 (1991) Malicious prosecution has always violated "clearly established" constitutional law because an innocent person could be subjected to punishment for a crime which he did not commit. The focus is on the Defendants **actions**, not whether or not the Plaintiff could prove he suffered the requisite damages to invoke a constitutional violation. *Id.* It would be impossible for the Defendants to have known that the Plaintiff would not have been arrested for the misdemeanor crime, which would clearly constitute a "seizure." Also, Defendants could not have known that Plaintiff would be found not guilty and therefore not have to serve any punishment of

Plaintiff's Resp To Ind. Def. Suppl. To MT Dismiss Amended Pet
\zzp2\raul rivas response to defendants supplement to mt dismiss amended petition

Page 4 of 8

incarceration that would clearly constitute a "seizure."

As stated in Plaintiff's Second Amended Petition ¶8, Defendants were aware that they were falsely accusing Plaintiff of committing a Class B misdemeanor which Plaintiff could have been punished by confinement in jail for a term not to exceed 180 days and fined up to $2,000.00 if Plaintiff was found guilty of the crime that they were falsely accusing him of committing. This law was clearly the law in July 1998 and therefore Defendants knew that their actions could possibly lead to a "seizure" of Plaintiff and a violation of Plaintiff's constitutional rights.

### C. Plaintiff Alleges Specific False Information That Caused Prosecution

The facts pled in Plaintiff's Second Amended Petition state that the Defendants filed false allegations against Plaintiff in an attempt to justify terminating Plaintiff.¶7 Plaintiff goes on to state they filed the false allegations with the City of Harlingen police department who thereafter presented the false information to the Cameron County District Attorney's Office.¶7 Plaintiff further pleads that Defendants had consented to Plaintiff purchasing the truck hitch assembly for the City of Harlingen.¶20 Plaintiff further pleads that Defendants at trial on the merits denied ever discussing said purchase with Plaintiff in an attempt to give the appearance that Plaintiff purchased said hitch for himself.¶22 The Petition goes on to state that the Defendants were aware that truck hitch was to be used on a City of Harlingen vehicle; that the City of Harlingen at all times was in the possession of the truck hitch; that the Defendants failed to tell the Cameron County

Plaintiff's Resp To Ind Def. Suppl. To MT Dismiss Amended Pet  
\rap2\raul nvas response to defendants supplement to mt dismiss amended petition

Page 5 of 8

District Attorney's Office that they were aware that the truck hitch was purchased for use by the City of Harlingen; and that they failed to tell the District Attorney's Office that they were in possession of the truck hitch that Plaintiff was being accused of purchasing for himself. ¶¶25, 26

If Plaintiff's allegations are regarded as true and this Court views his allegations in the light most favorable to him, it **cannot** be argued that the Defendants had any Objectively Reasonable basis for their actions. It is clear that the Defendants clearly intended to maliciously prosecute Plaintiff when they were aware that the Plaintiff was going to purchase a truck hitch for a City of Harlingen truck, it was done with their knowledge and consent and they were in possession of said truck hitch; and thereafter, the Defendants initiated a criminal prosecution against Plaintiff for acquiring said truck hitch for himself. Defendants failed to tell the District Attorney's office that they knew Plaintiff was going to purchase said truck hitch for the City of Harlingen and that they had the truck hitch in their possession. These actions on the part of the Defendants, if taken as true, cannot be based on any objectively reasonable basis because it is obvious that they would not be justified in initiating criminal charges against the Defendant for obtaining a truck hitch for himself when they had the truck hitch in their possession, they knew he was going to purchase said truck hitch for the City of Harlingen and they failed to tell the District Attorney's office of these two vital facts.

Plaintiff's Resp To Ind. Def. Suppl. To MT Dismiss Amended Pet
\rzip2\raul rivas response to defendants supplement to mt dismiss amended petition

Page 6 of 8

## V.
## Plaintiff's Second Amended Petition Fails to State Facts That Support a Procedural Due Process Clause Cause of Action.

Plaintiff agrees with Defendants that his pleadings do not support a procedural due process clause cause of action.

## VI.
## Equal Protection Claim Was Clearly Established in July 1998

Defendants argue the fact that a "class of one" violates equal protection was not adopted by the 5th Circuit until after July 1998 and therefore it was not clearly established law and therefore public officials are entitled to qualified immunity against "class of one" Equal Protection claims.

Since the adoption of the amendments to the United States Constitution it has been a violation of public officials not to afford equal protection of the laws to its citizens. Defendants argument is actually that if the public officials disparately treated more than one person then they would not be able to use the defense of qualified immunity but since they disparately treated one person they are immune from liability. This argument makes no sense because Plaintiff is basing his Equal Protection claim on the rational basis test, not the suspect class. As stated by the Court in its September 6, 2000 order, "[the] Defendants' assertion would prevent a court from ever applying the rational basis test to an equal protection cause of action."

## VII.
## No Cause of Action For Perjured Testimony

Plaintiff is not basing his cause of action on the perjured testimony of Defendants and therefore will not respond to this paragraph.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Individual Defendants' Supplement To Motion To Dismiss Amended Petition Under FRCP 12(b)(6) Based On Qualified Immunity be denied.

Respectfully submitted,

The Law Firm of Zayas & Zamora, P.C.
3100 E. 14th St.
Brownsville, Texas 78521
(956)546-5060 Telephone
(956)541-4157 Telecopier

BY: _____
RICHARD E. ZAYAS
State Bar No. 00788744
Federal I.D. No. 16852
ATTORNEY FOR PLAINTIFF,
RAUL RIVAS

## CERTIFICATE OF SERVICE

I, RICHARD E. ZAYAS, do hereby certify that the forgoing Plaintiff's Response to Individual Defendants' Supplement To Motion To Dismiss Amended Petition Under FRCP 12(b)(6) Based On Qualified Immunity was served on the following counsel of record in accordance with the Federal Rules of Civil Procedure on November 7, 2000, by mailing to:

Charlie J. Cilfone
Roger W. Hughes
P.O. Drawer 1429
Harlingen, Texas 78551-1429

_____
RICHARD E. ZAYAS

Plaintiff's Resp To Ind. Def. Suppl. To MT Dismiss Amended Pet
\rzip2\raul rivas response to defendants supplement to mt dismiss amended petition

Page 8 of 8