United States District Court
Southern District of Texas
ENTERED

FEB 1 3 2001

Michael N. Milby, Clerk of Court
By Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| Raul Rivas, | § | |
| Plaintiff, | § § § | |
| v. | § | CIVIL ACTION NO. B-00-060 |
| Joe Labeau, Ruben Diaz, and City of Harlingen, | § § § | |
| Defendants. | § § | |

## ORDER

BE IT REMEMBERED, that on February 12, 2001, the Court considered the Defendants' Motion to Dismiss under FRCP 12(b)(6) [Dkt. No. 19] and the Individual Defendants' Motion to Dismiss based on Qualified Immunity [Dkt. No. 20]. After considering the Plaintiff's complaint, the Defendants' motions, the Plaintiff's responses, and the Defendants' reply, the Court **GRANTED IN PART** and **DENIED IN PART** the Defendants' Motion to Dismiss under FRCP 12(b)(6) [Dkt. No. 19] and **GRANTED IN PART** and declared **MOOT IN PART** the Individual Defendants' Motion to Dismiss based on Qualified Immunity [Dkt. No. 20].

I.  **Facts pled in the Plaintiff's complaint**

The Plaintiff Raul Rivas alleges that the Defendants maliciously caused the Cameron County District Attorney's office to charge the Plaintiff with making a false statement to obtain property or credit, when they knew that the Plaintiff was innocent. Specifically, the Defendants accused the Plaintiff of making "'a materially false or misleading written statement to Victor Nieves, namely, that a truck hitch assembly was to be purchased for the City of Harlingen with the intent to obtain' the truck hitch for himself [Dkt. No. 21, ¶ 19]." The Defendants failed to inform the District Attorney that they consented to the purchase in advance and possessed the truck hitch at all material

1

times. In addition, they failed to interview witnesses who could demonstrate the Plaintiff's innocence, and created and submitted false reports and affidavits to the District Attorney's office. These actions were caused by the Defendant City of Harlingen's failure to institute meaningful and adequate internal procedures to prevent its employees from intentionally instituting baseless criminal investigations. The Plaintiff was acquitted of making a false statement to obtain property or credit on March 31, 1999.

The Plaintiff alleges that the Defendants' actions, individually and in concert, violated his Fourth and Fourteenth Amendment rights. In addition, the Plaintiff alleges that the Defendants are liable for the state law torts of malicious prosecution, abuse of process, negligence and gross negligence.

II.     **Standard for deciding a motion to dismiss**

When considering a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a district court must accept all well-pleaded facts as true, and construe them in favor of the plaintiff. See Conley v. Gibson, 335 U.S. 41, 45-46 (1957); Petta v. Rivera, 143 F.3d 895, 897 (5th Cir. 1998); McCartney v. First City Bank, 970 F.2d 45, 47 (5th Cir. 1992). The plaintiff is only required to plead sufficient information to outline the elements of his or her cause of action or to permit reasonable inferences to be drawn that these elements exist. See General Star Indemnity, Co. v. Vesta Fire Ins., Corp., 173 F.3d 946, 950 (5th Cir. 1999). The Supreme Court has stated, and the Fifth Circuit has repeatedly cited "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Walker v. South Bell Central, 904 F.2d 275, 276 (5th Cir. 1990) (citing Conley, 355 U.S. at 45-46.). See also Davis v. Monroe County Brd. of Education, 526 U.S. 629, 654 (1999); Shipp v. McMahon, 199 F.3d 256, 260 (5th Cir. 2000); Mahone v. Addicks Utility Dist. of Harris County, 836 F.2d 921, 926 (5th Cir. 1988). Ambiguities or doubts regarding the sufficiency of the claim must be resolved in favor of the plaintiff in order

2

"to do substantial justice." Fed R. Civ. Pr. 8(f). See <u>Fernandez-Montes v. Allied Pilots Ass'n</u>, 987 F.2d 278, 284 (5th Cir. 1993).

The routine rules of notice pleading detailed above do not apply when a plaintiff sues a public official in their individual capacity under 42 U.S.C. § 1983, and the defendant asserts the affirmative defense of qualified immunity. Once the defense is asserted, the plaintiff's complaint must satisfy a heightened pleading standard. See <u>Schultea v. Wood</u>, 47 F.3d 1427, 1433 (5th Cir. 1995) (en banc). If the plaintiff's complaint is not sufficiently specific, then he or she must file a Rule 7(a) reply. See <u>Reyes v. Sazan</u>, 168 F.3d 158, 160-61 (5th Cir. 1999); <u>Morrin v. Caire</u>, 77 F.3d 116,121 (5th Cir. 1996); <u>Todd v. Hawk</u>, 72 F.3d 443, 446 (5th Cir. 1995); <u>Schultea</u>, 47 F.3d at 1436 n.1 (concurring opinion of Judge Emilio Garza). Once a Rule 7(a) reply has been filed, it is considered part of the pleadings and the facts alleged therein may be considered in deciding a motion to dismiss. The Plaintiff in this case has filed a Rule 7(a) reply as required by an earlier order of the Court [Dkt. No. 21].

III.  **Defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) [Dkt. No. 19]:**

A.  **The Plaintiff agrees with the Defendants that several causes of action pled in his complaint should be dismissed**

The Plaintiff concedes that his complaint does not state a claim:

(1)  for a violation of his Fourteenth Amendment procedural due process rights under 42 U.S.C. § 1983; and,

(2)  against the individual Defendants for the state law torts of malicious prosecution, abuse of process, negligence and gross negligence.

The Defendants' motion is consequently **GRANTED** as to the aforementioned causes of action.

3

B.   The Plaintiff does not state a claim for a violation of his Fourth Amendment rights pursuant to 42 U.S.C. § 1983

The Plaintiff alleges that the Defendants violated his Fourth Amendment rights by causing a malicious prosecution based on false criminal charges. The Court ruled in a prior order that the Plaintiff's complaint failed to state a claim for a violation of the Fourth Amendment under 42 U.S.C. § 1983 because it did not allege a search or seizure [Dkt. No. 14]. That order gave the Plaintiff the opportunity to amend his complaint to clarify his allegations and properly state a claim. The Plaintiff did file an amended complaint [Dkt. No. 17] that argues that the Plaintiff was seized, as that term has been defined in the context of the Fourth Amendment. Specifically, the Plaintiff's amended complaint states:

> Plaintiff was summoned by the County Court at Law Court Number 2 in Brownsville, Cameron County, Texas to appear in accordance with §15.03 of the Texas Code of Criminal Procedure. If the Plaintiff had failed to appear as summoned an arrest warrant would have been issued seeking his arrest.
>
> Plaintiff appeared in court as summoned and was ordered by the Cameron County Court at Law Judge to appear for an initial discovery date, announcements and trial on the merits. Plaintiff appeared at all hearing [sic] ordered by the Court in fear of being arrested. Plaintiff was not free from liberty [sic] at each court date he was ordered to appear.
>
> Thereafter, Plaintiff was ordered to appear for jury selection on or about March 25, 2000. Plaintiff was not free of his liberty [sic] and was forced to appear as ordered by the court or face arrest. After jury selection, Plaintiff was ordered to appear for trial on the merits on March 30, 1999. Again, Plaintiff was not free from his liberty [sic] as he was required to endure trial the entire day of March 30, 1999 for approximately eight (8) hours. On or about March 31, again the Court ordered the Plaintiff to appear to trial and again he was not free of his liberty [sic] as he was seized inside the Courtroom during the entire trial [Dkt. No. 17, ¶¶ 9-11].

While the Plaintiff's First Amended Complaint does provide additional information on his criminal prosecution, the Defendants correctly argue in their motion to dismiss [Dkt. No. 19] that the complaint still does not allege an actionable seizure under the Fourth Amendment.

4

It is well-established that "§ 1983 is not itself a source of substantive rights; it merely provides a method for vindicating federal rights conferred elsewhere." Olabisiomotosho v. City of Houston, 185 F.3d 521, 525 (5th Cir. 1999). See Albright v. Oliver, 510 U.S. 266, 271 (1994); Resident Council of Allen Parkway Village v. U.S. Dep't of Housing and Urban Dev., 980 F.2d 1043, 1050 (5th Cir.1993); Hicks v. Bexar County, 973 F.Supp 653, 667 (W.D. Tex. 1997). In this case, the Plaintiff alleges a violation of his Fourth Amendment right to be protected "against unreasonable searches and seizures." U.S. CONST. amend. IV. Therefore, as the Plaintiff acknowledges in his response to the Defendants' motion to dismiss [Dkt. No. 26], he must allege that he was "seized," as that term has been defined in the context of the Fourth Amendment, to state a claim. See Matherne v. Larpenter, 54 F.Supp.2d 684 (E.D. La. 1999); Groom v. Fickes, 966 F.Supp. 1466, 1474 (S.D. Tex. 1997) ("In a malicious prosecution action, a plaintiff must establish that a right under the Fourth Amendment was violated in order to elevate a common-law tort to constitutional proportions."). The Plaintiff's amended complaint [Dkt. No. 17] states that a summons was issued for his appearance in court; however, he does not allege any additional restrictions on his movement or liberty. A summons without more does not sufficiently restrict an individual to constitute a seizure under the Fourth Amendment. See Evans v. Ball, 168 F.3d 856, 861 (5th Cir. 1999); Nesmith v. Taylor, 715 F.2d 194, 196 (5th Cir.1983); Matherne, 54 F.Supp.2d at 861. Consequently, the Court **GRANTS** the Defendants' motion to dismiss the Plaintiff's Fourth Amendment claim under 42 U.S.C. § 1983.

C.  The Plaintiff properly states a claim for the violation of his Fourteenth Amendment Equal Protection rights pursuant to 42 U.S.C. § 1983

The Defendants claim that the Plaintiff has not alleged a violation of his Fourteenth Amendment Equal Protection Clause rights because he does not allege that the Defendants intentionally treated him differently than others. The Court finds that the Defendants' argument does not have merit because the Plaintiff does allege intentional disparate treatment, and, in any case, Supreme Court precedent does not require "subjective ill will." Village of Willowbrook v. Olech, 528 U.S. 562, 564-65 (2000).

5

"The Equal Protection Clause is essentially a direction that all persons similarly situated should be treated alike." Dudley v. Angel, 209 F.3d 460, 463 (5th Cir. 2000) (citations omitted). When a plaintiff alleges that he was singled out based on personal animosity or irrational decision making, the defendant's actions are examined to determine whether they had a rational basis. See Johnson v. Rodriguez, 110 F.3d 299, 306 (5th Cir.1997). Under the rational basis test, a plaintiff must demonstrate the following to state an equal protection claim: (1) that there are people who are similarly situated; (2) that those people were treated differently than the plaintiff; (3) that the different treatment was intentional or arbitrary; and, (4) that there was no rational reason for the different treatment. See Olech, 528 U.S. at 564-65; Nordgren v. Hafter, 789 F.2d 334, 339 (5th Cir. 1986); Williams v. Taylor, 677 F.2d 510, 516 (5th Cir.1982); Zeigler v. Jackson, 638 F.2d 776, 779-80 (5th Cir. 1981).[1] The Plaintiff alleges that he was subject to disparate treatment by his employer and supervisors in that other law-abiding employees were not subject to criminal investigation, while the Plaintiff was investigated and subsequently prosecuted for a crime the Defendants knew he did not commit. Moreover, the Plaintiff alleges that he was intentionally singled out for investigation and prosecution because the Defendants wished to justify his termination. Accordingly, the Plaintiff's complaint states a cause of action for the violation of the Plaintiff's equal protection rights, and the Defendants' motion must be **DENIED**.

IV. **Individual Defendants' motion to dismiss the Plaintiff's 42 U.S.C. § 1983 claims based on qualified immunity**

The individual Defendants argue that they are entitled to qualified immunity from the Plaintiff's Fourth Amendment and Fourteenth Amendment Equal Protection Clause 42 U.S.C. § 1983 claims because the Plaintiff did not have a clearly established right under those amendments in July of 1998. The Court need not address the Defendants'

---

[1] See also Poppell v. City of San Diego, 149 F.3d 951, 961 (9th Cir. 1998); Gehl Group v. Koby, 63 F.3d 1528, 1538 (10th Cir. 1995); Esmail v. Macrane, 53 F.3d 176, 179 (7th Cir. 1995).

6

argument on the Plaintiff's Fourth Amendment claim because the Court already dismissed that claim on the merits in Section III(B) of this order. However, the Court must address the Defendants' argument on the Plaintiff's Equal Protection Clause claim. The individual Defendants are entitled to qualified immunity from that cause of action because the Fifth Circuit's opinion in Johnson, 110 F.3d at 306-07, made it uncertain in 1998 whether an equal protection claim could be based on a class of one. That uncertainty was not clarified until the Supreme Court's 2000 decision in Olech, 528 U.S. at 564-65. Moreover, the Plaintiff's Rule 7(a) reply, when considered in conjunction with the Plaintiff's complaint, does not meet the heightened pleading standard required by Schultea, 47 F.3d at 1433. In summary, the Defendants' motion to dismiss based on qualified immunity is **MOOT** as to the Plaintiff's Fourth Amendment claim and **GRANTED** as to the Plaintiff's Fourteenth Amendment Equal Protection Clause claim.

V.  **Conclusion**

In summary, the Court has made the following rulings in this order:

(1) the Defendants' motion to dismiss the Plaintiff's malicious prosecution, abuse of process, negligence, and gross negligence claims against the individual Defendants and the Plaintiff's Fourteenth Amendment procedural due process claim pursuant to 42 U.S.C. § 1983 against all Defendants is **GRANTED**;

(2) the Defendants' motion to dismiss the Plaintiff's Fourth Amendment claim under 42 U.S.C. § 1983 is **GRANTED**; and,

(3) the Defendants' Rule 12(b)(6) motion to dismiss the Plaintiff's Fourteenth Amendment Equal Protection Clause claim under 42 U.S.C. § 1983 is **DENIED**; however, the individual Defendants' motion to dismiss the

7

Plaintiff's Equal Protection Clause claim based on qualified immunity is **GRANTED**.

The sole remaining cause of action in this lawsuit is the Plaintiff's Equal Protection Clause claim against the City of Harlingen.

DONE at Brownsville, Texas, this 13th day of February 2001.

_____
Hilda G. Tagle
United States District Judge

8