32

United States District Court
Southern District of Texas
FILED

APR 0 5 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILE DIVISION

| | | |
|---|---|---|
| RAUL RIVAS | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. B-00-060 |
| | § | |
| THE CITY OF HARLINGEN | § | |

**MOVANT'S OBJECTIONS TO, AND MOTION TO QUASH, SUBPOENA
DUCES TECUM SERVED MARCH 29, 2001, DIRECTED TO THE
CAMERON COUNTY DISTRICT ATTORNEY'S OFFICE**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW THE CUSTODIAN OF RECORDS FOR THE CAMERON COUNTY DISTRICT ATTORNEY (hereinafter Movant), by and through her attorney, and files these objections to and motion to quash, subpoena duces tecum served March 29, 2001, directed to the Custodian Of Records for Cameron County District Attorney's Office, and shows this Honorable Court the following:

### INTRODUCTION

1. On or about March 29, 2001, the Respondent THE CITY OF HARLINGEN, caused to be delivered to the Cameron County District Attorney's Office a Subpoena Duces Tecum directed to the custodian of records for the Cameron County District Attorney's Office. (A true and correct copy of such Subpoena is attached as Exhibit "A" and incorporated herein by reference as through set forth verbatim.) The subpoena sets a date and time of instanter for compliance, and directs the custodian of records to produce and permit inspection and copying of the following: "Any and all records documents or any

1

other tangible item pertaining to the following: **A.** The District Attorney's file relating to Cause No. 98-CCR-3804-B; **B.** The District Attorney's file relating to Cause No. 98-CCR-5803-B; **C.** The District Attorney's file relating to Cause No. 98-CCR-3806-B; **D.** The District Attorney file relating to Cause No. 87-CR-1122-D; **E.** The District Attorney's file relating to Cause No. 88-CCR-882-B and **F.** Other investigative or prosecution file relating to Raul Rodriguez Rivas, ID No. 29915, DOB: September 27, 1955."

2.  Movant objects to such subpoena duces tecum and moves that the court quash the subpoena duces tecum, or, alternatively, moves for a protective order limiting the documents, if any, to be produced to non-privileged, non-confidential documents, for the following reasons.

**The Subpoena Fails to Identify With Reasonable Specificity and Particularity the Documents Sought**

3.  The party seeking to subpoena the documents has failed to identify with sufficient particularity and specificity the documents sought. As already noted, the subpoena directs the custodian of records to produce and permit inspection and coping of the following: "Any and all records documents or any other tangible item pertaining to the following: **A.** The District Attorney's file relating to Cause No. 98-CCR-3804-B; **B.** The District Attorney's file relating to Cause No. 98-CCR-5803-B; **C.** The District Attorney's file relating to Cause No. 98-CCR-3806-B; **D.** The District Attorney file relating to Cause No. 87-CR-1122-D; **E.** The District Attorney's file relating to Cause No. 88-CCR-882-B and **F.** Other investigative or prosecution file relating to Raul Rodriguez Rivas, ID No. 29915, DOB: September 27, 1955." Such an overbroad request constitutes an impermissible fishing expedition. See, e.g., Phillips vs. Automated

2

Telephone Management Systems, Inc., 160 F.R.D. 561, 563 (N. D. Tex. 1994) ("The discovery requested from Coppers and Bailey amounts to no more than a "fishing expedition' in an attempt to discover unknown wrongs.") Miller v. Adelson, 4 F.R.D. 176, 176-77 (W.D. Pa. 1944) (court sustained objection to production of entire file on ground no particular paper designated). Compare United States v. King, 164 F.R.D. 542, 546 (D. Kan. 1996) ("Requesting entire files instead of specific documents indicates a fishing expedition.")

4. The Fifth Circuit has held that a subpoena duces tecum "must also properly identify or describe the documents requested" and 'the request must be sufficiently definite to provide guidance as to what is to be produced by standards or criteria that make clear the duty of the person subpoenaed." In re Grand Jury Proceedings, 601 F.2d 162, 168 (5th Cir. 1979).

**The Records Sought Are Privileged Confidential and Protected From Disclosure**

5. Federal rule 45 (c) (3) (A) (iii) provides that "[o] n timely motion the court by which a subpoena was issued shall quash or modify the subpoena if it . . . requires disclosure of privileged or other protected matter and no exception or wavier applies." The documents sought by Respondents are privileged, confidential and protected from disclosure.

**Work Product**

6. The Texas Code of Criminal Procedure and Texas common law protect the work product of the state's attorney from disclosure. In Wood v. McCown, 784 S.W.2d 126 (Tex. App.—Austin, 1990, no writ), the court held that the criminal work-product doctrine recognized through the common law continues after the criminal case had

3

concluded, and protects the material from disclosure when it is sought in a subsequent civil case. Id. At 128-29.

7. Article 39.14 of the Texas Code of Criminal Procedure excepts from discovery "the work product of counsel in the case and their investigators and their notes or report." Tex. Code Crim. P. art 39.14 (Vernon 1979 & Supp. 2000). The criminal work-product doctrine recognized in article 39.14 of the Texas Code of Criminal Procedure "extends to prosecution files and papers." Brem v. State, 571 S.W.2d 314, 322 (Tex. Crim. App. [Panel Op.] 1978).

> The [work-product] privilege has thus been extended
> To offense or investigative reports prepared by the
> Police, ... internal prosecution files or papers, ... and
> reports on the analyses of narcotics ... It has also been
> extended to statements prepared by law enforcement officers
> after interviewing prospective witnesses.

Quinones v. State, 592 S.W.2d 933, 940 (Tex. Crim App. 1980) (en banc). The Texas Court of Criminal Appeals has also held that article 39.14 exempts witness statements from discovery as work product. Hoffman v. State, 514 S.W.2d 248, 252 (Tex. Crim. App. 1974).

**Witness Statements**

8. Article 39.14 of the Texas Code of Criminal Procedure excepts "written statements of witnesses" in the possession of the state from discovery in criminal cases. Tex. Code Crim. P. art. 39.14 (Vernon 1979 & Supp. 2000). Such statements are privileged and not subject to disclosure if the witness does not testify and the statement is not exculpatory. Nelson v. State, 511 S.W.2d 18, 20 (Tex. Crim. App. 1974); see State ex rel. Simmons v. Moore, 774 S.W.2d 711, 714 (Tex. App.—El Paso 1989, no pet.).

4

## Rule 501 of the Federal Rules of Evidence

9. In determining the applicability of the state law privileges asserted herein, it should be borne in mind that the Movant is not a party to this litigation and has been involuntarily drawn into federal court pursuant to a subpoena. Movant should not be denied its state law privileges because of such fortuitous circumstances. To the extent, if at all, that Rule 501 of the Federal Rules of Evidence would require the application of "the principals of the common law as they may be interpreted by the courts of the United States in light of reason and experience," Movant asks the Court to recognize the wisdom of the state law privileges asserted herein and to apply them as a matter of federal common law." Fed.R.Evide. 501 advisory committee notes. Movant further asserts that, in any event, federal common law is consistent with state law with respect to the asserted privileges. See, e.g., United States v. Nobles, 422 U.S. 225, 236 95 S.Ct. 2160, 2169, 45 L.Ed.2d 141 (1975) (recognizing work product privilege in federal criminal case); R.T.C. v. Grolier, Inc., 462 U.S. 19, 26, 103 S. Ct. 2209, ____, 76 L.Ed 2d 387, 393-94 (1983) (work product privilege does not terminate upon conclusion of the particular case in which it was generated but continues thereafter); In Re Grand Jury Proceedings, 43 F.3d 966, 971 (5th Cir. 1994) (work product privilege applies in subsequent litigation); Fed.R.Crim.P. 16(B) (2) (establishing work-product protection in pretrial criminal context); U.S. v Thomas, 766 R.Supp. 372, 375 (W.D.Pa. 1991) (statements in possession of government are not subject to disclosure if the witness does not testify and the statements are not exculpatory); U.S. v. Cherry, 876 F.Supp. 547, 551 (S.D.N.Y. 1995) (reports and investigations of state law enforcement are protected as

work product). Compare F.R.C.P. 26 (b) (3) (protecting work-product and witness statements in civil context). Movant further asserts that the documents are protected by the required reports privilege recognized by both Texas and federal law, the prosecutorial and deliberative process privilege recognized at federal common law, the official information privilege recognized at federal common law, and the law enforcement privilege recognized at federal common law.

10.   Movant, hereby seeks an order quashing the subpoena duces tecum attached hereto as Exhibit "A." Alternatively, Movant moves for a protective order limiting the documents, if any, to be produced to non-privileged, non-confidential documents. Furthermore, prior to any ordered disclosure, if at all, of any materials sought through the notice and subpoena duces tecum, which Movant asserts are confidential or privileged, Movant requests that the Court examine in camera those materials asserted by Movant as being confidential and/or privileged. Movant prays for such additional orders of the Court as are consistent with the assertions of Movant in this motion; that Movant not be required to divulge any information as to matters that are confidential or privileged and that the Court grant Movant such other further relief, general or special to which Movant may be entitled at law or in equity.

Respectfully submitted,

YOLANDA DE LEON
COUNTY (CRIMINAL DISTRICT) ATTORNEY

Cameron Coutny Courthouse
974 E. Harrison Street
Brownsville, Texas 78520
Telephone:   956/544-0849
Fax No.: 956/544-0869

BY: _____
Francisco J. Martinez
Assistant County Attorney
Texas State Bar No. 13141900
Federal Admission No. 17477

ATTORNEY FOR MOVANT

## CERTIFICATE OF CONFERENCE

This is to certify that efforts to resolve this discovery dispute have been attempted by telephone discussion with the attorney for the party seeking to subpoena the documents in question, without resolution.

_____
Francisco J. Martinez

7

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing motion, and proposed order accompanying the same has been served upon Charlie Cilfone attorney for respondent forwarding same by "fax" transmission, and by mailing a copy of same by United States mail, certified mail, return receipt requested, on the 5TH day of ___April___, 2001.

| | |
|---|---|
| **VIA: CM/RRR #Z 271 578 099** | **VIA: CM/RRR# Z 271 578 100** |
| Mr. Charlie Cilfone | Mr. Richard E. Zayas |
| ADAMS & GRAHAM, L.L.P. | ZAYAS & ZAMORA, P.C. |
| P.O. Drawer 1429 | 3100 East 14th Street |
| Harlingen, Texas 78551-1429 | Brownsville, Texas 78521 |

_____
Francisco J. Martinez

8

# Issued by the
## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

### SUBPOENA IN CIVIL CASE

**RAUL RIVAS**

VS.                                    CIVIL ACTION NO. B-00-060

**THE CITY OF HARLINGEN**



TO: FRANK MARTINEZ / CAMERON COUNTY DISTRICT ATTORNEY'S OFFICE

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case:

| PLACE OF TESTIMONY | COURTROOM | DATE AND TIME |
|---|---|---|
| | | |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of deposition in the above case:

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| AT THE OFFICES OF THE SUMMONED WITNESS | INSTANTER |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

ANY AND ALL RECORDS DOCUMENTS OR ANY OTHER TANGIBLE ITEM AS OUTLINED IN THE ATTACHED NOTICE (SEE A – F) PERTAINING TO:

**RAUL RIVAS**     D.O.B 09-27-55          SS# UNKNOWN

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| AT THE OFFICES OF THE SUMMONED WITNESS | INSTANTER |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below:

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officer directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify) Federal Rules of Civil Procedure, 30 (b) (5).

_[signature]_                                        ATTORNEY FOR DEFENDANT
ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) DATE AND TIME

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
**CHARLIE CILFONE C/O INFORMATION ON CALL, 5317 N. MCCOLL ROAD, SUITE 106, MCALLEN, TEXAS 78504; (956) 618-3222**



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RAUL RIVAS | { | |
| | { | |
| V. | { | CIVIL ACTION NO. B-00-060 |
| | { | |
| THE CITY OF HARLINGEN | { | |

NOTICE OF INTENTION TO TAKE DEPOSITION
BY WRITTEN QUESTIONS WITH SUBPOENA DUCES TECUM

TO: **RAUL RIVAS**, Plaintiff, by service upon his attorney of record:

Mr. Richard E. Zayas
**ZAYAS & ZAMORA, P.C.**
3100 East 14th Street
Brownsville, TX 78521

You will take notice that pursuant to Rule 31, Federal Rules of Civil Procedure, after the service of this notice, the deposition of Mr. Frank Martinez, Head of Civil Division for the Cameron County District Attorney's Office, 974 E. Harrison, Brownsville, TX 78520 will be taken on the attached questions by Information on Call, 4414 Centerview, #295, San Antonio, TX 78228, (210) 738-3222, who is requested to set a time and place for the deposition and to direct the witness to produce those documents found in Exhibit "A" relating to any and all records of Mr. Raul Rodriguez Rivas, ID No. 29915, Date of Birth: September 27, 1955.

Which deposition with attached questions may be used in evidence upon the trial of the above styled and numbered cause pending in the above named court.

Notice is further given that request is here made as authorized under Rule 30(b)(5), Federal Rules of Civil Procedure, to the Office authorized to take this deposition to issue a SUBPOENA DUCES TECUM and cause it to be served on the witness to produce the following:

A. The District Attorney's file relating to Cause No. 98-CCR-3804-B.

B. The District Attorney's file relating to Cause No. 98-CCR-5830-B.

C. The District Attorney's file relating to Cause No. 98-CCR-3806-B.

D. The District Attorney's file relating to Cause No. 87-CR-1122-D.

E. The District Attorney's file relating to Cause No. 88-CCR-822-B.

F. Other investigative or prosecution file relating to Raul Rodriguez Rivas, ID No. 29915, Date of Birth: September 27, 1955.

in the possession, custody or control of the said witness, and every such record to which the witness may have access, and turn all such records over to the Officer authorized to take this deposition so that photographic reproduction of the same may be made by him and attached to said deposition.

Respectfully submitted,

ADAMS & GRAHAM, L.L.P.
P. O. Drawer 1429
Harlingen, Texas 78551-1429
TEL: (956) 428-7495
FAX: (956) 428-2954

By: _____
    CHARLIE J. CILFONE
    Federal Bar No. 11416
    ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing instrument was forwarded to the following attorneys of record, on this the 28 day of March, 2001.

Mr. Richard E. Zayas
ZAYAS & ZAMORA, P.C.
3100 East 14th Street
Brownsville, TX 78521

_____
CHARLIE J. CILFONE

7. Was it in the regular course of business for you or a member of the Cameron County District Attorney's office with personal knowledge of an act, event, statement or study to make the aforementioned memoranda or records or to transmit information thereof to be included in such memoranda or records?

ANSWER: _____
_____
_____.

8. Were such memoranda or documents then transmitted to permanent files and thereafter maintained under the Cameron County District Attorney's office care, supervision, custody or control?

ANSWER: _____
_____
_____.

9. Were these records made at or near the time of the action or event recorded or reasonably soon thereafter?

ANSWER: _____
_____
_____.

10. Are the documents produced exact copies of the original documents?

ANSWER: _____
_____
_____.

_____
WITNESS

STATE OF TEXAS

      I, _____, a Notary Public in and for the State of Texas, do hereby certify that the foregoing answers of the witness were by the said witness and subscribed before me. The records attached hereto are exact duplicates of the original records.

      GIVEN UNDER MY HAND AND SEAL OF OFFICE this the ___ day of _____, 2001.

_____
Notary Public in and for
THE STATE OF TEXAS

Print Name _____

My Commission Expires:_____

D. The District Attorney's file relating to Cause No. 87-CR-1122-D.

E. The District Attorney's file relating to Cause No. 88-CCR-822-B.

F. Other investigative or prosecution file relating to Raul Rodriguez Rivas, ID No. 29915, Date of Birth: September 27, 1955.

in the possession, custody or control of the said witness, and every such record to which the witness may have access, and turn all such records over to the Officer authorized to take this deposition so that photographic reproduction of the same may be made by him and attached to said deposition.

Respectfully submitted,

ADAMS & GRAHAM, L.L.P.
P. O. Drawer 1429
Harlingen, Texas 78551-1429
TEL: (956) 428-7495
FAX: (956)/428-2954

By: _____
CHARLIE J. CILFONE
Federal Bar No. 11416
ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing instrument was forwarded to the following attorneys of record, on this the _28_ day of March, 2001.

Mr. Richard E. Zayas
**ZAYAS & ZAMORA, P.C.**
3100 East 14th Street
Brownsville, TX 78521

_____
CHARLIE J. CILFONE

# EXHIBIT "A"

The following apply to these written questions:

A. The District Attorney's file relating to Cause No. 98-CCR-3804-B.

B. The District Attorney's file relating to Cause No. 98-CCR-5830-B.

C. The District Attorney's file relating to Cause No. 98-CCR-3806-B.

D. The District Attorney's file relating to Cause No. 87-CR-1122-D.

E. The District Attorney's file relating to Cause No. 88-CCR-822-B.

F. Other investigative or prosecution file relating to Raul Rodriguez Rivas, ID No. 29915, Date of Birth: September 27, 1955.

1. State your name, address and occupation.

ANSWER: _____
_____
_____.

2. State whether or not you are one of the custodian of records for the Cameron County District Attorney's Office.

ANSWER: _____
_____
_____.

3. State whether or not you have in your custody or subject to your control the records of the Cameron County District Attorney's Office pertaining to the items described in the subpoena for Production of Documents categorized as A, B, C, D, E and F. Have you done so? If not, why not?

ANSWER: _____
_____
_____.

4. Please hand to the Notary Public taking this deposition a complete copy of all such records pertaining to the items described in the subpoena for Production of Documents categorized as A, B, C, D, E and F.

ANSWER: _____
_____
_____.

5. Please state whether or not you can verify that the records you have furnished to the Notary Public in response to the foregoing question are a complete and accurate copy of the records of the Cameron County District Attorney pertaining to the items described in the subpoena for Production of Documents categorized as A, B, C, D, E and F.

ANSWER: _____
_____
_____.

6. Were these records made and kept in the regular course of the Cameron County District Attorney's Office business?

ANSWER: _____
_____
_____.

7.     Was it in the regular course of business for you or a member of the Cameron County District Attorney's office with personal knowledge of an act, event, statement or study to make the aforementioned memoranda or records or to transmit information thereof to be included in such memoranda or records?

ANSWER: _____

_____

_____.

8.     Were such memoranda or documents then transmitted to permanent files and thereafter maintained under the Cameron County District Attorney's office care, supervision, custody or control?

ANSWER: _____

_____

_____.

9.     Were these records made at or near the time of the action or event recorded or reasonably soon thereafter?

ANSWER: _____

_____

_____.

10.     Are the documents produced exact copies of the original documents?

ANSWER: _____

_____

_____.

_____

WITNESS

**STATE OF TEXAS**

   I, _____, a Notary Public in and for the State of Texas, do hereby certify that the foregoing answers of the witness were by the said witness and subscribed before me. The records attached hereto are exact duplicates of the original records.

   GIVEN UNDER MY HAND AND SEAL OF OFFICE this the ___ day of _____, 2001.

                _____
                Notary Public in and for
                THE STATE OF TEXAS

                Print Name _____

                My Commission Expires:_____